ORIGINAL

BAILEY LAW GROUP, PC
SERAFINA RASKIN (California Bar No. 244960)
8105 Irvine Center Drive
Suite 900
Irvine, CA 92618
Telephone: (949) 453-1755
Facsimile: (949) 453-1757

Attorney for Defendants
HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC., HOST INTERNATIONAL, INC., erroneously sued as HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC.

FILED
2007 OCT 29 PM 3:18
CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARRYL MURRAY and DEBRA MURRAY,<br><br>Plaintiffs,<br><br>vs.<br><br>HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC. and DOES 1-100, Inclusive,<br><br>Defendants. | CASE NO. '07 CV 2056 H BLM<br><br>(San Diego Superior Court Case No.: 37-2007-00074036-CU-WT-CTL)<br><br>BY FAX<br><br>**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. § 1441 (DIVERSITY)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT defendants HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC., HOST INTERNATIONAL INC., (collectively "HOST"), in the summons and complaint erroneously named HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC., hereby removes to this Court the state court action described below.

1. On August 29, 2007, this action was commenced in the Superior Court of the State of California in and for the County of San Diego, entitled "Darryl Murray and Debra Murray,

plaintiffs, vs. HMS HOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC. and DOES 1-100, INCLUSIVE, defendant," as case number 37-2007-00074036-CU-WT-CTL. A copy of the Complaint is attached hereto as Exhibit "A."

2. Defendants, HOST were served with plaintiffs' Complaint and Summons, on September 20, 2007. A copy of the Summons is attached hereto as Exhibit "B." A copy of the Notice of Service of Process is attached hereto as exhibit "C." This notice of removal is timely as it is filed within 30 days from the date upon which HOST was served and is within the time for removal provided by 28 U.S.C. Section 1446(b).

3. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. section 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

4. HOST is informed and believes that plaintiffs, DARRYL MURRAY and DEBORA MURRAY are citizens of the State of California. In the Complaint, plaintiffs allege that "Plaintiffs, were, at all times herein mentioned, residents of the County of San Diego, State of California." (*See* Exhibit A, ¶ 1).

5. HMSHOST CORPORATION, was at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of Maryland.

6. HMS HOST FAMILY RESTAURANTS, INC., was at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of Maryland.

///

7. HMS HOST USA, INC., was at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of Maryland.

8. HOST INTERNATIONAL, INC., erroneously sued as HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC., was at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of Maryland.

9. HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC., HOST INTERNATIONAL, INC., erroneously sued as HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC are the only defendants that has been served summons and complaint in this action.

5. The Complaint herein also names as defendants DOES 1-100. The citizenship of said defendants, which is unspecified in the Complaint, should be disregarded for the purposes of determining jurisdiction under 28 U.S.C. section 1332 and 28 U.S.C. section 1441(b) on the ground that there is no possibility that plaintiff will be able to establish liability against said parties. *See, e.g., Morris* v. *Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001); *Ritchey* v. *Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (holding that a defendant is fraudulently joined when there is no possibility that plaintiffs can maintain a cause of action against that defendant.) That is the case with respect to the DOE defendants in this action.

6. Plaintiffs' Complaint asserts claims against defendant for violation of Fair Employment and Housing Act, Wrongful Discharge in Violation of Public Policy, Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, and Loss of Consortium. Plaintiffs seek economic damages, emotional distress damages, consequential damages and attorneys' fees and costs. (*See* Exhibit "A," p. 7). Plaintiff also seeks punitive damages. (*See* Exhibit "A," p.

7). In addition to compensatory damages, punitive damages are used to determine whether the jurisdictional minimum has been satisfied. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.")

7. On October 18, 2007, the undersigned counsel for HOST sent counsel for plaintiffs a letter via facsimile to discuss the amount of damages plaintiffs were seeking in connection with their Complaint. A copy of this letter is attached hereto as Exhibit "D." As set forth in the letter, the undersigned informed counsel for plaintiffs that if plaintiffs would stipulate and agree that they were seeking less than $75,000 in damages, that HOST would not seek to remove the case from state court. Counsel for plaintiffs has not responded to this letter as of the date of this filing and has not agreed to stipulate that plaintiffs are seeking less than $75,000 in damages.

8. Attached hereto as Exhibit "E," is a copy of HOST's Answer to plaintiffs' Unverified Complaint, which was served and filed with the Superior Court of the State of California in and for the County of San Diego, on October 29, 2007.

9. HOST is informed and believes that Exhibits "A," "B," "C," "D" and "E" constitute all process, pleadings and orders filed and received by HOST in this action.

///

///

///

///

///

///

///

///

///

10. On this or the next business day, notice of this removal is being served on plaintiff and to the Clerk of the San Diego Superior Court. A copy of the Notice to State Court and Adverse Party of Removal of Civil Action is attached hereto as Exhibit "F". The proof of service of the Notice to State Court and Adverse Party of Removal of Civil Action will be filed with this Court immediately after the Superior Court filing is accomplished and the document is served.

DATED: October 29, 2007

BAILEY LAW GROUP, PC
SERAFINA RASKIN

BY: [signature]

SERAFINA RASKIN

Attorney for Defendants
HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC., HOST INTERNATIONAL, INC., erroneously sued as HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA, )
) ss:
COUNTY OF SAN DIEGO )

I am employed in the County of San Diego, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 1111 Sixth Avenue, Suite 204 San Diego, CA 92101.

On **October 29, 2007**, I personally served the following document(s) described as:

1. Notice of Removal of Civil Action to the United States District Court Under U.S.C. Sections 1367(a), 1441(b);
2. Defendants' Certification of Interested Parties;
3. Defendants' Counter-Claim For Breach of Contract in the United States District Court;
4. Civil Cover Sheet

on the interested parties by placing a true copy thereof in a sealed envelope(s) addressed as follows:

David D. Miller,
Nicholas S. King,
Patricia I. James,
Miller, King & James, LLP
Attorneys At Law
707 Broadway, Suite 1800
San Diego, CA 92101-5314
Telephone: 619-685-0077
Facsimile: 619-685-0011

☑ **PERSONAL SERVICE**

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on October 29, 2007, at San Diego, California.

Bryan Bologna

# EXHIBIT

# "A"

David D. Miller (State Bar No. 66863)
Nicholas S. King (State Bar No. 179605)
Patricia I. James (State Bar No. 90633)
MILLER, KING & JAMES, LLP
ATTORNEYS AT LAW
707 Broadway, Suite 1800
San Diego, CA 92101-5314
Telephone: 619.685.0077
Facsimile: 619.685.0011

Attorneys for: Plaintiffs

FILED
Clerk of the Superior Court
AUG 2 9 2007
By: T. CURRY, Deputy

37-2007-00074036-CU-WT-CTL

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

DARRYL MURRAY and DEBRA MURRAY,

Plaintiffs,

v.

HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC., and DOES 1-100, Inclusive.

Defendants.

Case No.:

COMPLAINT FOR VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT; WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY; BREACH OF CONTRACT; BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AND LOSS OF CONSORTIUM

Plaintiffs DARRYL MURRAY (hereinafter referred to as "DARRYL") and DEBRA MURRAY (hereinafter referred to as "DEBRA") allege:

**GENERAL ALLEGATIONS**

1. Plaintiffs, were, at all times herein mentioned, residents of the County of San Diego, State of California.

2. Plaintiffs are informed and believe and thereon allege that defendants HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., and HMS HOST USA, INC., (hereinafter collectively referred to as "HOST") are, and at all times herein mentioned were,

corporations operating, and doing business and located in the County of San Diego, State of California.

3. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

4. Plaintiffs are informed and believe and thereon allege that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiffs' damages as herein alleged were proximately caused by their conduct.

5. Plaintiffs are informed and believe and thereon allege that each of the defendants named herein was, at all times herein mentioned, the agent and employee of the remaining defendants and, in doing the things hereinafter alleged, each was acting within the course and scope of said agency and employment.

**FIRST CAUSE OF ACTION**

(Violation of Fair Employment and Housing Act - Employment Discrimination by DARRYL)

6. DARRYL hereby realleges and incorporates herein by this reference paragraphs 1 through 5 of the General Allegations.

7. HOST are entities subject to suit under the California Fair Employment and Housing Act, Government Code §12900 et seq. (hereinafter referred to as the "FEHA"), in that HOST are employers who regularly employ five or more persons.

8. The unlawful employment practice complained of herein occurred in San Diego County.

9. On December 18, 1988, DARRYL was hired by HOST in the capacity of "Operations Manager." On September 21, 2006, HOST terminated DARRYL's employment. At the time of termination, DARRYL's ending title was General Manager.

10. DARRYL was 52 years old at the time of his termination

11. At all times herein, DARRYL was qualified for the position of General Manager in that he was given positive performance evaluations and raises.

12. The fact that DARRYL was over 40 years old was a substantial factor in HOST's decision to terminate DARRYL's employment. HOST intentionally terminated DARRYL's employment because of DARRYL's age.

13. HOST stated that DARRYL's termination of employment was due to sexual harassment and creating a hostile work environment. However, this reason is a pretext for discrimination on account of DARRYL's age in that, among other things, (i) DARRYL never engaged in sexual misconduct and/or created a hostile working environment; (ii) HOST never informed DARRYL of the specifics of the alleged allegations against him; (iii) HOST never conducted a proper investigation into those alleged allegations; (iv) and DARRYL's replacement is believed to be younger than DARRYL at the time the replacement filled DARRYL's position.

14. HOST's discriminatory actions against DARRYL, as alleged above, constituted unlawful discrimination in employment on account of age in violation of Government Code §12900 et seq.

15. As a proximate result of HOST's actions as alleged above, HOST has caused and continues to cause DARRYL lost wages, salary, earnings and other economic benefits from employment that DARRYL would have received if DARRYL had not been terminated from his position with HOST. As a result of such discrimination and consequent harm, DARRYL has suffered such damages in an amount according to proof.

16. As a further proximate result of HOST's actions as alleged above, DARRYL has been harmed in that DARRYL has suffered the intangible loss of such employment-related opportunities as further experience in the position from which DARRYL was terminated. As a result of such discrimination and consequent harm, DARRYL has suffered such damages in an amount according to proof.

17. As a further proximate result of HOST's actions as alleged above, DARRYL has been harmed in that DARRYL has suffered humiliation, mental anguish, and emotional distress. As a result of such discrimination and consequent harm, DARRYL has suffered such damages in an amount according to proof.

18. The above-recited actions of HOST in terminating DARRYL's employment were done with malice or oppression, and in reckless disregard of DARRYL's rights. Specifically, HOST wrongfully accused DARRYL of sexual harassment and failed to conduct a proper investigation of the facts. DARRYL was never issued a report of any kind detailing the specifics of the allegations, nor was DARRYL issued any documents that stated the reason for his termination.

19. On March 2, 2007 the Department of Fair Employment and Housing advised DARRYL that he had the right to file a private lawsuit in a California Superior Court within one year of the date of that notice.

## SECOND CAUSE OF ACTION

(Wrongful Discharge in Violation of Public Policy by DARRYL)

20. DARRYL hereby realleges and incorporates herein by this reference paragraphs 1 through 5 of the General Allegations and paragraphs 7 through 18 of the First Cause of Action.

21. HOST wrongfully discharged DARRYL in violation of the public policy of the State of California to protect individuals from discrimination in employment matters on the basis of age.

## THIRD CAUSE OF ACTION

(Breach of Implied Contract by DARRYL)

22. DARRYL hereby realleges and incorporates by this reference paragraphs 1 through 5 of the General Allegations and paragraphs 9 through 13 and 15 through 17 of the First Cause of Action.

23. At the time of hiring of and during the employment of DARRYL, there were policies,

guidelines and practices and individual performance warnings, evaluations and instruction giving rise to an implied-in-fact contract relied on by DARRYL that he would not be discharged unless there was good cause to do so.

24. DARRYL at all times fulfilled his duties and conditions under the contract and has been ready, willing and able to continue performing them in a competent and satisfactory manner.

25. Notwithstanding the implied promises to terminate the employment contract only for good cause, DARRYL was terminated due to his age.

26. As a proximate result of HOST's breach of the implied-in-fact contract, DARRYL has suffered and continues to suffer losses in earnings and other employment benefits, to his damage in an amount to be established at the time of trial.

## FOURTH CAUSE OF ACTION

(Breach of the Implied Covenant of Good Faith and Fair Dealing by DARRYL)

27. DARRYL hereby reallege and incorporate by this reference paragraphs 1 through 5 of the general allegations and paragraphs 7 through 13 and 15 through 19 of the First Cause of Action.

28. The employment referred to above contained an implied covenant of good faith and fair dealing which obligated HOST to perform the terms and conditions of the agreement fairly and in good faith and to refrain from doing any act that would prevent or impede DARRYL from performing any or all of the conditions of the contract that he agreed to perform, or any act that would deprive DARRYL of the benefits of the contract.

29. DARRYL reasonably relied on HOST's conduct regarding the causes for which employees can be discharged and the procedures set forth for such discharges. As a result, DARRYL had the expectation that HOST would apply its policies even-handedly to afford DARRYL the protection of those procedures if HOST believed there was cause to discharge DARRYL.

30. DARRYL performed all the duties and conditions of the employment agreement.

31. HOST knew that DARRYL fulfilled all of his duties under the contract.

32. HOST breached the implied covenant of good faith and fair dealing under the employment agreement by discharging him intentionally, maliciously and without probable cause, in bad faith and for reasons extraneous to the contract, i.e., age.

**FIFTH CAUSE OF ACTION**

(Loss of Consortium by DEBRA)

33. DEBRA realleges and incorporates herein by reference paragraphs 1 through of the General Allegations, paragraphs 7 through 19 of the First Cause of Action, paragraph 21 of the Second Cause of Action, paragraphs 23 through 26 of the Third Cause of Action and paragraphs 28 through 32 of the Fourth Cause of Action.

34. DEBRA and DEBRA's spouse, DARRYL, were, at all times relevant to this action, and now are, husband and wife.

35. Prior to the emotional injuries, DEBRA's spouse was able to and did perform his duties as a husband. Subsequent to the injuries, and as a proximate result thereof, DEBRA's spouse has been unable to perform the necessary duties as a husband and the work and services usually performed in the care, maintenance and management of the family and home, and DEBRA's spouse will be unable to perform such work, services, and duties in the future. By reason thereof, DEBRA has been and will be deprived of the consortium of her spouse, including the performance of her spouse's necessary duties, all to DEBRA's damage in an amount according to proof.

WHEREFORE, Plaintiffs pray for judgment against the Defendants, and each of them, as follows, as appropriate to each cause of action alleged and as appropriate to the particular standing of Plaintiffs:

1. For back pay, front pay, vacation pay, bonus from September 21, 2006 and other

monetary relief according to proof;

2. For general damages according to proof;

3. For medical and related expenses according to proof;

4. For exemplary, punitive and liquidated damages in an amount appropriate to punish defendants for their wrongful conduct and set an example for others.

5. For interest on the sum of damages awarded, calculated from September 21, 2006 to the date of judgment;

6. For reasonable attorney's fees pursuant to Government Code §12965(b);

7. For costs of suit herein incurred; and

8. For such other and further relief as the court deems proper.

Dated: 08/29/07

MILLER, KING & JAMES, LLP

By: Patricia I. James

David D. Miller
Nicholas S. King
Patricia I. James
Attorneys for Plaintiffs

B

# EXHIBIT

# "B"

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**FOR COURT USE ONLY**
***(SOLO PARA USO DE LA CORTE)***

FILED
Clerk of the Superior Court
AUG 2 9 2007
... IRY, Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC.

and DOES 1-100, Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
DARRYL MURRAY and DEBRA MURRAY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la cort*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Diego Superior Court
Hall of Justice
330 W. Broadway
San Diego, California 92101

37-2007-00074036-CU-WT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Miller, King & James, LLP
707 Broadway, Suite 1800
San Diego, California 92101

DATE: *(Fecha)* AUG 2 9 2007 Clerk, by *(Secretario)* T. CURRY, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

KLEER-FAX RECYCLED 30% P.C.W. 80000 SERIES

# EXHIBIT

# "C"

Murray v. HMSHost
Case No. 37-2007-00074036-CU-WT-CTL

**PROOF OF SERVICE**

I am employed in the County of San Diego, State of California. I am over eighteen years of age and not a party to this action. My business address 707 Broadway, Suite 1800, San Diego, California, 92101.

On **September 20, 2007** I served a true copy of the following document(s):

1. **Summons**

2. **Complaint**

3. **Notice of Case Assignment**

4. **Alternative Dispute Resolution Information Package**

on all interested parties in this action as follows:

CSC - Lawyers Incorporating Service
P.O. Box 526036
Sacramento, California 95852

Agent for Service of Process for HMSHost Corporation

X **U.S. MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Accordingly, the above-referenced document(s) were enclosed in a sealed envelope which, in the ordinary course of business, will be deposited with the United States Postal Service the same day; and said envelope was addressed as shown on the attached service list.

**BY FAX:** I transmitted a copy of the foregoing document(s) on this date by facsimile transmittal to the number shown on the service list.

**BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to ____________ for delivery to the address(es) shown on the service list.

**BY PERSONAL SERVICE:** I personally delivered such document(s) by hand to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **September 20, 2007** in San Diego, California.

[signature]

Monica M. Dube

MILLER, KING & JAMES, LLP
*Attorneys at law*
707 Broadway, Suite #1800
San Diego, CA 92101




*CSC - Lawyers Incorporating Service*
*P.O. Box 526036*
*Sacramento, California 95852*

95852"6036 8930

# EXHIBIT

# "D"

# BAILEY LAW GROUP

**Washington, DC • Orange County, CA**

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO:<br>David D. Miller | FROM:<br>Serafina Raskin |
| COMPANY:<br>Miller, King & James, LLP | DATE:<br>10/18/2007 |
| FAX NUMBER:<br>619-685-0011 | TOTAL NO. OF PAGES INCLUDING COVER:<br>3 |
| PHONE NUMBER:<br>619-685-0077 | SENDER'S REFERENCE NUMBER: |
| RE:<br>Murray v. Host | YOUR REFERENCE NUMBER: |

☑ URGENT ☑ FOR REVIEW ☑ PLEASE COMMENT ☑ PLEASE REPLY ☐ PLEASE RECYCLE

NOTES/COMMENTS:

See attached correspondence.

*This message is for the sole use of the individual or entity intended and may contain confidential or privileged information which is exempt from disclosure under applicable law. Any unauthorized use of this email is prohibited. If you have received this communication in error, please notify the sender immediately at 949-453-1755 and destroy all copies of the message. Thank you.*

8105 Irvine Center Drive, Suite 900, Irvine, CA 92618
Tel. (949) 453-1755 • Fax. (949) 453-1757

# Transmission Report

Date/Time : 09/17/07 19:05
Personal Number :
Personal Name :

Transmission Information

| Start Time | Distant Station | TtlTime | Pages | Mode | Result | Comm. Contents |
|---|---|---|---|---|---|---|
| 09/17 19:04 | 916196850011 | 44" | 3/3 | ECM | NrmlEnd | |

Document transmission is complete.

## BAILEY LAW GROUP

Washington, DC • Orange County, CA

### FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: David D. Miller | FROM: Serafina Raskin |
| COMPANY: Miller, King & James, LLP | DATE: 10/18/2007 |
| FAX NUMBER: 619-685-0011 | TOTAL NO. OF PAGES INCLUDING COVER: 3 |
| PHONE NUMBER: 619 685-0077 | SENDER'S REFERENCE NUMBER: |
| RE: Murray v. Host | YOUR REFERENCE NUMBER: |

☑ URGENT ☑ FOR REVIEW ☑ PLEASE COMMENT ☑ PLEASE REPLY ☐ PLEASE RECYCLE

NOTES/COMMENTS:

See attached correspondence.

*This message is for the sole use of the individual or entity intended and may contain confidential or privileged information which is exempt from disclosure under applicable law. Any unauthorized use of this email is prohibited. If you have received this communication in error, please notify the sender immediately at 949-453-1755 and destroy all copies of the message. Thank you.*

8105 Irvine Center Drive, Suite 900, Irvine, CA 92618
Tel. (949) 453-1755 • Fax. (949) 453-1757

# BAILEY LAW GROUP

**Washington, DC • Orange County, CA**

October 18, 2007

**VIA FACSIMILE**

David D. Miller
Miller, King & James, LLP
Attorneys at Law
707 Broadway, Suite 1800
San Diego, CA 92101-5314

Dear Mr. Miller:

We are attorneys for Host International, Inc. I am writing this letter as a follow up to several voicemails and messages that I left with you and your colleagues Nicholas King, Patricia James and Christina Ford, a paralegal.

On September 20, 2007, you served a complaint a case entitled "Darryl Murray and Debra Murray v. HMSHost Corporation, HMS Host Family Restaurants, Inc., HMS Host USA, Inc., and Does 1-100" on the Agent for Service of Process for HMS Host Corporation. As I communicated in my voicemail messages and via several phone conversations with Ms. Ford, Darryl Murray has never been an employee of any of the companies listed in your complaint.

Rather, Darryl Murray was an employee of Host International, Inc., a corporation that is incorporated in the State of Delaware and whose principal place of business is located in the State of Maryland. Although I did not hear back from you regarding my multiple voicemails, Ms. Ford told me that she spoke to you regarding this matter and that by Monday, October 22, 2007, you will file an amended complaint in San Diego Superior Court, naming Host International, Inc. as the proper defendant.

Ms. Ford and I also discussed our intention to file a notice of removal of this case to the federal district court based diversity jurisdiction. I asked Ms. Ford to communicate our intention to you to determine whether you would agree to dismiss your complaint in the San Diego Superior Court and re-file the complaint in federal court. Unfortunately, Ms. Ford told me that you would not agree to do so and you intend to object to our removal of this action to federal district court. To avoid filing unnecessary motions with the courts, we are willing to forgo our right to removal and litigate this action in the San Diego Superior Court if Plaintiffs stipulate that they are seeking less than $75,000 in

# BAILEY LAW GROUP

**Washington, DC • Orange County, CA**

damages. Please contact me tomorrow by close of business if you are willing to agree to such stipulation. If we do not hear from you we will assume agree that the amount in controversy in this case exceeds $75,000.

Additionally, while I am sure Ms. Ford is an excellent paralegal, I expect that you and I will be able to communicate directly and without the benefit of Ms. Ford as an intermediary. I look forward to your prompt reply.

Sincerely,

Serafina Raskin
for Bailey Law Group, P.C.

8105 Irvine Center Drive, Suite 900, Irvine, CA 92618
Tel. (949) 453-1755 • Fax. (949) 453-1757

KLEER-FAX 80000 SERIES
RECYCLED 30% P.C.W.

E

# EXHIBIT

# "E"

BAILEY LAW GROUP, PC
SERAFINA RASKIN (California Bar No. 244960)
8105 Irvine Center Drive
Suite 900
Irvine, CA 92618
Telephone: (949) 453-1755
Facsimile: (949) 453-1757

Attorney for Defendants
HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC., HOST INTERNATIONAL, INC., erroneously sued as HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SAN DIEGO**

| | |
|---|---|
| DARRYL MURRAY and DEBRA MURRAY,<br><br>Plaintiffs,<br><br>vs.<br><br>HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC. and DOES 1-100, Inclusive,<br><br>Defendants. | CASE NO. 37-2007-00074036-CU-WT-CTL)<br><br>JUDGE LINDA B. QUINN<br>DEPT. C-74<br><br>**ANSWER OF DEFENDANTS TO PLAINTIFFS' UNVERIFIED COMPLAINT** |

Defendants, HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC., HOST INTERNATIONAL, INC., in the summons and complaint erroneously named HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC., (collectively "HOST"), for it itself and no other defendants, answers the unverified Complaint of plaintiffs Darryl Murray and Debra Murray (hereinafter "plaintiffs"), as follows:

Pursuant to California Code of Civil Procedure Section 431.30(d), HOST denies generally and specifically each and every allegation in the Complaint. HOST further denies, generally and specifically, that plaintiffs are entitled to the relief requested, or that plaintiffs have been or will be damaged in any sum, or at all, by reason of any act or omission on the part of HOST.

FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim- As To All Causes Of Action)

1. The Complaint, and each purported causes of action contained therein, fail to state facts sufficient to constitute a cause of action. The complaint specifically fails to name the proper defendant.

SECOND AFFIRMATIVE DEFENSE

(Waiver- As To All Causes Of Action)

2. The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the doctrine of waiver.

THIRD AFFIRMATIVE DEFENSE

(At-Will Employee- As To All Causes Of Action)

3. Plaintiff Darryl Murray was an at-will employee under California Labor Code Section 2922.

FOURTH AFFIRMATIVE DEFENSE

(Estoppel- As To All Causes Of Action)

4. The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the doctrine of estoppel.

FIFTH AFFIRMATIVE DEFENSE

(Statute of Limitations- As To All Causes of Action)

5. The Complaint, and each purported cause of action contained therein, is barred in whole or in part by all applicable statutes of limitation, including but not limited to California Code of Civil Procedure Sections 335.1, 338, 340, and 343, and California Government Code Sections 12960 and 12965.

///

SIXTH AFFIRMATIVE DEFENSE

(Doctrine of Laches- As To All Causes of Action)

6. The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the doctrine of laches because plaintiffs unreasonably delayed in bringing their action and HOST was prejudiced as a result.

SEVENTH AFFIRMATIVE DEFENSE

(Business Related Purpose- As To All Causes of Action)

7. The Complaint, and each purported cause of action contained therein, is barred in whole or in part because HOST had an honest, good faith belief that all decisions with respect to plaintiffs' employment were made by HOST solely for legitimate, business-related reasons and were reasonably based upon the facts as HOST understood them.

EIGHTH AFFIRMATIVE DEFENSE

(Doctrine of Unclean Hands- As To All Causes of Action)

8. The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the doctrine of unclean hands.

NINTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Relief- As to All Causes of Action)

9. Plaintiffs' causes of action, arising under the FEHA, are barred to the extent the allegations contained therein do not reasonably fall within the scope of any claims made in any administrative complaint or charge filed by plaintiffs with the DFEH.

TENTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Relief- As to All Causes of Action)

10. Plaintiffs' causes of action, arising under the FEHA, are barred because plaintiffs did not timely exhaust the administrative remedies as required and/or otherwise failed to

comply with all statutory prerequisites to bring suit pursuant to the FEHA. Cal. Gov't Code §§ 12900 et seq.

ELEVENTH AFFIRMATIVE DEFENSE

(Reasonable Care – As to All Causes of Action)

11. The Complaint, and each purported cause of action contained therein, is barred in whole or in part because HOST exercised reasonable care to prevent and correct promptly discriminatory or harassing behavior, if any.

TWELVTH AFFIRMATIVE DEFENSE

(Failure to Avoid Harm- As To All Causes of Action)

12. The Complaint, and each purported cause of action contained therein, is barred in whole or in part because plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by HOST or otherwise to avoid harm.

THIRTEENTH AFFIRMATIVE DEFENSE

(Failure to Notify Supervisor/Employer-As To All Causes of Action)

13. The Complaint, and each purported cause of action contained therein, is barred in while or in part because plaintiffs failed to notify the appropriate management personnel of the allegedly improper conduct which forms the basis of the Complaint.

FOURTEENTH AFFIRMATIVE DEFENSE

(Plaintiffs' Consent- As to All Causes of Action)

14. The Complaint, and each purported cause of action contained therein, is barred in whole or in part because plaintiffs consented to or welcomed the actions complained of to the extent, if any, that they occurred.

///

///

FIFTEENTH AFFIRMATIVE DEFENSE

(Workers' Compensation Exclusivity- As To All Causes of Action)

15. Any and all claims in the Complaint based in whole or in part upon any alleged physical or emotional injury or distress, are barred because plaintiffs' sole and exclusive remedy, if any, for such injuries is governed by the California Workers' Compensation Act and before the Worker's Compensation Appeals Board. Cal. Lab. Code §§ 3600 et seq.

SIXTEENTH AFFIRMATIVE DEFENSE

(Release- As To All Causes of Action)

16. To the extent plaintiffs have signed a release encompassing claims alleged in the Complaint, their claims are barred by that release.

SEVENTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate- As To All Causes of Action)

17. Plaintiffs' claims are barred from recovering monetary damages to the extent that they have failed to mitigate or reasonably attempt to mitigate their damages, if any, as required by law.

EIGHTEENTH AFFIRMATIVE DEFENSE

(Truth-As To All Causes of Action)

18. Any alleged communications and investigations made regarding plaintiffs, if any, were true.

NINETEENTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence Doctrine- As To All Causes of Action)

19. Plaintiffs are barred from recovering monetary damages, in whole or in part, by the after-acquired evidence doctrine.

TWENTIETH AFFIRMATIVE DEFENSE

(No Punitive Damages- As To All Causes of Action)

20. Plaintiffs are not entitled to recover exemplary or punitive damages because: (a) plaintiffs have failed to plead facts sufficient to support allegations of malice or reckless indifference for the rights of plaintiffs or that HOST was motivated by evil motive or intent; (b) neither HOST nor any managerial agent of HOST committed any alleged malicious or reckless act, authorized or ratified such an act, or had advance knowledge of the unfitness, if any, of any employee or employees with a reckless indifference towards the rights or safety of others; (c) an award of punitive or exemplary damages under the circumstances alleged would violate the due process clauses of the United States and California constitutions; and (d) punitive damages are unavailable as a matter of law.

TWENTY-FIRST AFFIRMATIVE DEFENSE

(Anti-Discrimination Policy- As To All Causes of Action)

21. Plaintiffs' are barred from recovering punitive damages because HOST had in place a policy to prevent discrimination and harassment and made good faith efforts to implement and enforce that policy.

TWENTY-SECOND AFFIRMATIVE DEFENSE

(Ratification - As To All Causes of Action)

22. Plaintiffs' purported causes of action are barred in whole or in part to the extent that any conduct attributable to HOST was ratified by plaintiffs.

TWENTY-THIRD AFFIRMATIVE DEFENSE

(Breach of Contract – As to All Causes of Action)

23. Plaintiffs' purported claims based on an alleged contract are barred because plaintiff substantially and materially breached the contract, if any there were, complained of prior to the commencement of this action, which conduct extinguishes the right to maintain this action.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Excuse- As To All Causes of Action)

24. Plaintiffs' claims are barred as to any claim based on any alleged contract to the extent HOST did not perform its contractual obligations, and HOSTs' performance was excused by virtue of plaintiff's material breach, failure of performance, prevention of performance, and/or other wrongs.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Legitimate Non-Discriminatory Factors – As To All Causes of Action)

25. Plaintiffs' purported causes of action are barred in whole or in part because all actions undertaken by HOST were based on legitimate and non-discriminatory business reasons, purposes, or necessity.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Privilege or Justification –As To All Causes of Action)

26. Plaintiffs' purported causes of action are barred because any actions and/or omissions attributable to HOST were at all times privileged or justified.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Management Discretion –As To All Causes of Action)

27. Any and all conduct of which plaintiffs complain or which is attributed to HOST was a just and proper exercise of management discretion on the part of HOST undertaken for a fair and honest reason.

///

///

///

///

///

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Alternative Stressors – As To All Causes of Action)

28. To the extent that plaintiffs have suffered symptoms of mental or emotional distress or injury, such symptoms are the result of a preexisting psychological or physical disorders or an alternative concurrent cause, and not the result of any act or omission of HOST.

TWENTY-NINTH AFFIRMATIVE DEFENSE

(Willful Misconduct – As To All Causes of Action)

29. Plaintiffs were, at all times and places set forth in the Complaint, guilty of willful misconduct in and about the matters alleged therein, which willful misconduct bars plaintiff from recovery.

THIRTIETH AFFIRMATIVE DEFENSE

(Condition Precedent—As To All Causes of Action)

30. The conditions precedent to HOST's performance under any employment contract, if one in fact even existed, did not occur and/or were not performed by plaintiffs, and HOST, therefore, is not obligated to perform under any such contract.

THIRTY-FIRST AFFIRMATIVE DEFENSE

(Labor Code § 2924 — As To All Causes of Action)

31. Plaintiffs' causes of action are barred pursuant to California Labor Code Section 2924 in that plaintiff willfully breached his duties in the course of employment, neglected his duties as an employee, or continually was incapable of performing such duties.

///

///

///

///

///

THIRTY-SECOND AFFIRMATIVE DEFENSE

(Labor Code §§ 2854 and 2856 —As to All Causes of Action)

32. Plaintiffs' claims are barred by virtue of California Labor Code Sections 2854 and 2856 in that plaintiffs failed to use ordinary care and diligence in the performance of their duties and failed to comply substantially with the reasonable directions of their employer.

THIRTY-THIRD AFFIRMATIVE DEFENSE

(Attorneys' Fees – As To All Causes of Action)

33. Plaintiffs knew or should have known that the Complaint, and each of the causes of action alleged therein, is without any reasonable basis in law and equity and cannot be supported by a good faith argument for extension, modification, or reversal of existing law. As a result of plaintiffs' filing of this lawsuit, HOST has been required to obtain the services of the undersigned attorneys and have and will continue to incur substantial costs and attorneys' fees in defense of this frivolous case. HOST is therefore entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and through this action in accordance with California Code of Civil Procedure § 128.5.

///

///

///

///

///

///

///

///

///

///

///

///

WHEREFORE, HOST prays for judgment as follows:

1. That plaintiffs take nothing by reason of their Complaint;

2. That the Complaint herein be dismissed in its entirety, with prejudice, and that judgment be entered for HOST and against plaintiffs;

3. That HOST be awarded its reasonable costs and attorneys' fees; and

4. For such other and further relief as the Court deems just and proper.

DATED: October 29, 2007

BAILEY LAW GROUP, PC
SERAFINA RASKIN

BY: [signature]
SERAFINA RASKIN

Attorney for Defendants
HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC., HOST INTERNATIONAL, INC., erroneously sued as HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA, )
) ss:
COUNTY OF SAN DIEGO )

I am employed in the County of San Diego, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 1111 Sixth Avenue, Suite 204 San Diego, CA 92101.

On **October 29, 2007**, I personally served the following document(s) described as:

1. Notice of Removal of Civil Action to the United States District Court Under U.S.C. Sections 1367(a), 1441(b);
2. Defendants' Certification of Interested Parties;
3. Defendants' Counter-Claim For Breach of Contract in the United States District Court;
4. Civil Cover Sheet

on the interested parties by placing a true copy thereof in a sealed envelope(s) addressed as follows:

David D. Miller,
Nicholas S. King,
Patricia I. James,
Miller, King & James, LLP
Attorneys At Law
707 Broadway, Suite 1800
San Diego, CA 92101-5314
Telephone: 619-685-0077
Facsimile: 619-685-0011

☑ **PERSONAL SERVICE**

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on October 29, 2007, at San Diego, California.

Bryan Bologna

# EXHIBIT

# "F"

BAILEY LAW GROUP, PC
SERAFINA RASKIN (California Bar No. 244960)
8105 Irvine Center Drive
Suite 900
Irvine, CA 92618
Telephone: (949) 453-1755
Facsimile: (949) 453-1757

Attorney for Defendants
HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC., HOST INTERNATIONAL, INC., erroneously sued as HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SAN DIEGO**

| | |
|---|---|
| DARRYL MURRAY and DEBRA MURRAY,<br><br>Plaintiffs,<br><br>vs.<br><br>HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC. and DOES 1-100, Inclusive,<br><br>Defendants. | CASE NO. 37-2007-00074036-CU-WT-CTL)<br><br>JUDGE LINDA B. QUINN<br>DEPT. C-74<br><br>**NOTICE TO THE STATE COURT AND ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. § 1441 (DIVERSITY)** |

TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF SAN DIEGO AND TO PLAINTIFFS DARRYL MURRAY AND DEBRA MURRAY AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the United States District Court for the Southern District of California on October 29, 2007. A copy of said Notice of Removal and supporting exhibits are attached to this Notice, and are served and filed herewith. The original Notice of Removal was filed with the United States District Court for the Southern District of California with the attached exhibits on October 29, 2007.

///

///

The filing of the Notice of Removal effects the removal of the above entitled section from this Court.

DATED: October 29, 2007

BAILEY LAW GROUP, PC
SERAFINA RASKIN

BY: [signature]

SERAFINA RASKIN

Attorney for Defendants
HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC., HOST INTERNATIONAL, INC., erroneously sued as HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED

## I. (a) PLAINTIFFS

Darryl Murray

(b) County of Residence of First Listed Plaintiff: San Diego, California
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Miller, King & James, LLP, Attorneys at Law, 707 Broadway, Suite 1800, San Diego, CA 92101-5314, Tel. 619-685-0077

## DEFENDANTS

HMSHOST Corporation, HMS Host Family Restaurants, Inc., HMS Host USA, Inc., Host International, Inc.

2007 OCT 29 PM 3:18

County of Residence of First Listed Defendant: Bethesda, Maryland
(IN U.S. PLAINTIFF CASES ONLY)

CLERK, U.S. DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

'07 CV 2056 H BLM — DEPUTY

Attorneys (If Known)
Bailey Law Group, PC, 8105 Irvine Center Drive, Suite 900, Irvine, CA 92618., Tel. 949-453-1755

ORIGINAL

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☒ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. Section 1441

Brief description of cause:
Employment discrimination and breach of contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 150,000 Above

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ______ DOCKET NUMBER ______

DATE: 10/22/2007

SIGNATURE OF ATTORNEY OF RECORD: S. Raskin (JL)

**FOR OFFICE USE ONLY**

RECEIPT # 143805 AMOUNT $350 APPLYING IFP 1/10 10/29/07 JUDGE ______ MAG. JUDGE ______

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 143809 - KD**

**October 29, 2007**
**15:21:08**

**Civ Fil Non-Pris**
USAO #.: 07CV2056
Judge..: MARILYN L HUFF
Amount.: $350.00 CK
Check#.: BC 64091

**Total-> $350.00**

FROM: CIVIL FILING
MURRAY V. HMSHOST CORP., ET AL