David D. Miller (State Bar No. 66863)
Nicholas S. King (State Bar No. 179605)
Patricia I. James (State Bar No. 90633)
MILLER, KING & JAMES, LLP
ATTORNEYS AT LAW
707 Broadway, Suite 1800
San Diego, CA 92101-5314
Telephone: 619.685.0077
Facsimile: 619.685.0011

Attorneys for Plaintiffs/Counter-Defendants

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARRYL MURRAY and DEBRA MURRAY,<br><br>Plaintiffs,<br><br>v.<br><br>HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC., and DOES 1-100, Inclusive.<br><br>Defendants. | CASE NO.:07CV2056-H (BLM)<br><br>ANSWER TO COUNTER-CLAIM |

COMES NOW, Counter-Defendants DARRYL MURRAY and DEBRA MURRAY (hereinafter referred to as "Counter-Defendants"), by and through their attorneys, MILLER, KING & JAMES, LLP, and in answer to Defendants' Counter-Claim (hereinafter referred to as the "Counter-Claim") state as follows:

**I.**

**JURISDICTION**

1. Answering Paragraph 1 of the Counter-Claim, Counter-Defendants allege that the allegations are jurisdictional statements which present legal conclusions and questions of law solely within the purview of the court and for its determinations, and no answer is, therefore, required. To the extent an answer is required, Counter-Defendants deny, generally and specifically each, all and every allegation contained therein.

**II.**

**VENUE**

2. Answering Paragraph 2 of the Counter-Claim, Counter-Defendants allege that the allegation is a venue statement which presents legal conclusions and questions of law solely within the purview of the court and for its determinations, and no answer is, therefore, required. To the extent an answer is required, Counter-Defendants deny, generally and specifically each, all and every allegation contained therein.

**III.**

**PARTIES**

3. Answering Paragraph 3 of the Counter-Claim, Counter-Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations and, based thereon, deny, generally and specifically each, all and every remaining allegation contained therein.

4. Answering Paragraph 4 of the Counter-Claim, Counter-Defendants admit that they are individuals and that they reside in California. Counter-Defendants deny, generally and specifically , each, all and every remaining allegation contained therein.

**IV.**

**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

5. Answering Paragraph 5 of the Counter-Claim, Counter-Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations and, based thereon, deny, generally and specifically each, all and every remaining allegation contained therein.

6. Answering Paragraph 6 of the Counter-Claim, Counter-Defendants deny that Counter-Defendant Debra Murray entered into a Home Equity Line of Credit Agreement with the Bank secured with a line of credit for $150,000 or any amount. Counter-Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the date of May 30, 2001 since Counter-Claimants failed to attach the Home Equity Line of Credit Agreement as an exhibit and, based thereon, deny, generally and specifically that allegation. Counter-Defendants

admit the remaining allegations.

7. Answering Paragraph 7 of the Counter-Claim, Counter-Defendants deny that Counter-Defendant Debra Murray entered into the alleged Contract. Counter-Defendants admit that there was a line of credit of $150,000 for the purchase of a new residence. However, Counter-Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations since Counter-Claimants failed to attach the alleged Contract as an exhibit and, based thereon, deny, generally and specifically each, all and every remaining allegation contained therein.

8. Answering Paragraph 8 of the Counter-Claim, Counter-Defendants admit that there was initially a loan for a term of 5 years with monthly payments of interest only and that Counter-Claimant agreed to make the interest payments due on the loan while it was outstanding. However, Counter-Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations since Counter-Claimants failed to attach the alleged Contract as an exhibit and, based thereon, deny, generally and specifically each, all and every remaining allegation contained therein.

9. Answering Paragraph 9 of the Counter-Claim, Counter-Defendants deny that Counter-Defendant Debra Murray entered into the alleged Contract. However, Counter-Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations since Counter-Claimants failed to attach the alleged Contract as an exhibit and, based thereon, deny, generally and specifically each, all and every remaining allegation contained therein.

10. Answering Paragraph 10 of the Counter-Claim, Counter-Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations since Counter-Claimants failed to attach the alleged Contract as an exhibit and, based thereon, deny, generally and specifically each, all and every remaining allegation contained therein.

11. Answering Paragraph 11 of the Counter-Claim, Counter-Defendants admit the allegations.

12. Answering Paragraph 12 of the Counter-Claim, Counter-Defendants allege that the

allegations constitute legal conclusions and questions of law solely within the purview of the court and for its determinations, and no answer is, therefore, required. To the extent an answer is required, Counter-Defendants deny, generally and specifically each, all and every allegation contained therein.

13. Answering Paragraph 13 of the Counter-Claim, Counter-Defendants allege that the allegations constitute legal conclusions and questions of law solely within the purview of the court and for its determinations, and no answer is, therefore, required. To the extent an answer is required, Counter-Defendants deny, generally and specifically each, all and every allegation contained therein.

**V.**

**FIRST CLAIM FOR RELIEF**

**(Breach of Contract)**

14. Answering Paragraph 14 of the Counter-Claim, Counter-Defendants incorporate paragraphs 1 through 5 by reference as though fully set forth herein.

15. Answering Paragraph 15 of the Counter-Claim, Counter-Defendants allege that the allegations constitute legal conclusions and questions of law solely within the purview of the court and for its determinations, and no answer is, therefore, required. To the extent an answer is required, Counter-Defendants deny, generally and specifically each, all and every allegation contained therein.

16. Answering Paragraph 16 of the Counter-Claim, Counter-Defendants allege that the allegations constitute legal conclusions and questions of law solely within the purview of the court and for its determinations, and no answer is, therefore, required. To the extent an answer is required, Counter-Defendants deny, generally and specifically each, all and every allegation contained therein.

**VI.**

**PRAYER FOR RELIEF**

The remainder of the Counter-Claim represents a Prayer for Relief to which no answer is required. To the extent an answer is required, Counter-Defendants deny, generally and specifically

each, all and every remaining allegation contained therein..

Counter-Defendants deny all other allegations of the Counter-Claim not specifically admitted.

**ADDITIONAL AND/OR AFFIRMATIVE DEFENSES**

1. The Court lacks jurisdiction over the subject matter.

2. The Counter-Claim fails to state a claim upon which relief can be granted to Defendants/Counter-Claimants, as averred in the Counter-Claim or otherwise for the reason that they are not liable to Defendants/Counter-Claimants in accordance with the law of the State of California.

3. Occurrences prior and/or subsequent to the alleged acts of Counter-Defendants, and any agents or employees of Counter-Defendants, caused, compounded or created the conditions, injuries and damages alleged by Defendants/Counter-Claimants, for which occurrences Counter-Defendants are not liable.

4. Any damages which Defendants/Counter-Claimants may have sustained were proximately caused solely by the independent, intervening and superseding acts and omissions of a third person, or were caused jointly by the contributory negligence of Defendants/Counter-Claimants and by the independent, intervening and superseding acts or omissions of a third person, and must be, therefore, barred or reduced accordingly.

5. Defendants/Counter-Claimants’s claims for relief are barred by the appropriate statute of limitations.

6. Suit is barred and recovery, if any, must be reduced to the extent that injuries or damages allegedly sustained by Defendants/Counter-Claimants resulted from the negligence of third parties, including Counter-Defendants other than these answering Counter-Defendants.

7. Recovery, if any, must be reduced by the degree of contributory negligence, if any, on the part or behalf of Defendants/Counter-Claimants.

8. The suit is barred to the extend that the doctrine of unclean hands applies.

9. Defendants/Counter-Claimants’s suit is barred to the extend that there is a lack of standing to assert such suit and the claims therein.

10. Damages, if any, are to be barred or reduced to the extent that Defendants/Counter-Claimants have failed to mitigate damages.

11. Defendants/Counter-Claimants have engaged in conduct with respect to the activities which are the subject of the Counter-Claim and, by reason of said activities and conduct, are estopped from asserting any claim or damages or seeking any other relief against these answering Counter-Defendants.

12. Defendants/Counter-Claimants have engaged in conduct and activities sufficient to constitute a waiver of any alleged conduct, if any, as set forth in the Counter-Claim.

13. Defendants/Counter-Claimants waited an unreasonable period of time to complain of and pursue the matter alleged in the Counter-Claim, to the prejudice of Counter-Defendants and, therefore, Defendants/Counter-Claimants are barred from pursuing this action based on the equitable doctrine of laches.

14. Any duty or obligation Counter-Defendants may have had to perform certain acts on behalf of Defendants/Counter-Claimants was tendered impossible to perform due to the lack of performance by Defendants/Counter-Claimants.

15. To the extent the Court determines that Defendants/Counter-Claimants and Counter-Defendants were parties to a contract which expressly or by operation of law impliedly imposed upon all the parties the duty of good faith and fair dealing, Counter-Defendants allege that Defendants/Counter-Claimants engaged in acts, omissions and courses of conduct which constituted a breach of said duty, which breach prevented these answering Counter-Defendants from performing their obligations, if any, under said contracts.

16. At all times herein mentioned, the conduct of Defendants/Counter-Claimants and their agents and representatives, in filing and serving this Counter-Claim, was wrongful, in bad faith, malicious, without probable cause and for an improper and ulterior purpose justifying an award of sanctions

17. Counter-Defendants allege that any and all damages or injuries alleged by Defendants/Counter-Claimants, if any, were not and are not the result of any acts or omissions by these answering Counter-Defendants actually causing said damages or injuries.

18. Counter-Defendants allege that Defendants/Counter-Claimants prevented these answering Counter-Defendants' performance.

19. Counter-Defendants allege that there was a failure of consideration.

20. Counter-Defendants allege that there was a lack of consideration.

21. Counter-Defendants alleged that the agreement, if any, is barred by the statute of frauds.

22. Counter-Defendants allege that the contract, if any, was unenforceable for the reason that it was unconscionable at the time it was made.

23. Counter-Defendants allege that, if the contract was breached, the Defendants/Counter-Claimants waived the breach.

24. Defendants/Counter-Claimants are precluded from any relief by reason that Defendants/Counter-Claimants have in fact suffered no damages.

25. Counter-Defendants reserve the right to amend their Answer with additional defenses and to raise any other matter in avoidance or affirmative defense.

WHEREFORE, Counter-Defendants pray that Defendants/Counter-Claimants take nothing by reason of their suit herein, that judgment be rendered in favor of Counter-Defendants and against Defendants/Counter-Claimants, for all costs of suit herein incurred, for attorneys' fees and for such other and further relief as this Court may deem just and proper.

Dated: November 16, 2007 MILLER, KING & JAMES, LLP

By: /S/ David D. Miller
David D. Miller
Nicholas S. King
Patricia I. James
Attorneys for Counter-Defendants