David D. Miller (State Bar No. 66863)
Nicholas S. King (State Bar No. 179605)
Patricia I. James (State Bar No. 90633)
MILLER, KING & JAMES, LLP
ATTORNEYS AT LAW
707 Broadway, Suite 1800
San Diego, CA 92101-5314
Telephone: 619.685.0077
Facsimile: 619.685.0011

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARRYL MURRAY and DEBRA MURRAY,<br><br>Plaintiffs,<br><br>v.<br><br>HOST INTERNATIONAL, INC., and DOES 1-100, Inclusive.<br><br>Defendants. | CASE NO.:07CV2056-H (BLM)<br><br>FIRST AMENDED COMPLAINT FOR VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT; WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY; BREACH OF CONTRACT; BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AND LOSS OF CONSORTIUM<br><br>Magistrate Barbara Lynn Major |

Plaintiffs DARRYL MURRAY (hereinafter referred to as "DARRYL") and DEBRA MURRAY (hereinafter referred to as "DEBRA"), having erroneously named HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC. and HMS HOST USA, INC., as Defendants whereas the proper name is HOST INTERNATIONAL, INC., hereby file their first amended complaint naming HOST INTERNATIONAL, INC. and DOES 1-100, Inclusive, as the proper Defendants,

allege:

**GENERAL ALLEGATIONS**

1. Plaintiffs, were, at all times herein mentioned, residents of the County of San Diego, State of California.

2. Plaintiffs are informed and believe and thereon allege that defendant HOST INTERNATIONAL, INC. (hereinafter referred to as "HOST") is, and at all times herein mentioned

was, a corporations operating, and doing business and located in the County of San Diego, State of California.

3. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 2 through 100, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

4. Plaintiffs are informed and believe and thereon allege that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiffs' damages as herein alleged were proximately caused by their conduct.

5. Plaintiffs are informed and believe and thereon allege that each of the defendants named herein was, at all times herein mentioned, the agent and employee of the remaining defendants and, in doing the things hereinafter alleged, each was acting within the course and scope of said agency and employment.

**FIRST CAUSE OF ACTION**

(Violation of Fair Employment and Housing Act - Employment Discrimination by DARRYL)

6. DARRYL hereby realleges and incorporates herein by this reference paragraphs 1 through 5 of the General Allegations.

7. HOST is an entity subject to suit under the California Fair Employment and Housing Act, Government Code §12900 et seq. (hereinafter referred to as the "FEHA"), in that HOST is an employer who regularly employs five or more persons.

8. The unlawful employment practice complained of herein occurred in San Diego County.

9. On December 18, 1988, DARRYL was hired by HOST in the capacity of "Operations Manager." On September 21, 2006, HOST terminated DARRYL's employment. At the time of termination, DARRYL's ending title was General Manager.

10. DARRYL was 52 years old at the time of his termination

11. At all times herein, DARRYL was qualified for the position of General Manager in that he was given positive performance evaluations and raises.

12. The fact that DARRYL was over 40 years old was a substantial factor in HOST's

decision to terminate DARRYL's employment. HOST intentionally terminated DARRYL's employment because of DARRYL's age.

13. HOST stated that DARRYL's termination of employment was due to sexual harassment and creating a hostile work environment. However, this reason is a pretext for discrimination on account of DARRYL's age in that, among other things, (i) DARRYL never engaged in sexual misconduct and/or created a hostile working environment; (ii) HOST never informed DARRYL of the specifics of the alleged allegations against him; (iii) HOST never conducted a proper investigation into those alleged allegations; (iv) and DARRYL's replacement is believed to be younger than DARRYL at the time the replacement filled DARRYL's position.

14. HOST's discriminatory actions against DARRYL, as alleged above, constituted unlawful discrimination in employment on account of age in violation of Government Code §12900 et seq.

15. As a proximate result of HOST's actions as alleged above, HOST has caused and continues to cause DARRYL lost wages, salary, earnings and other economic benefits from employment that DARRYL would have received if DARRYL had not been terminated from his position with HOST. As a result of such discrimination and consequent harm, DARRYL has suffered such damages in an amount according to proof.

16. As a further proximate result of HOST's actions as alleged above, DARRYL has been harmed in that DARRYL has suffered the intangible loss of such employment-related opportunities as further experience in the position from which DARRYL was terminated. As a result of such discrimination and consequent harm, DARRYL has suffered such damages in an amount according to proof.

17. As a further proximate result of HOST's actions as alleged above, DARRYL has been harmed in that DARRYL has suffered humiliation, mental anguish, and emotional distress. As a result of such discrimination and consequent harm, DARRYL has suffered such damages in an amount according to proof.

18. The above-recited actions of HOST in terminating DARRYL's employment were done

with malice or oppression, and in reckless disregard of DARRYL's rights. Specifically, HOST wrongfully accused DARRYL of sexual harassment and failed to conduct a proper investigation of the facts. DARRYL was never issued a report of any kind detailing the specifics of the allegations, nor was DARRYL issued any documents that stated the reason for his termination.

19. On March 2, 2007 the Department of Fair Employment and Housing advised DARRYL that he had the right to file a private lawsuit in a California Superior Court within one year of the date of that notice.

**SECOND CAUSE OF ACTION**

(Wrongful Discharge in Violation of Public Policy by DARRYL)

20. DARRYL hereby realleges and incorporates herein by this reference paragraphs 1 through 5 of the General Allegations and paragraphs 7 through 18 of the First Cause of Action.

21. HOST wrongfully discharged DARRYL in violation of the public policy of the State of California to protect individuals from discrimination in employment matters on the basis of age.

**THIRD CAUSE OF ACTION**

(Breach of Implied Contract by DARRYL)

22. DARRYL hereby realleges and incorporates by this reference paragraphs 1 through 5 of the General Allegations and paragraphs 9 through 13 and 15 through 17 of the First Cause of Action.

23. At the time of hiring of and during the employment of DARRYL, there were policies, guidelines and practices and individual performance warnings, evaluations and instruction giving rise to an implied-in-fact contract relied on by DARRYL that he would not be discharged unless there was good cause to do so.

24. DARRYL at all times fulfilled his duties and conditions under the contract and has been ready, willing and able to continue performing them in a competent and satisfactory manner.

25. Notwithstanding the implied promises to terminate the employment contract only for good cause, DARRYL was terminated due to his age.

26. As a proximate result of HOST's breach of the implied-in-fact contract, DARRYL has

suffered and continues to suffer losses in earnings and other employment benefits, to his damage in an amount to be established at the time of trial.

**FOURTH CAUSE OF ACTION**

(Breach of the Implied Covenant of Good Faith and Fair Dealing by DARRYL)

27. DARRYL hereby reallege and incorporate by this reference paragraphs 1 through 5 of the general allegations and paragraphs 7 through 13 and 15 through 19 of the First Cause of Action.

28. The employment referred to above contained an implied covenant of good faith and fair dealing which obligated HOST to perform the terms and conditions of the agreement fairly and in good faith and to refrain from doing any act that would prevent or impede DARRYL from performing any or all of the conditions of the contract that he agreed to perform, or any act that would deprive DARRYL of the benefits of the contract.

29. DARRYL reasonably relied on HOST's conduct regarding the causes for which employees can be discharged and the procedures set forth for such discharges. As a result, DARRYL had the expectation that HOST would apply its policies even-handedly to afford DARRYL the protection of those procedures if HOST believed there was cause to discharge DARRYL.

30. DARRYL performed all the duties and conditions of the employment agreement.

31. HOST knew that DARRYL fulfilled all of his duties under the contract.

32. HOST breached the implied covenant of good faith and fair dealing under the employment agreement by discharging him intentionally, maliciously and without probable cause, in bad faith and for reasons extraneous to the contract, i.e., age.

**FIFTH CAUSE OF ACTION**

(Loss of Consortium by DEBRA)

33. DEBRA realleges and incorporates herein by reference paragraphs 1 through of the General Allegations, paragraphs 7 through 19 of the First Cause of Action, paragraph 21 of the Second Cause of Action, paragraphs 23 through 26 of the Third Cause of Action and paragraphs 28 through 32 of the Fourth Cause of Action.

34. DEBRA and DEBRA's spouse, DARRYL, were, at all times relevant to this action, and now are, husband and wife.

35. Prior to the emotional injuries, DEBRA's spouse was able to and did perform his duties as a husband. Subsequent to the injuries, and as a proximate result thereof, DEBRA's spouse has been unable to perform the necessary duties as a husband and the work and services usually performed in the care, maintenance and management of the family and home, and DEBRA's spouse will be unable to perform such work, services, and duties in the future. By reason thereof, DEBRA has been and will be deprived of the consortium of her spouse, including the performance of her spouse's necessary duties, all to DEBRA's damage in an amount according to proof.

WHEREFORE, Plaintiffs pray for judgment against the Defendants, and each of them, as follows, as appropriate to each cause of action alleged and as appropriate to the particular standing of Plaintiffs:

1. For back pay, front pay, vacation pay, bonus from September 21, 2006 and other monetary relief according to proof;

2. For general damages according to proof;

3. For medical and related expenses according to proof;

4. For exemplary, punitive and liquidated damages in an amount appropriate to punish defendants for their wrongful conduct and set an example for others.

5. For interest on the sum of damages awarded, calculated from September 21, 2006 to the date of judgment;

6. For reasonable attorney's fees pursuant to Government Code §12965(b);

7. For costs of suit herein incurred; and

8. For such other and further relief as the court deems proper.

Dated: January 10, 2008 MILLER, KING & JAMES, LLP

By: s/ Patricia I. James
David D. Miller
Nicholas S. King
Patricia I. James

Attorneys for Plaintiffs