BAILEY LAW GROUP, P.C.
KATHY BAILEY (*admitted pro hac vice*)
SERAFINA RASKIN (California Bar No. 244960)
8105 Irvine Center Drive
Suite 900
Irvine, CA 92618
Telephone: (949) 453-1755
Facsimile: (949) 453-1757

Attorneys for Defendant
HOST INTERNATIONAL, INC.

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARRYL MURRAY and DEBRA MURRAY,<br><br>Plaintiffs,<br><br>vs.<br><br>HOST INTERNATIONAL, INC.,<br><br>Defendant. | CASE NO.: 3:07-CV-02056-H (BLM)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT HOST INTERNATIONAL, INC.<br><br>**Date: September 22, 2008**<br>**Time: 10:30 a.m.**<br>**Place: Room 13**<br>**Pre-Trial Conf: October 20, 2008** |

PLEASE TAKE NOTICE that on September 22, 2008 at 10:30 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Marilyn Huff, United State District Judge for the Southern District of California, located at 940 Front Street, San Diego, CA 92101, Defendant HOST INTERNATIONAL, INC. (“HOST”), will move this Court for summary judgment in favor of HOST and against Plaintiffs, Darryl and Debra Murray (hereinafter “Plaintiffs”), as to all causes of action. HOST submits the following Memorandum of Points and Authorities in support of its Motion for Summary Judgment.

# TABLE OF CONTENTS


| | | Page |
|---|---|---|
| I. | INTRODUCTION | 2 |
| II. | STATEMENT OF FACTS | 2 |
| III. | THE STANDARD OF REVIEW FOR SUMMARY JUDGMENT | 4 |
| IV. | MR. MURRAY'S CLAIM FOR AGE DISCRIMINATION UNDER THE FAIR EMPLOYMENT AND HOUSING ACT FAILS AS A MATTER OF LAW | 5 |
| | **A. Mr. Murray Cannot Establish A Prima Facie Case of Age Discrimination** | 5 |
| | 1. Mr. Murray Has Failed To Show That He Was Performing His Job In A Satisfactory Manner | 6 |
| | 2. Mr. Murray Cannot Show That His Replacement Was Substantially Younger And Had Inferior Qualifications | 6 |
| | **B. HOST's Reasons For Terminating Mr. Murray's Employment Are Legitimate And Non-Discriminatory** | 7 |
| | **C. Mr. Murray Cannot Show That HOST's Reason For His Discharge Was False Or A Pretext** | 8 |
| V. | MR. MURRAY'S CLAIM FOR VIOLATION OF PUBLIC POLICY FAILS AS A MATTER OF LAW | 9 |
| VI. | MR. MURRAY'S CLAIM FOR BREACH OF AN IMPLIED CONTRACT FAILS AS A MATTER OF LAW | 9 |
| | **A. There Was Never Any Contract, Implied Or Explicit, Between Mr. Murray And HOST** | 9 |
| | **B. Even if Mr. Murray Can Establish That An Implied Contract Existed, HOST Still Had Good Cause For His Discharge** | 11 |
| VII. | MR. MURRAY'S CLAIM FOR VIOLATION OF THE IMPLIED CONVENANT OF GOOD FAITH AND FAIR DEALING FAILS AS A MATTER OF LAW | 12 |

**A. Mr. Murray's Implied Covenant Claim Is Duplicative of His Claim For Breach Of Contract** . . . . . . . . . . 12

**B. Mr. Murray's Implied Convenant Of Good Faith And Fair Dealing Claim Fails Because Plaintiff Was At All Times Employed On An At Will Basis** . . . . . . . . . . 13

VIII. MS. MURRAY'S LOSS OF CONSORTIUM CLAIM FAILS AS A MATTER OF LAW BECAUSE DARRYL MURRAY CANNOT SUSTAIN HIS CLAIMS FOR WRONGFUL TERMINATION . . . . . . . . . . 14

IX. CONCLUSION . . . . . . . . . . 15

# TABLE OF AUTHORITIES

**CASES** Page(s)

*389 Orange Street Partners v. Arnold*,
179 F.3d 656 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Board of Trustees of Keene State College et al. v. Sweeney*,
439 U.S. 24 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Celotex Corp. v. Castrett*,
477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
475 U.S. 574 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*McCabe v. General Foods Corp.*,
811 F.2d 1336 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*McDonnell Douglas Corp. v. Green*,
411 U.S. 792 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Medina-Munoz v. R. J. Reynolds Tobacco Co.*,
896 F.2d 5 (1st Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Nidds v. Schindler Elevator Corporation*,
113 F.3d 912 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Rose v. Wells Fargo & Co.*,
902 F. 2d 1417 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Schuler v. Chronicle Broadcasting Co., Inc.*,
793 F.2d 1010 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Unt v. Aerospace Corp.*,
765 F.2d 1440 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**STATE CASES** Page(s)

*Aragon-Haas v. Family Sec. Ins. Serv.*,
231 Cal. App. 3d 232 (1991) . . . . . . . . . . 12, 13

*Careau & Co., v. Security Pacific Business Credit, Inc.*,
222 Cal. App. 3d 1371 (1990) . . . . . . . . . . 13

*Cotran v. Huding Hall Internat., Inc.*,
17 Cal. 4th 93 (1998) . . . . . . . . . . 11

*Davis v. Consolidated Freightways*,
29 Cal. App. 4th 354 (1994) . . . . . . . . . . 10, 14

*Etter v. Veriflow Corp.*,
67 Cal. App. 4th 457 (1998) . . . . . . . . . . 5

*Foley v. Interactive Data Corp.*,
47 Cal. 3d 654 (1998). . . . . . . . . . . 9, 12

*Guthrey v. State of California*,
63 Cal. App. 4th 1108 (1998) . . . . . . . . . . 4

*Guz v. Bechtel National, Inc.*,
24 Cal. 4th 317 (2000) . . . . . . . . . . 13

*Jennings v. Marralle*,
8 Cal. 4th 121 (1994) . . . . . . . . . . 9

*Kovatch v. California Casualty Management Co., Inc.*,
65 Cal. App. 4th 1256 (1998) . . . . . . . . . . 10

*Miller v. Pepsi-Cola Bottling Co.*,
210 Cal. App. 3d 1554 (1989). . . . . . . . . . . 10

*Mueller v. J.C. Penny Co.*,
173 Cal. App. 3d 713 (1985) . . . . . . . . . . 14

*Pugh v. See's Candies, Inc.*,
116 Cal. App. 3d 311 (1981) . . . . . . . . . . 11

*Pugh v. See's Candies, Inc.*,
203 Cal. App. 3d 743 (1988) . . . . . . . . . . 11

*Stevenson v. Superior Ct.*,
16 Cal. 4th 880 (1997) . . . . . . . . . . 9

**STATUTES**

Cal. Lab. Code § 2922. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

Fed. R. Civ. Proc. § 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. Proc. § 56(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## I.
## INTRODUCTION

In this case, Darryl Murray claims that he was terminated from his position as a general manager by HOST in violation of a contract that he believes existed, in violation of public policy, and in violation of the Fair Employment and Housing Act ("FEHA"), a statutory provision that prohibits age discrimination. In fact, Mr. Murray was fired for violation of HOST's Non-Harassment Policy and Policy Against Sexual Harassment (collectively referred to as the "Policy"). The person who replaced Mr. Murray was amply qualified and only four years younger than Mr. Murray. Mr. Murray also admits that the only written document he has with HOST expressly provides that his employment is at-will.

Debra Murray claims that she lost the services of Mr. Murray as a husband and provider as a result of his termination. Ms. Murray's cause of action, however, fails as a matter of law because her claim is based only on an injury to Mr. Murray, and Mr. Murray cannot sustain any of his claims. HOST is entitled to summary judgment on each of Plaintiffs' causes of action because the undisputed facts show that the Plaintiffs' claims are unsupported.

## II.
## STATEMENT OF FACTS

HOST is a company that prides itself on fair treatment of all employees and has a zero tolerance policy regarding clams of sexual harassment. Any allegations made against an employee, whether he or she is a manager or an hourly employee, are investigated by human resources professionals. In this case, that process was followed, and based on the results of the investigation, a determination was made that Mr. Murray had violated HOST's Policy. Consequently, on September 21, 2006, Mr. Murray's employment with HOST was terminated. (Statement of Uncontroverted Material Facts ("UF") 1.)

Mr. Murray began working for HOST in December 1988. (UF 1.) During the following 18 years, he held a variety of management level positions, most recently as general manager of the HOST food and beverage operations at San Diego International Airport. (UF 2).

On two prior occasions, Mr. Murray was accused of actions that violated the HOST Policy. (UF 5, 7.) In each of those cases, the human resources investigation was inconclusive and Mr. Murray was counseled and educated on how to comply with the company's Policy, but not terminated. (UF 5-8.)

On September 6, 2006, a new complaint of sexual harassment was filed against Mr. Murray by Ms. Sandra Rosales, an employee of HOST who reported to Mr. Murray. (UF 9.) An investigation was conducted by HOST human resources personnel and, this time, enough corroborating statements were collected, including an admission from Mr. Murray, that HOST had no choice but to terminate Mr. Murray or risk violating state and federal laws prohibiting companies from tolerating sexual harassment in the workplace. (UF 9-13.) In addition to the investigation, Mr. Murray admitted in his deposition that he had inappropriate contact with Ms. Rosales. (UF 14.)

After Mr. Murray was terminated, Mr. Joe Niknam accepted the position as general manager at the San Diego International Airport. (UF 15.) Mr. Niknam is 48 years old, only 4 years younger than Mr. Murray, and had over 16 years of service with HOST, including serving as general manager at two other airports prior to taking over the position previously held by Mr. Murray. (UF 15-18.)

In addition to Mr. Murray's claims, Ms. Murray also asserts a loss of consortium claim against HOST. Specifically, Ms. Murray asserts that after Mr. Murray's termination, and as a direct result of the trauma of losing his job, Mr. Murray was no longer able to "perform the necessary duties as a husband. . ." (Pl's Compl. ¶ 35.) Ms. Murray's cause of action, however, fails as a matter of law because her claim is based only on an injury to Mr. Murray, and Mr. Murray cannot sustain any of his claims.

In summary, there are no facts that Plaintiffs can establish that would support any of the claims they have made in their Complaint. The facts unequivocally establish that HOST is entitled to summary judgment on every one of the Plaintiffs' claims.

**III.**
**THE STANDARD OF REVIEW FOR SUMMARY JUDGMENT**

Summary judgment is "mandate[d] ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Castrett*, 477 U.S. 317, 322 (1986). Moreover, the pleadings frame the claims and defenses of the litigation and determine the "material" facts at issue for summary judgment. Fed. R. Civ. Proc. ("FRCP") 56(c); *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665-666 (9th Cir. 1999) (holding that the lower court did not err in refusing to consider unplead claims raised in opposing summary judgment).

Furthermore, "[a] motion for summary judgment must be decided on admissible evidence ...." *Guthrey v. State of California*, 63 Cal.App.4th 1108, 1119 (1998); FRCP 56(e). Where, as in this case, a defendant can show that plaintiff has no competent, admissible evidence to support an element of a cause of action on which he/she bears the burden of proof, summary judgment in defendant's favor is appropriate. *Celotex*, 477 U.S. at 325. Moreover, "[t]he mere existence of a scintilla of evidence ... will be insufficient; there must be evidence on which the jury could reasonably find for [plaintiff]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986); *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 578 (1986); *McCabe v. General Foods Corp.*, 811 F.2d 1336 (9th Cir. 1987).

## IV.
## MR. MURRAY'S CLAIM FOR AGE DISCRIMINATION UNDER THE FAIR EMPLOYMENT AND HOUSING ACT FAILS AS A MATTER OF LAW

In cases lacking direct evidence of age discrimination, such as this one, circuit courts apply the three-part burden shifting framework of *McDonnell Douglas* in determining whether a moving party is entitled to summary judgment.[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this burden-shifting framework, plaintiff must first establish a *prima facie* case of discrimination by a preponderance of the evidence. *Id*. at 802. The burden then shifts to the employer to articulate a legitimate, non-discriminatory reason for its employment decision. *Id*. Once the employer has articulated a legitimate business reason for its actions, the burden shifts back to the plaintiff to rebut the employer's explanation by showing that the employer's stated reason was a pretext for unlawful discrimination and that a protected category was the motivating reason for the unlawful discrimination. *Id*. Demonstrating that the employer's proffered reason is false is not enough to prove discrimination. Rather, the plaintiff bears the burden of proving that the employer intentionally discriminated against him. *Id*.

A. <u>Mr. Murray Cannot Establish A Prima Facie Case Of Age Discrimination</u>

"To establish a *prima facie* case of age discrimination through circumstantial evidence, the plaintiff must show that he was: (1) a member of a protected class [age 40-70]; (2) performing his job in a satisfactory manner; (3) discharged; and (4) replaced by a substantially younger employee with equal or inferior qualifications." *Nidds*, 113 F.3d at 917, *citing Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1421 (9th Cir.1990). Here, there is no dispute that Mr. Murray is over 40 and that he was discharged. Mr. Murray, however, has failed to show that he was performing his job duties in a

---

[1] In light of the parallel anti-discrimination objectives set out in the FEHA and Title VII (also prohibiting age discrimination in employment), courts look to federal court decisions interpreting Title VII in interpreting the FEHA. *See Etter v. Veriflow Corp.*, 67 Cal. App. 4th 457, 465 (1998); *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 916 (9th Cir. 1998).

satisfactory matter and that he was replaced by a substantially younger person who had inferior qualifications.

1. <u>Mr. Murray Has Failed To Show That He Was Performing His Job In A Satisfactory Manner</u>

Every HOST employee is required to abide by HOST's Policy. As a manager, Mr. Murray was especially aware of this Policy because it was part of his responsibilities to enforce it. (UF 19.) Additionally, Mr. Murray received supplemental training on the Policy's application on two previous occasions when he had been accused of sexual harassment by his subordinates. (UF 4-8.) As recently as March 3, 2005, Mr. Murray acknowledged his awareness of and commitment to the Policy when he signed an Associate Acknowledgement of Non-Harassment Policy and Policy Against Sexual Harassment. (Pl's Dep., Ex. 7.)

Despite receiving warnings and additional training on the company's strict non-harassment Policy, Mr. Murray did not heed these warnings. On August 26, 2006, Mr. Murray attended a party at the home of a subordinate employee, Claudia Gallegos. (UF 12). While at the party, Mr. Murray admits that he had inappropriate contact with Sandra Rosales, also a subordinate. (UF 12). When Ms. Rosales reported the incident to HOST, human resources personnel conducted a thorough investigation. (UF 9-13.) They gathered more than enough evidence, including Mr. Murray's own admission and a witness statement from Ms. Gallegos, to determine that Mr. Murray had indeed violated the Policy. (UF 12.) Mr. Murray's violation of this Policy overwhelmingly demonstrates that Mr. Murray was not meeting HOST's standards for its general managers and that his discharge was not only warranted, but necessary under the circumstances.

2. <u>Mr. Murray Cannot Show That His Replacement Was Substantially Younger And Had Inferior Qualifications</u>

Mr. Murray has also failed to show that his successor, Joe Niknam, is substantially younger or less qualified. In fact, Mr. Niknam is only four years younger than Mr. Murray and is himself in the

protected age group. (UF 16). At the time that Mr. Niknam took over as general manager at the San Diego International Airport, he had been employed with HOST in a managerial position for over 16 years. (UF 18.) Moreover, Mr. Niknam has successfully held positions as general manager at two other airports, as well as a shopping mall. (UF 18.) Mr. Murray has no evidence, and cannot prove that Mr. Niknam lacked the qualifications to replace him as the general manager.

Since Mr. Murray lacks evidence demonstrating that his replacement was substantially younger and had inferior qualifications, he cannot make out a *prima facie* case of age discrimination and summary judgment is appropriate on this cause of action.

B. <u>HOST's Reasons For Terminating Mr. Murray's Employment Are Legitimate And Non-Discriminatory</u>

Assuming, *arguendo*, that Mr. Murray can establish a *prima facie* case of age discrimination, the burden shifts to HOST to articulate a legitimate, non-discriminatory reason for terminating his employment. The actual burden of proving that defendants intentionally discriminated against plaintiff remains with plaintiff at all times. *Board of Trustees of Keene State College et al. v. Sweeney*, 439 U.S. 24, 29 (1978)(explaining that "it is only the burden of producing evidence of legitimate nondiscriminatory reasons which shifts to the employer; the burden of persuasion, as the Court of Appeals properly recognized, remains with the plaintiff.").

HOST has more than articulated its legitimate reason to terminate Mr. Murray. As stated above, HOST had a duty both based on its own internal policies and based on federal and state laws, to investigate all complaints of sexual harassment. When Ms. Rosales filed her complaint against Mr. Murray, HOST commenced an investigation into the allegations. (UF 9-13.) Upon substantiating Ms. Rosales' claims with witness statements and even by Mr. Murray's own admission, HOST had no choice but to terminate his employment. HOST has more than met its showing that it had a legitimate reason to terminate Mr. Murray's employment, therefore the burden shifts to Mr. Murray to show otherwise.

C. Mr. Murray Cannot Show That HOST's Reason For His Discharge Was False Or A Pretext

Since HOST has articulated a legitimate, non-discriminatory reason for terminating Mr. Murray's employment, he now bears the ultimate burden to produce "specific and significantly probative evidence" that HOST's stated reason was nothing more than a pretext. *See Schuler v. Chronicle Broadcasting Co., Inc.*, 793 F.2d 1010, 1011 (9th Cir. 1986) (affirming summary judgment for the employer).

The only specific evidence Mr. Murray points to of HOST's alleged discrimination was that he had been with HOST a long time and was receiving a high salary. (UF 20). Mr. Murray admits, however, that only a few months before his termination, the President of HOST, Mr. Elie Maalouf, offered him a promotion and raise, which he turned down because he did not wish to relocate. (UF 21.) This admission by Mr. Murray alone shows that HOST had no intention of terminating his employment simply because of his length of service or salary. A company that was looking to discriminate against an employee on the basis of his age would not offer that same employee a promotion, raise and opportunity for further career advancement just months before terminating his employment.

Moreover, the employee that replaced Mr. Murray, Joe Niknam, is only 4 years younger than Mr. Murray and also protected by the Fair Employment and Housing Act ("FEHA") because he is over 40. (UF 16.) Furthermore, Mr. Niknam was also highly paid and had been employed with HOST for over 16 years. (UF 18.) Indeed, nothing about Mr. Murray's termination suggests anything other than that HOST acted in absolute conformance with HOST's Policy and terminated Mr. Murray for sexual harassment, not based on age. Since Mr. Murray cannot, and has not, produced specific substantial evidence showing that HOST's stated reason for his discharge is pretextual, HOST is entitled to summary judgment as to Mr. Murray's age discrimination claim.

## V.
## MR. MURRAY'S CLAIM FOR VIOLATION OF PUBLIC POLICY FAILS AS A MATTER OF LAW

Under California law, in order to establish the existence of a violation of a fundamental public policy in the context of a wrongful discharge action, the asserted public policy must have a basis in either constitutional or statutory provisions. While the California Constitution expresses a fundamental public policy against race and sex discrimination, the California Supreme Court recently determined that there is "no law of this state other than the FEHA which proscribes discrimination on the basis of age." *Jennings v. Marralle*, 8 Cal. 4th 121, 132 (1994)(distinguished on other grounds by *Stevenson v. Superior Ct.*, 16 Cal. 4th 880 (1997)). As described above, summary judgment is proper on Mr. Murray's wrongful discharge claim because Mr. Murray has not established that HOST's conduct violated the FEHA.

## VI.
## MR. MURRAY'S CLAIM FOR BREACH OF AN IMPLIED CONTRACT FAILS AS A MATTER OF LAW

### A. <u>There Was Never Any Contract, Implied Or Explicit, Between Mr. Murray And HOST</u>

Mr. Murray contends that an implied-in-fact contract existed that required HOST to have good cause before terminating his employment. In California, however, an employment relationship having no set term is presumed to be terminable at will. Cal. Lab. Code § 2922. A party may overcome the at-will presumption by proving with competent evidence that an implied contract to terminate only for good cause exists. *See Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 680 (1998). In analyzing whether an at-will presumption has been overcome, California courts consider the "totality of the circumstances" surrounding the employer-employee relationship, including: (1) the personnel policies and practices of the employer, (2) the employee's longevity of service; (3)

actions or communications by the employer reflecting assurances of continued employment; and (4) practices in the industry. *Id*. at 681.

Mr. Murray cannot overcome the at-will presumption of Cal. Lab. Code section 2922 because he has no evidence to show that the totality of the circumstances created an implied contract to terminate only with good cause. In fact, the totality of the circumstances demonstrates the existence of a clear policy of at-will employment. Two separate written offers of employment signed by Mr. Murray in December 1999 and May 2000, expressly provide that: "[these] letter[s are] *not a contract or guarantee of employment*." (UFs 22-23) (emphasis added). Mr. Murray also admits that: (1) no executive officer ever orally promised that HOST would only terminate him for good cause; and (2) no executive officer at HOST expressly told him that HOST would employ him for a specified period of time. (UF 24) Despite these admissions, Mr. Murray contends that an implied contract to terminate only for good cause existed because he received multiple promotions, positive annual reviews and oral praise of his work during his lengthy employment with HOST.

The evidence offered by Mr. Murray, however, is not enough, as a matter of law, to overcome the presumption of at-will employment: "Lengthy employment, promotions and positive reviews [] by themselves, do not create an implied contract to terminate only for good cause." *Kovatch v. California Casualty Management Co., Inc.*, 65 Cal. App. 4th 1256, 1276 (1998)(disapproved on other grounds)(positive performance reviews, commendations, salary increase and vague assurances are "natural occurrences of an employee who remains with an employer for a substantial length of time" and does not give rise to implied contract); *Miller v. Pepsi-Cola Bottling Co.*, 210 Cal. App. 3d 1554, 1559 (1989) (finding that 11 years of employment is insufficient to give rise to implied contract); *see Davis v. Consolidated Freightways*, 29 Cal. App. 4th 354, 366-69 (1994) (finding no implied contract for ten year employee and stating "[c]onspicuously absent from plaintiff's pleadings or evidence is

any hint that he was ever told at any time that he had permanent employment or that he would be retained as long as he was doing a good job”).

Nothing presented by Mr. Murray demonstrates the existence of circumstances beyond what is expected as part of any normal long-term employment relationship. Moreover, HOST has presented ample evidence to show that Mr. Murray’s employment was at-will. Accordingly, his claim for breach of an implied contract fails as a matter of law.

B. Even If Mr. Murray Can Establish That An Implied Contract Existed, HOST Still Had Good Cause For His Discharge

Even if, as Mr. Murray claims, there had been a contract that ensured that Mr. Murray would not be terminated other than for cause, HOST did not breach that contract. Mr. Murray’s employment was terminated when he violated HOST’s Policy. The law is clear that employers may terminate employees who engage in misconduct. *See Medina-Munoz v. R. J. Reynolds Tobacco Co.*, 896 F.2d 5, 9 (1st Cir. 1990). Furthermore, employees may not seek protection for activities that violate company rules, knowingly disobeying orders, disrupting the work environment, or interfering with company goals. *See Unt v. Aerospace Corp.*, 765 F.2d 1440, 1446 (9th Cir. 1985).

In looking at the decision to terminate employment, courts will generally defer to the employer's good faith exercise of its managerial discretion. *See e.g., Cotran v. Hudig Hall Internat., Inc.*, 17 Cal.4th 93, 100-101 (1998) (“ ‘[a]n employer must have wide latitude in making independent, good faith judgments ... without the threat of a jury second-guessing its business judgment . . .”) (citing, *Pugh v. See's Candies, Inc.*, 203 Cal. App. 3d 743, 769 (1988)(italics in original). Additionally,“[c]are must be taken [by courts]... not to interfere with the legitimate exercise of managerial discretion.... And where ... the employee occupies a sensitive managerial or confidential position, the employer must of necessity be allowed substantial scope for the exercise of subjective judgment.” *Pugh v. See's Candies, Inc.*, 116 Cal. App. 3d 311, 330 (1981)(overruled on other grounds).

HOST followed its legitimate business practices in making the decision to terminate Mr. Murray. It conducted a thorough investigation of the allegations, a fact that Mr. Murray admitted in his deposition. In fact, when counsel for HOST asked Mr. Murray whether he could think of any additional witnesses with whom investigators should have spoken, Mr. Murray could not think of anyone. (UF 25.) Moreover, Ms. Murray, during her deposition similarly admitted that "two weeks prior to him being fired, [HOST was] doing extensive interviews with the whole staff . . ." (UF 26.) Based on the thorough investigation which substantiated the sexual harassment complaint against Mr. Murray, HOST determined that he violated HOST's Policy. The violation of this vital Policy constituted good cause for HOST's termination decision.

## VII.
## MR. MURRAY'S CLAIM FOR VIOLATION OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING FAILS AS A MATTER OF LAW

### A. Mr. Murray's Implied Covenant Claim Is Duplicative of His Claim For Breach Of Contract

Mr. Murray bases his claim for breach of implied covenant on the identical allegations as his contract claim, *i.e.*, that HOST allegedly failed to terminate him with good cause. It is well established that, in the employment context, the implied covenant of good faith and fair dealing imposes no greater and no different obligations on the parties than the contract itself. *See Foley*, 47 Cal.3d at 684 (the California Supreme Court unequivocally held that contractual remedies should remain the sole available relief for breaches of the implied covenant in the employment context); *Aragon-Haas v. Family Sec. Ins. Serv.*, 231 Cal. App. 3d 232, 282 Cal. Rptr. 233 (1991)(breach of contract and breach of the implied covenant damages are the same). As explained by the California Court of Appeals:

> If the allegations [of a breach of covenant claim] do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated.

*Careau & Co., v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990) (emphasis added). In *Careau*, the Court concluded that since the plaintiffs had “alleged nothing more than a duplicative claim for contract damages, the trial Court was correct in sustaining a demurrer to [the breach of covenant claim] without leave to amend.” *Id*. at 1401; *see also Aragon-Haas*, 231 Cal. App. 3d at 240 (sustaining demurrer without leave to amend, and explaining that the implied covenant claim “add[s] nothing because the same conduct on defendant's part is alleged to constitute breach of both the ... contract and the covenant. For breach of either, plaintiff may recover only contract damages.”).

Here, as in *Careau*, Mr. Murray seeks to recover for both breach of contract and breach of implied covenant. As Mr. Murray’s allegations for the breach of covenant claim rely on the same facts as his breach of contract claim, his claim for breach of the implied covenant is superfluous and summary judgment should be granted as to this cause of action.

B. Mr. Murray's Implied Covenant Of Good Faith And Fair Dealing Claim Fails Because Plaintiff Was At All Times Employed On An At-Will Basis

Mr. Murray claims that the implied covenant of good faith and fair dealing prevents HOST from terminating his employment without cause. In *Guz*, the California Supreme Court affirmed that the implied covenant of good faith and fair dealing does not change the essential feature of the at-will employment relationship; the employment relationship may be severed by either party at any time, without cause. *Guz v. Bechtel National, Inc.*, 24 Cal. 4th 317, 350-51. The court explained that the covenant "exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreements actually made." *Id*. at 349. "[P]recisely because employment at will allows the employer freedom to terminate the relationship as it chooses, the employer does not frustrate the employee's contractual rights merely by doing so." *Id*. at 350.

As discussed above, Mr. Murray was an at-will employee of HOST. (UF 22-24.) As a matter of law, the covenant of good faith and fair dealing does not apply to at-will employees. Assuming, *arguendo*, that Mr. Murray can prove the existence of an implied contract, in any case, Mr. Murray violated company Policy by his inappropriate acts toward a subordinate. Mr. Murray can show no facts that support his claim on this count. Like his contract claim, Mr. Murray's at-will employment status precludes his claim for breach of the implied covenant of good faith and fair dealing.

## VIII.
## MS. MURRAY'S LOSS OF CONSORTIUM CLAIM FAILS AS A MATTER OF LAW BECAUSE DARRYL MURRAY CANNOT SUSTAIN HIS CLAIMS FOR WRONGFUL TERMINATION

Ms. Murray claims that as a result of the injuries allegedly sustained by Mr. Murray arising out of the termination of his employment with HOST, she has suffered a loss of consortium. A cause of action for loss of consortium is dependent on the existence of a tortious injury to a spouse. *See, e.g., Davis v. Consolidated Freightways*, 29 Cal. App. 4th 354, fn 1 (1994) and *Mueller v. J.C. Penney Co.*, 173 Cal. App. 3d 713, 723 (1985).

In *Davis*, the plaintiff's wife sued for loss of consortium based on the alleged wrongful termination of her husband. After granting summary judgment on the husband's claims, the court found that the wife's loss of consortium claim failed since it is derivative of her husband's claims. *Davis*, 29 Cal. App. 4th at 354, fn 1.

Similarly, in *Mueller*, the wife fully litigated her tort claim against defendants and the jury found in favor of defendants. 173 Cal. App. 3d at 723. The court found that the husband's claims were barred by the adverse determination against his wife, reasoning that since in order to "prevail on his loss of consortium claim, [husband] must show liability ([defendant's] tortious injury to [wife]) and damages. . ..“If [the defendant] is not liable for [the wife's injuries, how can it be liable to [the husband] for loss of his wife's consortium? It cannot." *Id.* Similarly, if this court grants summary

judgment as to Mr. Murray's causes of action in tort, Ms. Murray's is barred by the adverse determinations against her husband.

As Ms. Murray's claim for loss of consortium is dependant on Mr. Murray's claims, Mr. Murray's failure to sustain his causes of action means Ms. Murray's claim fails as a matter of law. For these reasons, summary judgment is appropriate as to Ms. Murray's cause of action for loss of consortium.

## IX.
## CONCLUSION

HOST respectfully requests that this Motion be granted in its entirety.

DATED: August 22, 2008

BAILEY LAW GROUP, P.C.

BY: s/Serafina Raskin

Attorney for Defendant
HOST INTERNATIONAL, INC.
Email: sraskin@baileylawgroup.com