BAILEY LAW GROUP, PC
KATHY DIANE BAILEY (*admitted pro hac vice*)
SERAFINA RASKIN (California Bar No. 244960)
8105 Irvine Center Drive
Suite 900
Irvine, CA 92618
Telephone: (949) 453-1755
Facsimile: (949) 453-1757

Attorney for Defendant
HOST INTERNATIONAL, INC.

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARRYL MURRAY and DEBRA MURRAY,<br>Plaintiffs,<br><br>vs.<br><br>HOST INTERNATIONAL, INC.,<br>Defendant. | CASE NO.: 3:07-CV-02056-H (BLM)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE AMY OPPENHEIMER'S EXPERT REPORT AND TRIAL TESTIMONY**<br><br>**Date: September 22, 2008**<br>**Time: 10:30 a.m.**<br>**Place: Room 13**<br>**Pre-Trial Conf: October 20, 2008** |

Defendant Host International, Inc. ("HOST"), moves this Court to exclude the Plaintiffs' Initial Expert Witness Report and any related trial testimony by Amy Oppenheimer as an expert for Plaintiffs Darryl and Debra Murray in the above captioned matter.

## STATEMENT OF FACTS

Pursuant to the order regulating discovery in this case, dated January 11, 2008, Plaintiffs' expert witness disclosures required by Fed. R. Civ. Pro 26(a)(2) were due on May 30, 2008. On June 3, 2008, HOST received Plaintiffs' Expert Report (the "Report") by Amy Oppenheimer. In the Report, Ms. Oppenheimer conceded that insignificant discovery had been conducted and, without reviewing the testimony of the investigator(s) and decision maker(s), she could not provide a

complete opinion. As of the date of the Report, discovery had been ongoing for over five months, yet Plaintiffs had not served HOST with any requests for documents, requests for admission, interrogatories, nor deposed any witnesses. Instead, the incomplete Report was based only on the single deposition transcript of Mr. Murray and the human resources records produced to Plaintiff by HOST.

## ARGUMENT

The Plaintiff's Report and any expert testimony based on the Report should be excluded from evidence in this case under Federal Rule of Civil Procedure 37 because it is incomplete pursuant to Federal Rule 26(a)(2)(B), and is irrelevant and unreliable under Federal Rules of Evidence 401 and 702. Allowing Plaintiffs to use the Report and Ms. Oppenheimer's testimony based on the Report contravenes the purpose and intent of the rules and severely prejudices HOST. Accordingly, the Report and Ms. Oppenheimer's testimony should be excluded under Federal Rule of Civil Procedure 37 and pursuant to Federal Rules of Evidence 401 and 702.

### I. Ms. Oppenheimer's Report It Is Incomplete Under Federal Rule Of Civil Procedure 26(a)(2)(B) And Should Be Excluded Pursuant to Federal Rule of Civil Procedure 37

Under Federal Rule of Civil Procedure 26(a)(2)(B), as amended, an expert must make a "complete statement of all opinions to be expressed and the basis and reasons therefore." Fed. R. Civ. P. 26(a)(2)(B)(emphasis added). The purpose of this rule is to "focus the discovery that is needed, and facilitate preparation for trial or settlement." Fed. R. Civ. P. 26(a)(1) Advisory Committee's Note (1993); *see also, Continental Lab. Prod., Inc. v. Medax Int'l, Inc.*, 195 F.R.D. 675, 676 (S.D. Cal. 2000)("The purpose of these rules . . . is to curb dilatory litigation tactics."); *Southern States Rack & Fixture, Inc. v. Sherwin–Williams Co.*, 318 F3d 592, 596 (4th Cir. 2003)("A Party that fails to provide the[] disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case.").

Moreover, a party may not use an incomplete initial report as a place-holder to which to add the bulk of its substance by way of supplementation. *See Sierra Club v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996)(explaining that the “lion share” of the expert’s information must be provided at the initial report and that to permit otherwise would mean that a party would have indefinite extension as long as they filed a preliminary report.). If a party feels that it does not have sufficient time to complete the report, it is that party’s responsibility to obtain an extension. *See Quevo v. Trans-Pacific Shipping, Inc.*, 143 F. 3d 1255, 1258 (9th Cir. 1998).

A party who serves an incomplete expert report on an opposing party is not allowed the benefit of offering it at trial if the incompleteness of the report was not justified and it would cause harm to the opposing party. *See Jacobsen v. Deseret Book Co*., 287 F.3d 936, 953 (10th Cir. 2002). Fed. R. Civ. P. 37(c)(1) provides that “a party …without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial . . . any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). The requirements of Fed. R. Civ. P. 37, which are automatic and self-executing, were intended to eliminate surprise, avoid unnecessary depositions and reduce costs. *Salgado ex rel. Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 741 n.6 (7th Cir. 1998). Therefore, it is not necessary that the party opposing the admission of the expert report and the expert witness testimony filed a motion to compel the information prior to seeking sanctions under Rule 37 from the Court. *Sierra Club*, 73 F.3d at 572. Moreover, the party moving to exclude the report does not need to show that the nondisclosing party acted in bad faith for the exclusion remedy to apply. *See Southern States Rack & Fixture, Inc. v. Sherwin–Williams Co.*, 318 F3d 592, 596 (4th Cir. 2003).

Plaintiffs cannot argue that the Report was complete because in the body of the Report, Ms. Oppenheimer admits that her opinion is both incomplete and preliminary. (Expert Report of Amy

Oppenheimer at 2 attached hereto as Exhibit 1)("...[M]y report is preliminary, based on discovery to date and will be amended after discovery is complete."). In fact, Ms. Oppenheimer admits to only having reviewed Plaintiff Darryl Murray's deposition transcript and human resources records prior to rendering her opinion. Thus, the Report does not comply with the requirements of Rule 26(a)(2). *See Salgado*, 150 F.3d at 741 n.6 ("Expert reports must not be ... preliminary in nature.").

Moreover, prior to Ms. Oppenheimer tendering her Report, Plaintiffs had not conducted **any** discovery in the matter. Ms. Oppenheimer could not, and, in fact, did not consider in her Report the testimony of the human resources professionals who conducted the investigation into the complaint of sexual harassment against Mr. Murray and, therefore, cannot render an opinion as to the investigation's completeness and validity.[1] In the Report, Ms. Oppenheimer admits that "[s]ince I have not yet had the opportunity to review the depositions of the investigator(s), I cannot yet give an opinion as to their suitability to investigate this complaint." (Expert Report of Amy Oppenheimer at 3.) Nevertheless, Ms. Oppenheimer concludes that the use of multiple investigators was flawed. She states that dividing the task of interviewing parties and witnesses is not a usual human resources practice because it is impossible for several investigators to make credibility determinations if there is a conflict in the evidence. In fact Ms. Oppenheimer's presumptions as to how the investigation was completed were invalid. During Plaintiffs' deposition of the investigators, it was revealed that Ms. Castro, a single human resources professional completed the initial investigation before calling upon Loss Prevention professionals for a second round of interviews. (Castro Dep. 99:3-19 (July 18, 2008) attached hereto as Exhibit 2.)

---

[1] In fact, at the ENE conference, Magistrate Major expressed her disappointment that Plaintiffs had not completed any discovery tendering the ENE conference of little value for the purpose of settlement. Moreover, Magistrate Major also warned Plaintiffs that she would not extend any discovery deadlines.

Moreover, since Ms. Oppenheimer tendered her initial Report, Plaintiffs have deposed *seven* current or former HOST employees, including the human resources individuals responsible for carrying out the sexual harassment investigation and the essential fact witnesses in this case. Indeed, Plaintiffs did not complete any depositions until two weeks prior to the discovery deadline. With no discovery completed prior to the Report being served, Ms. Oppenheimer's opinions can only be based on speculative assumptions. The fact that Plaintiffs had chosen not to conduct any discovery in the five months preceding the deadline to submit their expert witness report does not make the incomplete report justifiable.

Plaintiffs' Report should be excluded because it violates Rule 26(a)(2). The error is neither justified nor harmless, and if admitted as evidence at trial, it will significantly prejudice HOST's ability to prepare its case, as discovery is complete. Plaintiffs have no substantial justification for failing to supplement their incomplete Report and this failure causes significant harm to HOST. Further, HOST will not have a pre-trial opportunity to learn the substance of the expert's direct examination testimony, or an opportunity to depose Ms. Oppenheimer regarding the material facts on which she bases her opinion. *See Jacobsen* 287 F.3d at 953. Thus, allowing the Report and Ms. Oppenheimer's testimony will result in prejudice to HOST and will increase HOST's litigation expenses, which is exactly what Rule 26 was designed to avoid. Because Plaintiffs have failed to comply with Rule 26(a)(2)'s requirement that they timely provide opposing counsel with a complete expert witness report, the Report in its entirety should be excluded as provided by Fed. R. Civ. P. 37.

**II. Federal Rules of Evidence 401 and 702 Require That Expert Opinions Be Reliable and Relevant.**

Before expert witness evidence may be admitted, the requirements of Federal Rules of Evidence 401 and 702 must be met. Rule 401 requires that all evidence presented to the Court is relevant, i.e. it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Rule 702 provides that a witness qualified as an expert may testify to scientific, technical or other specialized knowledge that will assist the trier of fact in understanding the evidence or determining a fact in issue. In addition to meeting the relevancy requirements, Rule 702 provides that expert evidence is only admissible if the opinion is based on sufficient facts or data; the opinion must be the product of reliable principles and methods; and the witness must have applied the principles and methods to the facts and data in a reliable manner. Fed. R. Evid. 702.

The principal case interpreting Rule 702 is *Daubert v. Merrill Dow Pharmaceuticals*, 509 U.S. 579 (1993). In *Daubert*, the Supreme Court found that Rule 702 requires that proposed evidence must "assist the trier of fact to understand the evidence or to determine a fact in issue[.]" Fed. R. Evid. 702. In other words, it must be relevant. It must also be "supported by appropriate validation – i.e. 'good grounds,' based on what is known" because this establishes a "standard of evidentiary reliability." *Daubert* at 590. In its opinion, the Supreme Court found that the trial judge is responsible for acting as the gatekeeper of expert evidence and must ensure that all admitted expert evidence is both relevant and reliable.

The Supreme Court reviewed the trial judge's application of the relevancy and reliability factors to non-scientific evidence in *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). In *Kumho*, a products liability case brought against a tire manufacturer, Plaintiffs offered the expert opinion of a tire failure analyst to explain the reasons for the failure of Plaintiffs' tire at trial. After reviewing the expert testimony, the District Court concluded that it was inadmissible because the expert used unreliable methods to come to his conclusion, and, thus, failed to meet the reliability factor of Rule 702. The Supreme Court upheld the lower court's decision, finding that the lower court, as the gatekeeper, came to its conclusion after a reasonable inquiry. *Kumho* at 153. The Supreme Court found that Rule 702 applies to all types of "knowledge," not just scientific knowledge. *Kumho* at 147-148. Through the word "knowledge," scientific or otherwise, Rule 702 requires that expert

evidence be reliable. Here, as in *Kumho*, the expert evidence proffered by Plaintiffs is neither reliable nor relevant.

**A. Ms. Oppenheimer's Expert Report And Proposed Testimony Are Not Relevant And Should Be Excluded**

In order for expert evidence to be relevant, it must "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. It must also be "sufficiently tied to the facts of the case so that it will assist the jury in resolving a factual dispute." *U.S. v. Downing*, 753 F.2d 1224, 1242 (3rd Cir. 1985). As the Court established in *Kumho,* the trial judge must determine the relevancy of expert evidence by reviewing whether it relates to the issues in the case so that it would help the trier of fact and whether it is based on a sufficient review of the facts.

In this case, Plaintiffs' Report is irrelevant and must be excluded since it is not based on a comprehensive review of all the facts of the case and will not be helpful to the trier of fact. Ms. Oppenheimer provided her opinion on the adequacy of HOST's investigation and response to a complaint of workplace harassment compared to common human resources practices. She concluded that the investigation did not adhere to usual practices in part because it was conducted by Thomas Stein, an individual from HOST's lost prevention department and not a human resources professional. Ms. Oppenheimer explained that loss prevention personnel are not adequately trained in human resources procedures and are more confrontational than human resources professionals. Based on this generalization, Ms. Oppenheimer expressed that proper protocol was not followed because Mr. Stein participated in the investigation.

But Ms. Oppenheimer's assumptions about Mr. Stein's training and experience have no foundation. Mr. Stein is in fact a human resources professional whose direct supervisor is the Vice President of Human Resources for HOST. Moreover, at the time she wrote her Report and formulated her opinions, Ms. Oppenheimer did not have Mr. Stein's resume or any other information

regarding his training and could not formulate a legitimate opinion, grounded in fact, as to his interview style or tactics.

Ms. Oppenheimer neither spoke to nor examined the deposition transcripts of any HOST employee prior to rendering her opinion. She admits that her incomplete Report is based only on Mr. Murray's deposition transcript and personnel file. Ms. Oppenheimer's opinions are irrelevant and should therefore be excluded because they do not have a specific factual basis and are only general observations regarding preferred business practices. The Report fails to meet the Rule 702 requirement that expert evidence assist the trier of fact in understanding the issues of the case and be based on a sufficient review of the facts, and therefore, is irrelevant.

### B. Ms. Oppenheimer's Report And Proposed Testimony Based On This Report Is Not Reliable Because It Is Not Based On Sufficient Or Complete Facts

Expert testimony is reliable if it is supported by appropriate validation or "good grounds" based on what is known. *Daubert* at 590. Under the reliability criteria of Rule 702, the testimony must be: (1) based on sufficient facts or data; (2) the product of reliable principles and methods; and (3) the witness must have applied the principles and methods to the facts and data in a reliable manner. Fed. R. Evid. 702. Whether evidence is reliable is determined by the particular facts of each case, and not on "unsupported speculation and subjective beliefs." *Guidroz-Brault v. Missouri Pac. Railway Co.*, 254 F.3d 825, 829 (9th Cir. 2001)(excluding expert opinions based on unproven or speculative facts.).

In the present case, the evidence proffered by Ms. Oppenheimer does not meet these three criteria. Ms. Oppenheimer's Report fails the first factor of Rule 702's reliability test because it was not based on sufficient facts and data. In her Report, Ms. Oppenheimer offered her opinion that HOST's investigation of a sexual harassment complaint by Mr. Murray's subordinate was not properly executed. At no point prior to rendering her opinion did Ms. Oppenheimer talk with or review the deposition transcripts of the people who actually conducted the sexual harassment

investigation. The opinion Ms. Oppenheimer provides in the Report is based on an incomplete investigation of the facts in this case and she acknowledges as much in her Report: "Without reviewing the testimony of the investigator(s) and decision maker(s) I cannot provide a complete opinion." (Expert Report of Amy Oppenheimer at 2.) Notably, Plaintiffs waited until two weeks before the discovery cut-off date to depose these key individuals. The Report, which lays no factual basis for Ms. Oppenheimer's opinion and contains fundamental misstatements based on the one sided deposition testimony of Mr. Murray, is not reliable and must be excluded.

With regard to the second criterion, Ms. Oppenheimer did not come to her conclusion using reliable principles or methods. Ms. Oppenheimer purports to offer an objective opinion comparing "typical" human resources practices to the investigation of complaints of workplace harassment in this case. Her incomplete review of the facts in the case raises doubt that she had a method of investigation much less a reliable one. In formulating her opinion, Ms. Oppenheimer relied on Mr. Murray's self-serving statements that he was never informed of the allegations made against him, without even considering their accuracy. HOST has admissible evidence that Mr. Murray was in fact provided with the reasons for the investigation and his suspension by several different persons. Ms. Oppenheimer did not consider any contravening testimony before rendering her opinion on this point.

Ms. Oppenheimer also opines that HOST's decision to terminate Mr. Murray's employment was premature because HOST failed to give Mr. Murray notice of their findings at the conclusion of the investigation. Again, HOST has admissible evidence that Mr. Murray was informed of the allegations pending against him and the results of the investigation. Ms. Oppenheimer purports to substitute her judgment of credibility for that of a fact finder. With regard to meeting the third criterion, Ms. Oppenheimer could not reliably apply the methods to the facts in this case because she lacked too much information to make a reliable determination.

Ms. Oppenheimer explains the incompleteness of the Report by insisting that she will supplement it at the close of discovery. As discussed above, however, Ms. Oppenheimer cannot remedy the inadequacies of her initial Report by supplementing the lion's share of the Report after the close of discovery, when HOST does not have an opportunity to reopen discovery and obtain evidence to rebut her opinions. Ms. Oppenheimer's unfounded conclusions and unreliable standards render her Report and related testimony unreliable and her Report fails the meet the standards of relevancy and reliability outlined by the Court in Rule 702. Therefore, the Report is inadmissible under Federal Rule Evidence 702 and relevant case law.

**CONCLUSION**

For the foregoing reasons, HOST respectfully requests that the Court exclude the Report and testimony of Amy Oppenheimer, Plaintiffs' expert witness in this case.

Respectfully submitted,

Bailey Law Group, P.C.

Dated: August 22, 2008

By: /s/Kathy Bailey

Kathy Bailey (admitted *pro hac vice*)
kbailey@baileylawgroup.com
1615 L Street, N.W., Suite 1350
Washington, D.C. 20036
(202) 887-8040 (Telephone)
(202) 887-8044 (Facsimile)