# EXHIBIT 1

David D. Miller (State Bar No. 66863)
Nicholas S. King (State Bar No. 179605)
Patricia I. James (State Bar No. 90633)
MILLER, KING & JAMES, LLP
ATTORNEYS AT LAW
707 Broadway, Suite 1800
San Diego, CA 92101-5314
Telephone: 619.685.0077
Facsimile: 619.685.0011

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARRYL MURRAY and DEBRA MURRAY,<br><br>Plaintiffs,<br><br>v.<br><br>HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC., and DOES 1-100, Inclusive.<br><br>Defendants. | Civil Action No.: 07CV2056-H (BLM)<br><br>**PLAINTIFFS' INITIAL EXPERT WITNESS REPORT** |

DARRYL MURRAY and DEBRA MURRAY, by and through their attorneys, MILLER, KING & JAMES, LLP, hereby serve the following expert witness report which is attached hereto:

Exhibit A: Report of Amy Oppenheimer (dated 5/29/2008)

Dated: May 30, 2008

MILLER, KING & JAMES, LLP

By: [signature]
David D. Miller
Nicholas S. King
Patricia I. James
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DARRYL MURRAY and
DEBRA MURRAY,

Plaintiffs

vs.

CASE No. 07CV2056-H (BLM)

HOST INTERNATIONAL, INC.,
et al.,

Defendants.

______________________________________/

# PRELIMINARY EXPERT WITNESS REPORT OF AMY OPPENHEIMER

## I Background

I have been retained on behalf of the plaintiffs, Darryl and Debra Murray, to render an opinion of the defendants' investigation and response to a complaint of workplace harassment and retaliation, and to testify as to what is considered typical and acceptable human resource practice in regard to investigation of complaints of harassment and retaliation in the workplace.

I have been an attorney for over twenty-seven years. For more than sixteen years I have trained human resource professionals, employers and employees in preventing and responding to harassment and discrimination, including how to investigate a complaint of harassment or retaliation. I have consulted on harassment and discrimination policies, acted as a neutral investigator of charges of discrimination in employment, and testified as an expert witness in retaliation, discrimination and harassment cases. From 1986 to 1990 I investigated EEO complaints for federal government agencies. I co-authored a

EXHIBIT

book about investigating workplace harassment, entitled: *Investigating Workplace Harassment: How to be Fair, Thorough and Legal*, published in 2002 by Society for Human Resource Management. My CV, rate sheet and list of cases I have testified in are attached.

My understanding is that there has not been significant discovery to date and that discovery is continuing in this case. The investigator(s) and decision maker(s) have not yet been deposed. Without reviewing the testimony of the investigator(s) and decision maker(s) I cannot provide a complete opinion. Therefore my report is preliminary, based on discovery to date, and will be amended after discovery is complete.

**II Material reviewed**

I have reviewed the following materials in forming my opinion:

A. Deposition of Darryl Murray with exhibits attached.

B. Personnel file of Darryl Murray (contains documentation of the investigation at issue)

**III Opinions**

1. **Defendants Failed to do a Thorough, Fair and Neutral Investigation**

In evaluating an investigation of a complaint of harassment/retaliation, I look to three different components and determine if each of those components was consistent with typical human resource practice and was essentially fair to both the complainant and the respondent. I do not expect an investigation to be "perfect" nor do I hold investigators to a higher than "adequate" standard. I overlook minor deficiencies,

realizing that any investigation might be better; the issue is if it was reasonably fair and thorough.

The three areas that I evaluate are: 1) was the investigator neutral and did he/she have the proper type and amount of experience and authority to conduct this particular investigation; 2) was the investigation reasonably thorough (were the proper people interviewed, were the interviews complete, were they authenticated, were documents gathered); and 3) were the findings made consistent with the information gathered.

**Appropriateness of Investigator**

The investigator of a complaint of workplace harassment/retaliation should be neutral and should have the requisite level of experience and authority, given the parties involved. Since I have not yet had an opportunity to review the depositions of the investigator(s), I cannot yet give an opinion as to their suitability to investigate this complaint. However it does seem that rather than have one investigator interview all the parties and witnesses, this task was divided. This is not usual practice and presents problems in that when there is a conflict in the evidence the investigator must make credibility determinations. This is difficult, if not impossible, to do when the same individual(s) is not questioning everyone involved.

Another potential problem is that the investigator who interviewed the plaintiff came from loss prevention. Often the training and experience of investigators from loss prevention backgrounds is not conducive to doing fair investigations of workplace harassment. The style tends to be more confrontational than individuals with human resource backgrounds. The modus operandi of loss prevention is frequently to "hide the ball" and not provide complete information to the respondent as to the details of the

complaint. This is inconsistent with usual and customary practice in investigating complaints of workplace harassment and retaliation. Lastly, often those with a loss prevention background have been trained to first develop a case and then speak to the respondent. This too is problematic and inconsistent with proper human resource practice.

**Thoroughness of Investigation**

A proper investigation of a workplace complaint starts with a thorough interview of the complainant. The next step is a thorough interview with the respondent. There are rare exceptions to this. For example, if a witness will no longer be available, or can corroborate a crucial fact, that witness might be questioned out of order. However in most cases the respondent is spoken to immediately following the complainant, and if another witness is spoken to first, it is never appropriate to speak to all of the witnesses before getting the respondent's side of the story. In this case in appears that the investigator spoke to witnesses before interviewing the respondent. This is totally contrary to well accepted investigatory practice and goes against all notions of fairness.

The point of an investigation is to be fair to both parties. If an investigator interviews the complainant and questions all the complainant's witnesses before interviewing the respondent, there is a tendency to build a case against the respondent rather than be fair to both sides. An investigator should approach the interview with the respondent with an open mind. She/he should not amass a case against someone or try to trick them. Rather, the investigator should give the respondent an opportunity to fully respond to all of the allegations and should then follow up with witnesses on all of the significant contested facts. It is usual and customary practice to ask both the complainant

and the respondent if they have suggestions on who should be interviewed and to find out what the complainant/respondent thinks this individual can add. If there is an indication that the individual might be able to shed light on contested facts that are relevant to the issues being decided, they should be interviewed.

In this case, the plaintiff was not told what all the allegations were and was not given an opportunity to respond to all of the allegations. An investigator should provide a full opportunity for the respondent to respond to each allegation and should assure that the respondent knows what the allegations are.

Another significant problem was the investigators' failure to get signed statements or to, in any way, authenticate the information they gathered. The plaintiff testified that there were a number of misstatements in the notes that purported to be what he told the investigator. If the investigator is not accurate in his/her notes, there is no way to determine this unless witnesses are asked to review and confirm the notes or to review and sign a statement that is prepared based on those notes. It is usual and customary practice, in workplace investigations of harassment, to do just this. This did not occur here.

**Conclusions reached**

The last component of an appropriate investigation is that the conclusions reached are consistent with the information gathered. Here it does not appear that there were conclusions at all, which is problematic. The investigator(s) should have weighed the evidence and come to a determination as to what occurred, whether what occurred violated any rules and, if so, how serious of a violation of rules. Instead, the

investigator(s) appeared to simply gather facts without testing the facts, determining credibility and making determinations.

### 2. Disciplinary Action Taken

Disciplinary action should be taken against someone who has violated rules against harassment or retaliation only after a complete and neutral investigation takes place, and specific findings are made. Since this did not happen here, any disciplinary action was premature.

It is noteworthy that the past discipline in the plaintiff's personnel file was for actions that were not specified. It appeared that defendant, in that case, also failed to make any findings as to what behavior the plaintiff engaged in that would violate its rules. They certainly failed to give notice to the plaintiff as to what that behavior was.

## IV. Conclusion

Defendant failed to conduct a fair and thorough investigation prior to terminating Murray and therefore did not follow basic standards of human resource practice.

Respectfully submitted,

Amy Oppenheimer

Dated: May 29, 2008



May 29 08 09:24p KREBS&OPPENHEIMER 5105288887 p.1

**Amy Oppenheimer**
**510-393-4212**
**amy@amyopp.com**

## PROFESSIONAL EXPERIENCE

***Workplace Harassment/Employment Discrimination Consultant*** - Investigates complaints of discrimination, harassment and/or retaliation in the workplace. Trains human resource professionals in how to prevent workplace harassment and how to investigate complaints of harassment, retaliation and discrimination. Provides expert advice and testimony regarding best HR practices in the area of preventing and investigating workplace harassment, retaliation and discrimination. Mediates workplace disputes both pre and post litigation. - 1996 to present.

***Arbitrator:*** Alameda County Superior Court - 1989 to 1992; American Arbitration Association - 1989 to 2004; The International Commission on Holocaust Era Insurance Claims Appeals Tribunal – 2003 - 2006.

***Mediator:*** Berkeley Dispute Resolution Services - 1989 to 2003; American Arbitration Association - 1996 - 2004; Alameda County Bar Association - 1996 to 1999; Equal Employment Opportunity Commission – 2001 – 2006; United States Postal Service REDRESS program – 1998 – 2003.

***Senior Consultant:*** Anderson-davis, Inc., Aurora, Colorado - provided training to businesses on how to recognize, prevent and investigate sexual harassment. Partial list of companies trained: Prudential Insurance, Chevron USA, Northern Telecom, Whirlpool, Lockheed-Martin, Pacific Telesis - 1992 to 1996.

***Partner, Levy & Oppenheimer,*** Oakland, California - law practice that specialized in litigating sexual harassment and employment discrimination cases. Also practiced family law, juvenile law, wills and trusts. - 1984 to 1992.

***Judge Pro Tem:*** Alameda County Municipal Courts - 1989 to 1992.

***Investigator:*** Delany, Siegel, Zorn & Associates, Investigated complaints of employment discrimination within the federal government - 1986 to 1990.

***Staff Attorney:*** Legal Services of Northern Virginia Inc., Prince William Legal Aid Branch, Manassas, Virginia - represented indigent individuals in areas of landlord/tenant, consumer, unemployment and public benefits and family law - 1982 to 1984

***Reginald Heber Smith Fellow (REGGIE):*** Legal Aid Society of The New River Valley, Inc., Christiansburg, Virginia represented indigent individuals in areas of domestic abuse, family law, landlord/tenant and consumer law - 1980 to 1981

## EDUCATION

Juris Doctor, 1980, University of California, Davis
B.A., 1975, University of California, Berkeley, with Great Distinction; member, *Phi Beta Kappa*

**MEMBER:** California bar (active)
Virginia and District of Columbia Bar (inactive)

**PUBLICATIONS** (partial list)

*Investigating Workplace Harassment and Discrimination,* Employee Relations Law Journal, Vol. 29, No. 4, Spring 2004.

*The Do's and Don'ts of Investigating Workplace Harassment,* PIHRAScope, Professionals in Human Resources Association, February 2004.

*Experts May Testify on Harassment Policies and Procedures of Employer,* San Francisco Daily Journal, December 11, 2003.

*Using Liability Experts in Sexual harassment Cases,* Sexual Harassment Litigation Reporter, Volume 9, Issue 10, October 2003.

*Making the Best Use of Liability Experts in Discrimination and Harassment Litigation,* Employment Litigation Reporter, Volume 18, Issue 5, October 14, 2003.

*Investigating Workplace Harassment: Ten Steps to Success*, You and the Law Newsletter, October 2002.

*Investigating Workplace Harassment: How to Be Fair, Thorough, and Legal*, by Amy Oppenheimer and Craig Pratt, Society of Human Resource Management, 2002.

*"The Aftermath of Faragher and Ellerth - The Impact on Pre-trial Discovery and the Use of Liability Experts In Sexual Harassment Cases"*, Conference materials NELA Convention, June 2000.

*"Employment Discrimination and Harassment",* Chapter 40B of California Torts, Levy, Golden & Sacks, Editors, Matthew Bender & Co., September 1999.

*"Liability Lesson: The Use of an Employment expert In Sexual Harassment Cases can help Jurors Understand the Reasonableness of Investigatory Processes",* Los Angeles Daily Journal and San Francisco Daily Journal, May 21, 1999.

Contributed to *"Investigating Sexual Harassment: A Practical Guide to Resolving Complaints",* published by Thompson Publishing Group, Washington D.C., 1998

*"She Said, They Said – To protect themselves from liability for sexual harassment, employers should examine the numerous legal guidelines",* California Law Business, Supplement to the Los Angeles Daily Journal and San Francisco Daily Journal, March 9, 1998

*"Ounce of Prevention – An employer's sexual harassment policies and practices are more important than ever.* Good policies, particularly those involving internal investigations, can avert problems and lawsuits, San Francisco Daily Journal, Employment Law Update, April 16, 1998.

*"Working it Out: Using Mediation to Resolve Harassment Complaints*", San Francisco Daily Journal, August 9, 1995.

Contributing author to *Intent vs. Impact: How to Effectively Manage Sexual Harassment Investigations,* Published by Bureau of National Affairs Communications, 1992.

Contributed to *Sexual Harassment in the Workplace*; an interactive training and testing CD-ROM, Media Code, 1994, as an expert.

**PUBLIC SPEAKING AND TRAINING** (partial list)

*Harassment Investigation Critique,* EEOC Annual Technical Assistance Seminar, San Francisco 2007, Santa Clara, 2006.

*"Conducting Workplace Investigations: Practical Skills for Internal Investigators"*, Northern California Human Resource Association (NCHRA), 2003, 2004, 2005, 2006 and 2007.

*Investigating Workplace Harassment*, Novellas, 2004

*He Said/She Said: Making Credibility Determinations in Harassment Investigations,* NCHRA Annual Conference, September 2003.

*The How To's of Investigating Workplace Harassment*, 46th Annual PIHRA Conference & Exhibition, September 2003.

*Understanding and Preventing Workplace Harassment*, AGY Theraputics, 2003

Panelist, Society of Human Resource Management Annual Conference, Philadelphia, June 2002, *"Did He Say What She Said He Said, Or Not? How Does an Investigator Decide*?"

Panelist, National Employment Lawyers Association Eleventh Annual Convention, *"The Aftermath of Faragher and Ellerth: Litigating Hostile Work Environment Cases*", Washington D.C., June 2000.

*Employment Litigation: Investigations and Human Resource Experts*, Presentation to the Barristers Club of San Francisco Labor & Employment Section, February 2000.

*Investigating Harassment: An Interactive Training*, Sonoma Developmental Center, September 1999

*Mediating EEO Complaints*, 40 hour training for City of San Francisco, August, 1999

Panelist and Moderator, Society For Professionals in Dispute Resolution, *"Sexual Harassment: The Role of the Investigator and the Role of the Mediator"*, 1998: *"Resolving Sexual Harassment Complaints"*, 1997

Panelist, Association on Employment Practices and Principles, "*Same-Sex Harassment in the Workplace After Oncale", *1998

Panelist, Alameda County Bar Association, *"Investigating Complaints of Sexual Harassment and Discrimination",* 1998

Panelist, American Bar Association Annual Conference, "*Sexual Orientation Discrimination in the Legal Community",* 1997

Panelist, Administrative Law Judges Assoc. Annual Forum, 1993, 1994, 1995, 1997, 2001 and 2003.

**Amy Oppenheimer**

**Cases Testified as Expert Witness at Deposition, Arbitration or Trial**

***Jane Doe v. Roe Law Firm,*** Superior Court of California, San Francisco County. Sexual harassment case. Retained by defendant, represented by Keith Chrestionson and Maureen McClain, Kauff, McClain & McGuire, San Francisco, California. Testified at deposition on March 27, 1996.

***Bertheaud v. California Department of Corrections***, Superior Court of California, San Francisco County. Sexual harassment case. Retained by plaintiff represented by Tom Duckworth and Kay Lucas, The Lucas Law Firm, San Francisco, California. Deposition taken September 16, 1996.

***Coates and Duran v. Wal-Mart Stores and Toby Alire***, First Judicial District Court, County of Santa Fe, State of New Mexico. Sexual harassment case. Retained by plaintiff represented by Michele Masiowski and Stephen Tinkler, Tinkler & Bennett, Santa Fe, New Mexico. Deposition taken September 23, 1996. Qualified as expert on sexual harassment policies and procedures and testified at trial, December 1996.

***Caldwell v. Novell, Inc, et al.,*** Superior Court of California, Santa Clara County. Wrongful termination case. Retained by defendant represented by Millicent S. Meroney, Mark Parnes and Jill Daniels, Wilson, Sonsini, Goodrich & Rosati, Palo Alto, California. Deposition taken November 26, 1996.

***Fitzgerald v. Roche Laboratories, et al.,*** Superior Court of California, Santa Clara County. Sexual harassment case. Retained by plaintiff represented by Tom Duckworth and Kay Lucas, The Lucas Law Firm, San Francisco, California. Deposition taken January 20, 1997.

***Martinez v. KFC***, Arbitration, State of New Mexico. Sexual harassment case. Retained by plaintiff represented by Stephen Tinkler, Tinkler & Bennett, Santa Fe, New Mexico. Discovery and arbitration deposition taken October 4, 1997.

***Tom & Villarreal v. Jonas, et al.***, United States District Court, Eastern District of California. Sexual harassment case. Retained by plaintiff represented by E. Bradley Nelson, Hagler & Nelson, Vacaville, California, and Paul Gordon, Gordon & Goddard, Oakland, California. Deposition taken October 14, 1997.

***Rankin & Williams v. Darrell Julian Construction***, United States District Court, District of New Mexico. Sexual harassment case. Retained by plaintiff represented by Mark M. Rhodes, Rhodes & Salmon, Albuquerque, New Mexico, and Kathryn Hammel, Cates & Hammel, Los Lunas, New Mexico. Deposition taken December 10, 1997.

***Ramirez v. Wal-Mart Stores***, United States District Court, District of New Mexico. Sexual harassment case. Retained by plaintiff represented by Michele Masiowski and Stephen Tinkler, Tinkler & Bennett, Santa Fe, New Mexico. Deposition taken March 27, 1998.

***Raney v. The California Department of Developmental Service, et al***, Superior Court of the State of California, County of Sonoma. Sexual harassment case. Retained by plaintiff represented by Larry King and Barbara Giuffre, San Francisco, California. Trial testimony given November 19, 1998.

***Molieri v. South San Francisco Police Department, et al,*** Superior and Municipal Courts of California, County of San Mateo. Discrimination case. Retained by plaintiff represented by Todd M. Schneider, Austen, Schneider & McCormac, San Francisco, California. Deposition taken December 8, 1998. Qualified as expert on Investigations of harassment and discrimination and testified on June 23, 1999.

***Jackson v. Alameda County, et al***, Superior Court of California, County of Alameda. Sexual harassment case. Retained by plaintiff represented by Char Meaney, Law Offices of Richard J. Werthimer, San Francisco, California. Deposition taken December 23, 1998.

***Cross, et al v. Kaiser Foundation Hospitals, et al***, Superior Court of California, County of Sonoma. Sexual harassment case. Retained by defendant represented by Sarah Robertson, Fitzgerald, Abbott & Beardsley, Oakland, California. Deposition taken March 9, 1999.

***Foster v. Interlake Handling, Inc et al.***, United States District Court, Western District of Kentucky. Sexual harassment case. Retained by plaintiff represented by Douglas H. Morris and Lea Player, Oldfather & Morris, Louisville, Kentucky. Deposition taken June 10, 1999.

***Disponett v. Frankfort Hospital, Inc et al***, Commonwealth of Kentucky, Franklin Circuit Court. Sexual harassment case. Retained by plaintiff represented by Roy D. Snell, Croley, Moore & Snell, LaGrange, Kentucky. Discovery deposition taken September 22, 1999. Trial deposition taken April 6, 2000 and admitted into evidence at trial

***Stites v. Wright Engineered Plastics, et al***, Superior Court of California, County of Sonoma. Sex discrimination and harassment case. Retained by plaintiff represented by Michael G. Miller, Perry, Johnson, Murray, Anderson & Miller, Santa Rosa, California. Deposition taken December 1, 1999.

***Gallo v. Interstate Brands Corp., et al,*** Superior Court of California, County of Alameda. Sex discrimination and harassment case. Retained by plaintiff represented by James Farinaro, San Leandro, California. Deposition taken February 17, 2000.

***Oshiro v. Atlantis,*** Circuit Court of Hawaii. Sexual harassment case. Circuit Court of Hawaii. Retained by defendant represented by Richard Lesser, Redondo Beach, California. Deposition taken April 25, 2000.

***Englehardt, et al v. County of Modoc, et al.*** Sexual harassment and retaliation case. Federal District Court of California. Retained by plaintiff represented by Howard Moore and Felicia Curran, Oakland, California. Deposition taken April 26, 2000.

***Roe et al v. Fillmore Apartments, LLC, et al.*** Sexual harassment case. Superior Court of California, County of San Francisco. Retained by plaintiff represented by Dan Feder, San Francisco, California. Deposition taken May 18, 2000.

***Sanders v. PG&E, et al.*** Racial harassment/retaliation case. Superior Court of California, County of San Francisco. Retained by plaintiff represented by Dan Feder, San Francisco, California. Deposition taken June 27, 2000.

***Butler v. Hartnell Community College District, et al.*** Sexual harassment case. Superior Court of California, County of Monterey. Retained by plaintiff represented by Martin Horowitz and Stephanie Rubinoff, Oakland, California. Deposition taken July 5, 2000.

***Byerly and Lucero v. Compass Groups USA et al.*** Sexual harassment case. United States District Court, District of New Mexico. Retained by plaintiff represented by Merit Bennett, Tinkler & Bennett, Santa Fe, New Mexico. Deposition taken September 19, 2000.

***Leca v. Lucky Stores, Inc., et al.*** Sex discrimination/harassment case. Superior Court of California, County of Alameda. Retained by plaintiff represented by Melvin Dayley, Oakland, California. Deposition taken October 5, 2000.

***Briscoe-King v. California Dept. of Corrections, et al.*** Discrimination/retaliation case. United States District Court, Eastern District of California. Retained by defendant represented by State of California, Department of Justice, Sacramento, California. Deposition taken December 14, 2000.

***Boisvert v. Martinez Unified School District.*** Age discrimination case. Superior Court of California, Contra Costa County. Retained by defendant represented by Michael Clark, Edrington, Schirmer & Murphy, Walnut Creek, CA. Deposition taken March 29, 2001

***Brenner, et al. v. Ran Ken, Inc., et al.*** Sexual harassment case. United States District Court, District of New Mexico. Retained by plaintiffs represented by Whitney Warner, Noeding & Moody, Albuquerque, New Mexico. Deposition taken April 2, 2001.

***Clark v. Frankfurt Hospital***. Sexual harassment case. Kentucky state court. Retained by plaintiff represented by Edward L. Lasley, Conliffe, Sandmann & Sullivan, Louisville, KY. Deposition taken May 8, 2001

***Pineda v. Able Building Maintenance Company***. Sex Discrimination case. Superior Court of California, City and County of San Francisco. Retained by defendant represented by Kenneth Simoncini, San Jose, California. Testified at trial September 12, 2001.

***Silva v. Stockton Further Processing, Inc., et al.*** Sexual harassment case. Superior Court of California, San Joaquin County. Retained by plaintiff represented by Robert Lazo, San Francisco, California. Deposition taken October 12, 2001. Testified at trial November 1, 2001.

***Shafiq v. J.R. Simplot Company, et al.*** National origin harassment/discrimination case. Superior Court of California, San Joaquin County. Retained by plaintiff represented by Susiejane Eastwood, Stockton, California. Deposition taken October 18, 2001.

***White v. Chevron Corporation, Inc***. Race discrimination case. United States District Court, Northern District of California. Retained by plaintiff represented by Sheila Thomas, San Francisco, California. Deposition taken October 30, 2001.

***Perry v. Marriott International, Inc., et al.*** Sexual harassment case. Superior court California, City and County of San Francisco. Retained by plaintiff represented by Laura Stevens, Berkeley, California. Deposition taken November 15, 2001.

***Veale v. Foodmaker, Inc.*** Sexual harassment case. Federal District Court for the District of Nevada. Retained by plaintiff represented by Jennifer Sims, Las Vegas, Nevada. Deposition taken December 13, 2001.

***Cave v. California Department of Developmental Services, et al.*** Sexual harassment case. Superior Court California, Tulare County. Retained by plaintiff represented by Walter Whelan, Fresno, California. Deposition taken April 11, 2002. Testified at trial April 30, 2002.

***Wong v. City and County of San Francisco, et al***, gender and national origin discrimination case. Superior Court of California, City and County of San Francisco. Retained by plaintiff represented by William Kwong, San Francisco, California. Deposition taken May 20, 2002.

***Debro v. San Leandro Unified School District, et al***, retaliation case. Superior Court of California, Alameda County. Retained by plaintiff represented by Julia Sherwin, Oakland, California. Deposition taken June 4, 2002. Testified at trial July 31, 2002.

***Passeri v. Pacific Life Insurance Company, et al.*** Sexual harassment case. Superior Court of California, City and County of San Francisco. Retained by plaintiff represented by Bruce Nye and Geoffrey Faust. Deposition taken August 6, 2002.

***Henderson v. Lafayette Parish School Board.*** Parish of Lafayette, State of Louisiana. Retained by plaintiff represented by Anthony Fazzio. Trial deposition taken February 21, 2003.

***Kahon v. Harvest House.*** Superior Court of Contra Costa County. Retained by plaintiff represented by Hunter Pyle, Oakland, California. Deposition taken July 8, 2003.

***Beamon v. City of Oakland***, Superior Court of Alameda County. Retained by plaintiff represented by Charles A. Bonner, Sausalito, California. Deposition taken November 11, 2003.

***Velez v. Roche***, United States District Court, Northern District of California. Retained by plaintiff represented by Jack W. Lee. Testified at deposition December 9, 2003. Testified at trial February 2, 2004.

***Williams v. County of Marin***, United States District Court, Northern District of California. Retained by plaintiff represented by Charles A. Bonner, Sausalito, California. Deposition taken August 12, 2004.

***EEOC v. Harris Farms***, United States District Court, Eastern District of California. Retained by plaintiff represented by Linda Ordonio-Dixon. Deposition taken September 22, 2004.

***St. Martin v. Antioch Unified School District***, Contra Costa County Superior Court. Retained by defendant represented by Ian Fellerman, Oakland, California. Deposition taken November 11, 2004.

***Kotla v. Regents of the University of California, et al.***, Alameda County Superior Court. Retained by plaintiff represented by J. Gary Gwilliam, Oakland, California. Deposition taken February 2, 2005. Testified at trial on March 8 and 9, 2005.

***Eden v. Los Alamos Public Schools***, United States District Court, District of New Mexico. Retained by plaintiff represented by George Geran, Santa Fe, New Mexico. Deposition taken April 24, 2005

***Bice v. Signius Communications***, Superior Court of California, County of Sonoma. Retained by defendant represented by Dawn Ross, Santa Rosa, California. Deposition taken June 1, 2005.

***Matta and Quevedo v. Dolex,*** Superior Court of California, County of Alameda. Retained by plaintiff represented by Phil Horowitz, San Francisco, California. Deposition taken August 19, 2005.

***Horani v. County of Alameda,*** Superior Court of California, County of Alameda. Retained by plaintiff represented by Yosef Peretz, San Francisco, California. Deposition taken November 7, 2005. Testified at trial March 22, 2006.

***Abboud v. IBM***, United States District Court, Northern District of California. Retained by plaintiff represented by Robert David Baker. Deposition taken March 14, 2006.

***Cambra v. Chevron***, United States District Court, Northern District of California. Retained by plaintiff represented by Charles Bonner. Deposition taken July 27 and September 27, 2006.

**Amy Oppenheimer**
**510-393-4212**
**amy@amyopp.com**

**RATE SHEET – 2008**

**Expert Witness Work, Investigations and Consulting**

$300/hour for review of documents/deposition transcripts, phone calls, research, preparation, investigations, interviewing witnesses, preparation of reports, travel.

$400/hour for deposition or trial testimony. Half-day minimum for deposition. Full day minimum for trial.

Expenses, as incurred (long distance phone calls, travel, copying, faxes, postage).

Minimum $1000 retainer to disclose as expert: the $1000 will be billed against however if the case resolves prior to the $1000 retainer being used, it is not refundable. No party is authorized to disclose Ms. Oppenheimer as an expert without Ms. Oppenheimer's consent and the payment of the minimum retainer.

Additional retainer arranged on a case-by-case basis.

Murray v. HMSHost, et al.
3:07-cv-02056-H-BLM
**PROOF OF SERVICE**

I am employed in the County of San Diego, State of California. I am over eighteen years of age and not a party to this action. My business address 707 Broadway, Suite 1800, San Diego, California, 92101.

On **May 30, 2008** I served a true copy of the following document(s):

**1. Plaintiffs' Initial Expert Witness Report**

on all interested parties in this action as follows:

Serafina Raskin, Esq.
Bailey Law Group, PC
8105 Irvine Center Dr. Suite 900
Irvine, CA 92618
Fax: 949.453.1757
sraskin@baileylawgroup.com

Attorney for Defendants

X **U.S. MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Accordingly, the above-referenced document(s) were enclosed in a sealed envelope which, in the ordinary course of business, will be deposited with the United States Postal Service the same day; and said envelope was addressed as shown on the attached service list.

**BY FAX:** I transmitted a copy of the foregoing document(s) on this date by facsimile transmittal to the number shown on the service list.

**BY ELECTRONIC MAIL DELIVERY:** I caused the foregoing document(s) to be electronically served on the interested parties who have agreed to accept electronic mailing as effective service for these documents.

**BY PERSONAL SERVICE:** I personally delivered such document(s) by hand to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **May 30, 2008** in San Diego, California.

Monica M. Dubé