# DECLARATION OF SERAFINA RASKIN

**I, Serafina Raskin, declare as follows:**

I have personal knowledge of the facts contained in this declaration, and if called as a witness, I could and would testify as to their accuracy:

1. I am an attorney duly licensed to practice before all of the courts of the State of California and this United States District Court. I am an associate with the law firm of Bailey Law Group, P.C., attorneys of record for HOST INTERNATIONAL, INC.(hereinafter “HOST”), in the matter at hand. I am one of the attorneys responsible for its defense of this action.

2. I submit this Declaration in support of HOST’s Opposition to Plaintiffs Motion to Compel filed on August 18, 2008, and HOST’s Motion for costs and attorney fees pursuant to Rule 37, relating to the same.

3. On June 4, 2008, Plaintiffs sent HOST deposition notices for Claudia Gallegos and Sandra Rosales which did not have any request for production attached to them. A true and correct copy of Ms. Gallegos’ Notice of Deposition is attached hereto as Exhibit “1.” A true and correct copy of Ms. Rosales’ Notice of Deposition is attached hereto as Exhibit “2.”

4. Ms. Gallegos’ deposition occurred on July 16, 2008. No documents were produced because none were requested.

5. Ms. Rosales’ deposition occurred on July 16, 2008. No documents were produced because none were requested.

6. On June 4, 2008, Plaintiffs also sent deficient notices of deposition for Idalia Castro and Thomas Stein with deficient requests for production of documents attached thereto. I informed opposing counsel of these deficiencies in a letter faxed to them on June 9, 2008. A true and correct copy of this letter is attached as Exhibit “3.”

7. On July 15, 2008, Plaintiffs finally fixed their deficient deposition notices by serving proper subpoenas on Ms. Castro and Mr. Stein. Attached hereto as Exhibit “4” is a true and correct copy of Ms. Castro’s subpoena for appearance at deposition and for production of documents.

Attached hereto as Exhibit "5" is a true and correct copy of Mr. Stein's subpoena for deposition and subpoena for production of documents.

8. Ms. Castro's deposition occurred on July 18, 2008.

9. Mr. Stein's deposition occurred on July 23, 2008.

10. Meanwhile, on July 4, 2008, (a Federal Holiday) Plaintiffs claim they sent deposition and document subpoenas for Jennifer Lakin and Joe Lutz to me because — as a courtesy — Ms. Lakin and Mr. Lutz stipulated that I could accept service of those subpoenas on their behalf. Attached hereto as Exhibit "6" is a true and correct copy of Ms. Lakin's subpoena for deposition and for production of documents. Attached hereto as Exhibit "7" is a true and correct copy of Mr. Lutz's subpoena for deposition and for production of documents. I did not receive these two subpoenas until July 8, 2008.

11. Ms. Lakin's deposition occurred on July 15, 2008.

12. Mr. Lutz's deposition occurred on July 25, 2008.

13. The document requests for Ms. Castro, Mr. Stein, Ms. Lakin and Mr. Lutz were identical. *See* Exhibits "4, 5, 6 and 7" attached hereto.

14. On July 24, 2008, Ms. Castro, Mr. Stein, Ms. Lakin and Mr. Lutz all produced 938 pages documents on a CD-ROM responsive to their identical subpoena for documents — just 16 days after Plaintiffs' first properly requested these documents. The 938 documents include the portion of the human resources file produced to Plaintiffs with HOST's initial disclosures. Attached hereto as Exhibit "8" is a true and correct copy of my proof of service and correspondence to opposing counsel indicating the same was served on July 24, 2008.

15. On July 14, 2008, just 4 days before the discovery cut-off date, Plaintiffs informed HOST by e-mail that they wanted to depose Ellie Maalouf, HOST's President and CEO. Attached hereto as Exhibit "9" is a true and correct copy of an email sent to me by Christina M. Ford, a paralegal for Plaintiffs' law firm, requesting the same.

16. Even though Mr. Maalouf had almost no personal knowledge of the circumstances giving rise to the termination of Plaintiff Darryl Murry's employment with HOST and did not

participate in the termination decision at all, HOST **voluntarily produced** Mr. Maalouf on July 25, 2008, for deposition. HOST's only request was that the duration of Mr. Maalouf's be stipulated to beforehand. Opposing counsel and I agreed that his deposition would not go longer than two hours. An email evidencing this agreement is attached hereto as Exhibit "9."

17. Mr. Maalouf's deposition occurred on July 25, 2008 — the first time HOST received any formal notice of Mr. Maalouf's deposition (other than an e-mail) was at 5:22 p.m. on July 24. At true and correct copy of the subpoena for Mr. Maalouf's deposition is attached hereto as Exhibit "10."

18. I reached the following agreement with respect to the depositions of Mr. Lutz and Mr. Maalouf: as a condition of providing and not opposing the very short notice for deposition of Mr. Lutz and providing Mr. Maalouf for deposition with no notice at all, opposing counsel would limit the length of those depositions to two hours. An email evidencing this agreement is attached hereto as Exhibit "9."

19. Notices of Deposition for Charles Powers and Cecelia Hoatson have never been served in this case. Indeed, the first time Plaintiffs' counsel ever informed me that they wished to depose Mr. Powers and Ms. Hoatson was on August 1, 2008. A true and correct copy of this August 1, 2008, letter is attached hereto as Exhibit "11." A true and correct copy of my August 5, 2008, correspondence (enclosures not provided as part of exhibit) informing Plaintiffs counsel that such depositions would be improper is attached hereto as Exhibit "12."

20. A true and correct copy of HOST's initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) are attached hereto as Exhibit "13."

21. A true and correct copy of relevant page from Mr. Lutz's deposition transcript is attached hereto as Exhibit "14."

22. A true and correct copy of relevant page from Mr. Murray's deposition transcript is attached hereto as Exhibit "15."

23. A true and correct copy of Exhibit "10" from Mr. Murray's deposition is attached hereto as Exhibit "16."

24. A true and correct copy of relevant page from Ms. Lakin's deposition is attached hereto as Exhibit "17."

25. A true and correct copy of my July 25, 2008, letter to opposing counsel is attached hereto as Exhibit "18."

26. A true and correct copy of my January 3, 2008, letter to opposing counsel is attached hereto as Exhibit "19."

27. Ms. Castro stated at deposition that she believed a "notice of termination" was provided to Mr. Murray, however, no one at HOST has been able to locate this document and Mr. Castro verified that it was not in Mr. Murray's personnel file. HOST is still attempting to locate this document, if it ever existed.

28. Opposing counsel never once introduced a single document as an exhibit at any one of their depositions.

29. A true and correct copy of relevant page from Mr. Maalouf's deposition is attached hereto as Exhibit "20."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 25th day of August, 2008 at Irvine, California.

__________s/Serafina Raskin_____________

sraskin@baileylawgroup.com