# EXHIBIT 11

**Miller, King & James, LLP**
*Attorneys At Law*
Washington Mutual Building
707 Broadway Suite 1800
San Diego, CA 92101-5314
Phone 619-685-0077
Fax 619-685-0011

# FAX COVER SHEET

To: Serafina Raskin, Esq. Fax Number: 949.453.1757
Bailey Law Group

From: Monica M. Dube for Patricia I. James

Date: August 1, 2008

Client/Matter: Murray v. Host International, Inc.

Number of Pages* Sent: 3, Including cover sheet

**DOCUMENTS SENT:**
-Correspondence

COMMENTS:

Original/copy, when finalized, will be sent by:

__U.S. MAIL ___ FEDERAL EXPRESS ___ MESSENGER _X_ WILL NOT BE SENT

If you do not receive the entire telecopy, please call 619-685-0077 during the hours of 8:30 a.m. to 5:00 p.m., Monday through Friday.
This communication is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient or the employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original communication to us at the above address via the U.S. Mail service. Transmission of this document is not intended as a waiver of any attorney/client or other privilege.

**Miller, King & James, LLP**
Attorneys At Law

David D. Miller †
Nicholas S. King +
Patricia I. James ‡

Washington Mutual Building
707 Broadway, Suite 1800
San Diego, California 92101
Tel: 619.685.0077
Fax: 619.685.0011

† Board Certified Civil Trial Specialist by the National Board of Trial Advocacy
+JAG Certified
‡ Also Licensed in Colorado

August 1, 2008

Sent Via Facsimile: 949.453.1757

Serafina Raskin, Esq.
Bailey Law Group
8105 Irvine Center Drive, Suite 900
Irvine, CA 92618

*Re: Murray v. Host International, Inc.*

Dear Ms. Raskin:

There appear to be a number of items in discovery that were not disclosed as well as various problems encountered during discovery. In light of this, we attempted to schedule an ex parte hearing before the Honorable Barbara Lynn Major to discuss the same. However, as per the instruction of her clerk, we must first schedule a phone conference between the parties before an ex parte motion can be heard. We have tentatively scheduled this conference on Friday, August 8, 2008 at 10:00 a.m. in order to discuss the following issues:

1. Darryl Murray's entire personnel file was not produced prior to deposing several key witnesses. We would like the chance to re-depose the witnesses to address these newly acquired documents.

2. Many documents were not produced pursuant to Rule 26. We were not aware of this until the deponents mentioned these documents during their depositions.

3. Cecilia Hoatson was identified as a key witness during the deposition of Thomas Stein. Ms. Hoatson was not mentioned in the initial disclosures. We would like the opportunity to depose Ms. Hoatson.

4. Elie Maalouf claimed "failed memory" during his deposition and refused to answer hypothetical questions. We request that the judge order Mr. Maalouf to answer hypothetical questions and give us the opportunity to re-depose him.

5. After reviewing the documents that were produced subsequent to our meet and confer letter, there doesn't appear to be a termination notice, although Idalia Castro was adamant that a

Serafina Raskin, Esq.
August 1, 2008
Page Two

termination notice was issued to Mr. Murray. If there are any remaining documents that have not been produced, we ask that they be produced.

Please advise if you will be available on Friday, August 8, 2008 at 10:00 a.m. to discuss these issues.

Thank you in advance for your cooperation.

Sincerely,

MILLER, KING & JAMES, LLP

Patricia I. James

Patricia I. James

# EXHIBIT 12

# BAILEY LAW GROUP

**Washington, DC • Boulder County, CO • Orange County, CA**

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: Patricia James | FROM: Serafina Raskin |
| COMPANY: Miller, King & James, LLP | DATE: 8/5/2008 |
| FAX NUMBER: 619-685-0011 | TOTAL NO. OF PAGES INCLUDING COVER: 15 |
| PHONE NUMBER: 619-685-0077 | SENDER'S REFERENCE NUMBER: |
| RE: Murray v. Host | YOUR REFERENCE NUMBER: |

☑ URGENT ☑ FOR REVIEW ☑ PLEASE COMMENT ☑ PLEASE REPLY ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Please see attached correspondence.

ATTENTION - The information contained in this facsimile is protected by attorney-client and/or attorney work product privilege, and intended solely for the use of the individual(s) to whom it is addressed. If you are not the intended recipient or agent of the intended recipient, you are hereby notified that dissemination, distribution or copying of this transmission is prohibited.

# BAILEY LAW GROUP

Washington, DC • Orange County, CA • Boulder County, CO

August 5, 2008

**VIA FACSIMILE**

Patricia James
Miller, King & James, LLP
Attorneys at Law
707 Broadway, Suite 1800
San Diego, CA 92101-5314

Re: Discovery

Dear Ms. James:

I have reviewed your correspondence of August 1, 2008. Aside from violating court rules, I am disappointed that you would attempt to bring any sort of *ex parte* discovery motion without contacting me first to determine whether we could resolve any discovery issues without expensive motion practice and the intervention of the court.

In that vein, I would like to speak with you as soon as possible. Unfortunately, I am unavailable to speak with you on Friday at 10:00 a.m., as you requested. However, I am available to speak at any time today or tomorrow.

Prior to our telephone conversation, I want to address some of the general issues you raise in your letter (although it is difficult to address any issue with specificity because your letter lacks the same).

1. With respect to Mr. Murray's entire personnel file not being produced with HOST's initial disclosures which somehow requires that you re-depose some witnesses based on non-specific newly acquired documents: HOST produced the portions of Mr. Murray's personnel file dealing with Ms. Rosale's complaint of sexual harassment against him and HOST's investigation of the same in accordance with Rule 26 and in accordance with our agreement which was made in front of Magistrate Major. This fact is memorialized in my letter dated January 3, 2008, and enclosed herewith. I look forward to discussing with you why witnesses that you have already deposed need to be deposed again – after the discovery cut-off which HOST had already extended by a week– based HOST's production of documents that have no relevancy to the issue in this case and which Plaintiffs' could have received at any point in the discovery process, had they asked.

   Indeed, Plaintiffs have not served a single document request in this case prior to the document requests that were served with the deposition notices during the last few

8105 Irvine Center Drive, Suite 900, Irvine, CA 92618
Tel. (949) 453-1755 • Fax. (949) 453-1757

018

weeks of discovery - with which HOST has fully complied. Moreover, the document requests that were served did not allow for 30 days for HOST to respond as mandated by Rule 34, nonetheless, HOST did its best to produce the requested documents in a shortened time span out of courtesy. Therefore, your suggestion that HOST has failed to produce documents or has somehow engaged in any gamesmanship is without merit and misstates HOST's actions.

2. Plaintiffs claims that many documents were not produced pursuant to Rule 26, although Plaintiff does not specify which category of documents were not produced. Again, HOST's responsibility under F.R.C.P. 26(f) is to disclose:

> a copy or a description by category and location of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

As required by the rule, HOST disclosed the categories of documents it planned on using to support its defenses in its disclosures. *See* HOST's Initial Disclosures attached hereto. Plaintiffs, however, did not serve any document requests on HOST until the final few weeks of the discovery process.

3. Plaintiffs also state that Ms. Hoatson was not identified in HOST's initial disclosures as a key witness and that for this reason Plaintiffs would like an opportunity to depose Ms. Hoatson. At the time that HOST submitted its initial disclosures, and to this date, HOST does not consider Ms. Hoatson a key witness in this case. Ms. Hoatson was neither involved in the final decision to terminate Plaintiff's employment, nor was she involved in conducting the investigation relating to the same. HOST does not plan on calling Ms. Hoatson as a witness in this case and could only imagine having to rely on Ms. Hoatson's testimony for impeachment purposes pursuant to Rule 26(f)(no duty to supplement if witness would be used for impeachment purposes only). Ms. Hoatson's minimal involvement in this case does not mandate that she be included in HOST's initial disclosures.

Moreover, even if Ms. Hoatson's involvement in this case makes her a key witness, HOST did not have a duty to supplement the disclosures to add Ms. Hoatson because the duty to supplement does not apply if the additional or corrective information has otherwise "been made known to the other parties during the discovery process[.]" *See* Fed. R. Civ. P. 26(e)(1),(2); *see also Coleman v. Keebler Co.*, 997 F. Supp. 1102, 1107 (1998) (the duty to supplement may be satisfied when new evidence is revealed at deposition). Plaintiffs' knew of Ms. Hoatson's minimal involvement because: (1) she was mentioned in Darryl Murray's deposition which took place back on March 25, 2008; and (2) her name appeared in a memorandum produced to Plaintiffs and also attached as an exhibit to Mr. Murray's deposition. *See* Exhibit 10 to the deposition of Darryl Murray dated March 25, 2008.

4. With respect to your claims that you are entitled to re-depose Mr. Maalouf, Plaintiff failed to timely serve a proper notice of deposition for Mr. Maalouf. Still, HOST provided him as a courtesy, even though it received Mr. Maalouf's deposition notice the evening prior to his deposition. Mr. Maalouf was forthcoming and answered all questions posed to him to the best of his ability. Please identify what grounds Plaintiff has for compelling Mr. Maalouf's presence at a second deposition session during our phone call.

5. As to Plaintiff's contention that HOST has not produced a "termination notice" please provide further detail on this issue. I am unaware of what you are referring to- HOST has produced Mr. Murray's entire personnel file.

As I have in the past, I look forward to working with you to resolve any discovery issues promptly, professionally and without the need for court intervention.

Sincerely,

Serafina Raskin

enclosures

# Transmission R. port

Date/Time : 07/05/08 13:26
Personal Number :
Personal Name :

Transmission Information

| Start Time | Distant Station | TtlTime | Pages | Mode | Result | Comm. Contents |
|---|---|---|---|---|---|---|
| 07/05 13:22 | 916196850011 | 3'22" | 15/15 | ECM | NrmlEnd | |

Document transmission is complete.

# BAILEY LAW GROUP

Washington, DC • Boulder County, CO • Orange County, CA

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: Patricia James | FROM: Serafina Raskin |
| COMPANY: Miller, King & James, LLP | DATE: 8/5/2008 |
| FAX NUMBER: 619-685-0011 | TOTAL NO. OF PAGES INCLUDING COVER: 15 |
| PHONE NUMBER: 619-685-0077 | SENDER'S REFERENCE NUMBER: |
| RE: Murray v. Host | YOUR REFERENCE NUMBER: |

☑ URGENT ☑ FOR REVIEW ☑ PLEASE COMMENT ☑ PLEASE REPLY ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Please see attached correspondence.

ATTENTION - The information contained in this facsimile is protected by attorney-client and/or attorney work product privilege, and intended solely for the use of the individual(s) to whom it is addressed. If you are not the intended recipient or agent of the intended recipient, you are hereby notified that dissemination, distribution or copying of this transmission is prohibited.

8105 Irvine Center Drive, Suite 900, Irvine, CA 92618
Tel. (949) 453-1755 • Fax. (949) 453-1757

# EXHIBIT 13

BAILEY LAW GROUP, PC
SERAFINA RASKIN (California Bar No. 244960)
8105 Irvine Center Drive
Suite 900
Irvine, CA 92618
Telephone: (949) 453-1755
Facsimile: (949) 453-1757

Attorney for Defendants
HOST INTERNATIONAL, INC., erroneously sued as HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC.

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARRYL MURRAY and DEBRA MURRAY,<br><br>Plaintiffs,<br><br>vs.<br><br>HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC. and DOES 1-100, Inclusive,<br><br>Defendants. | CASE NO.: 3:07-CV-02056-H-BLM<br><br>**DEFENDANT HOST INTERNATIONAL, INC.'S INITIAL DISCLOSURES TO PLAINTIFF** |

TO PLAINTIFFS DARRYL MURRAY AND DEBRA MURRAY, AND THEIR ATTORNEYS OF RECORD DAVID D. MILLER, ESQ., NICHOLAS S. KING, ESQ., PATRICIA I. JAMES, ESQ. AND THE LAW OFFICES OF MILLER, KING & JAMES.:

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure Defendant Host ("Host") hereby makes the following Disclosure regarding witnesses and documents. This Disclosure is based on facts and documents currently known and reasonably available to Defendant as of the date of this Disclosure, and is complete as to Defendant's best knowledge at this time. Discovery in this matter has not commenced, accordingly Defendant is in the process of completing its investigation at this time and thus reserves the right to supplement this Disclosure as other witnesses or documents become known and/or reasonably available to Defendant.

1. WITNESSES (Rule 26(a)(1)(A)): Defendant believes that the individuals listed below have knowledge of facts supporting the material allegations of Defendant's Answer or rebutting the material allegations of Plaintiff's Complaint ("Complaint"). Defendant's initial disclosure of the identities of potential witnesses is solely based upon such information that Defendant has been able to discover thus far in the amount of time available as well as Defendant's present analysis of the case, and shall not, in any way, be deemed to be a representation that additional witnesses do not exist. Accordingly, this disclosure is subject to Defendant's ability to discover additional individuals with knowledge of facts supporting the material allegations of Defendant's Answer and/or rebutting the material allegations of Plaintiffs' Complaint. The Individuals are:

i. Plaintiff Darryl Murray
ii. Plaintiff Debra Murray
iii. Darin Chadwick, formerly Assistant Manager, address 12403 Heatherton Court, #209, San Diego 92128; telephone 619-454-3698.
iv. Charles Powers, Executive Vice President and Chief Human Resources Officer
v. Claudia D. Guitierrez, Cook
vi. Sandra Rosales, Customer Service Representative
vii. Idalia Castro, Senior Regional Human Resources Director

All of these witnesses, other than Plaintiffs, and Darin Chadwick are employees of Host International, Inc., and can be contracted only through Defendants' counsel of record, Serafina Raskin, Bailey Law Group, 8105 Irvine Center Drive, Suite 900, Irvine, CA 92618; telephone (949) 453-1755, facsimile (949) 453-1757.

2. DOCUMENTS: (Rule 26(a)(1)(B)): On December 27, 2007, Defendant produced non-privileged documents Bates-stamped HOST-0001 through Host-0101, consisting of the

personnel files pertaining to the sexual harassment charges against Plaintiff Darryl Murray and documents establishing Mr. Murray's at-will status. Defendants also expect to turn over to Defendants Mr. Murray's entire personnel file, a Letter Agreement dated April 25, 2001, whereby Mr. Murray promised to repay $150,000 to HOST upon his termination from HOST, as well as other supporting documentation relating to the loan.

Defendant will meet-and-confer with Plaintiffs regarding production of other documents germane to Plaintiffs' Complaint and/or Defendant's counterclaim and will discuss disclosure of those documents. Defendant is informed and believes that the aforementioned documents support the material allegations of Defendant's Answer and Counterclaim and/or rebut the material allegations of Plaintiff's Complaint. Defendant's document production is based solely upon such information and documents that Defendant has been able to discover thus far in the amount of time available, as well as Defendant's present analysis of the case, and shall in any way be deemed to be a representation that further documents do not exist. Accordingly, Defendant's document production is subject to Defendant's ability to discover new and additional facts and documents.

3. DAMAGES: (Rule 26(a)(1)(C)): Defendant denies that Plaintiffs have been damaged in any amount or at all by reason of any acts of Defendant. Defendant has been damaged in the amount of $150,000 resulting from Plaintiffs' breach of contract, as well as attorneys' fees and costs to be accrued in the defense thereof. Defendants' damages are based on an April 25, 2001, Letter Agreement (hereinafter "the Contract"), whereby HOST agreed to guarantee and/or purchase a line of credit (hereinafter "the Loan") for the benefit of Mr. Murray in the amount of $150,000 for the purchase of a home in San Diego. Mr. Murray agreed to make the interest payments due on the Loan while the Loan was outstanding, provided that Mr. Murray remained employed by HOST. The terms of the Contract specifically provide that upon termination of Mr. Murray's employment with HOST, without regard to whether such termination was voluntary or involuntary, or whether such termination was with cause or without cause, the Loan, together with all unpaid interests and other amounts due thereunder, shall be immediately due and payable in full. Since September 21, 2006,

when he was terminated, Mr. Murray has failed to make a single payment under the Contract. As discovery proceeds, Defendant may learn that it has suffered further compensatory damages as a result of Plaintiffs' actions and will amend the damage calculations based on such information.

4. INSURANCE: (Rule 26(a)(1)(D)): Defendant is unaware of any applicable insurance policy.

DATED: January 9, 2008

BAILEY LAW GROUP, PC

SERAFINA RASKIN

BY: [signature]

SERAFINA RASKIN

Attorney for Defendants
HOST INTERNATIONAL, INC., erroneously sued as HMSHOST CORPORATION, HMS HOST FAMILY RESTAURANTS, INC., HMS HOST USA, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA, )
) ss:
COUNTY OF ORANGE )

I am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 8105 Irvine Center Drive, Suite 900, Irvine, CA 92618.

On January 9, 2008, I served the following document(s) described as:

**DEFENDANT HOST INTERNATIONAL, INC.'s INITIAL DISCLOSURES**

on the interested parties by transmitting a true copy thereof via facsimile to:

David D. Miller
Nicholas S. King
Patricia I. James
MILLER, KING & JAMES, LLP
ATTORNEYS AT LAW
619-685-0011

☑ **VIA FACSIMILE:**

The facsimile transmission report indicated that the transmission was complete and without error. A copy of that report, which was properly issued by the transmitting machine, is attached hereto.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on January 9, 2008, in Irvine, California.

[signature]
Serafina Raskin

# Transmission Report

Date/Time : 12/09/07 17:57
Personal Number :
Personal Name :

Transmission Information

| Start Time | Distant Station | TtlTime | Pages | Mode | Result | Comm. Contents |
|---|---|---|---|---|---|---|
| 12/09 17:55 | 916196850011 | 1'20" | 5/5 | ECM | NrmlEnd | |

Document transmission is complete.

## BAILEY LAW GROUP

Washington, DC • Boulder County, CO • Orange County, CA

### FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: Patricia James | FROM: Serafina Raskin |
| COMPANY: Miller, King & James, LLP | DATE: 1/9/2008 |
| FAX NUMBER: 619-685-0011 | TOTAL NO. OF PAGES INCLUDING COVER: 5 |
| PHONE NUMBER: 619-685-0077 | SENDER'S REFERENCE NUMBER: |
| RE: Murray v. Host | YOUR REFERENCE NUMBER: |

☑ URGENT ☑ FOR REVIEW ☑ PLEASE COMMENT ☑ PLEASE REPLY ☐ PLEASE RECYCLE

NOTES/COMMENTS:

See attached correspondence.

8105 Irvine Center Drive, Suite 900, Irvine, CA 92618
Tel. (949) 453-1755 • Fax. (949) 453 1757

# EXHIBIT 14

CERTIFIED COPY

# THORSNES LITIGATION SERVICES

Transcript of the Testimony of:

# Joseph Lutz

**Date:** July 25, 2008

**Volume:** I

**Case:** Murray v. HMS Host

THORSNES LITIGATION SERVICES, LLC
2550 FIFTH AVENUE, NINTH FLOOR
SAN DIEGO, CALIFORNIA 92103
(P): 619.233.2030
(F): 619.330.1956
E-MAIL: INFO@THORSNES.COM
WEB: WWW.THORSNES.COM

question asked him what Chuck was thinking. So you are asking him to speculate. So I am telling him he doesn't have to put himself in Chuck's head. He just has to remember what Chuck said to him.

So go ahead and answer.

THE WITNESS: My recollection is that Chuck's advice was that given the magnitude of the issues there, the collective documentation that was at hand in this particular investigation, that there was significant evidence that sexual harassment occurred in that branch.

BY MR. TAPPE:

Q. Let's presume hypothetically a sexual harassment did occur.

What about this case made termination an option instead of something less than termination? Why did Chuck Powers choose that option? What did he tell you?

A. I don't think he chose that option. I think he recommended that option. At the end of the day, it was my decision. And at my standpoint Darryl was the leader of this branch. He was our representative.

As a company, we asked him to deal with people fairly, with integrity, treat people with respect. He crossed that boundary when he made that

I, the undersigned, a Certified Shorthand Reporter of the State of California, do hereby certify:

That the foregoing proceedings were taken before me at the time and place herein set forth; that any witnesses in the foregoing proceedings, prior to testifying, were duly sworn; that a verbatim record of the proceedings was made by me using machine shorthand which was thereafter transcribed under my direction; that the foregoing transcript is a true record of the testimony given.

Further, that if the foregoing pertains to the original transcript of a deposition in a Federal Case, before completion of the proceedings, review of the transcript [ ] was [ ] was not requested.

I further certify I am neither financially interested in the action nor a relative or employee of any attorney of party to this action.

IN WITNESS WHEREOF, I have this date subscribed my name.

Dated: August 1, 2008

Monica M. Frank

MONICA M. FRANK
CSR NO. 11949