David D. Miller (State Bar No. 66863)
Nicholas S. King (State Bar No. 179605)
Patricia I. James (State Bar No. 90633)
MILLER, KING & JAMES, LLP
ATTORNEYS AT LAW
707 Broadway, Suite 1800
San Diego, CA 92101-5314
Telephone: 619.685.0077
Facsimile: 619.685.0011

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARRYL MURRAY and DEBRA MURRAY,<br><br>Plaintiffs,<br><br>v.<br><br>HOST INTERNATIONAL, INC., and DOES 1-100, Inclusive,<br><br>Defendants. | CASE NO.:07CV2056-H (BLM)<br><br>DECLARATION OF TODD N. TAPPE IN SUPPORT OF PLAINTIFF'S REPLY RE MOTION TO COMPEL DEPOSITIONS, ANSWERS TO DEPOSITION QUESTIONS AND PRODUCTION OF DOCUMENTS |

I, Todd N. Tappe, declare:

1. I am an attorney duly licensed to practice law before all courts of this state and am an independent contractor for Miller, King & James, LLP, attorneys for plaintiffs herein. I make this declaration on my own personal knowledge and, if called as a witness, could competently testify as to the matters stated herein.

2. I never agreed to limit Joe Lutz's deposition to two hours. Serafina Raskin asked me for a time estimate for his deposition, and I estimated two hours. I clearly explained that the two hour figure was an estimate, further elaborating that I cannot control how quickly or slowly the witness responds to questions. I explained that I cannot exactly estimate how much information a witness has to provide. For these and other reasons, I explained that the two hour figure was only an estimate.

3. I confirmed with all other attorneys in the Miller, King & James law office, and all deny making an agreement with Serafina Raskin to limit the Joe Lutz deposition to two hours.

4. I confirmed with all staff in the Miller, King & James law office, and all deny making an agreement with Serafina Raskin to limit the Joe Lutz deposition to two hours. Staff would not have authority to make this type of agreement without attorney approval.

5. I first learned that the Defendant's original production of the Darryl Murray file was incomplete only by means of conducting depositions and asking various deponents about the content of the personnel file.

6. After the deposition of Claudia Gallegos, it was apparent to me that defense counsel had not produced Darryl Murray's complete personnel file. Serafina Raskin told me she would fax the remainder of the personnel file to me before the deposition of Idalia Castro (she was the first of several manager depositions). Defense counsel did not produce the complete personnel file until all of Plaintiffs' depositions were complete.

7. I have read and inspected Exhibit F. It is a true and correct print-out of an electronic email I sent to a staff member to follow-up on Serafina Raskin's promise to produce the remainder of Darryl Murray's personnel file before the managers' depositions. The content of this email corroborates the verbal agreement made between Ms. Raskin and myself on behalf of our clients.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 29th day of August, 2008.

Todd N. Tappe