David D. Miller (State Bar No. 66863)
Nicholas S. King (State Bar No. 179605)
Patricia I. James (State Bar No. 90633)
MILLER, KING & JAMES, LLP
ATTORNEYS AT LAW
707 Broadway, Suite 1800
San Diego, CA 92101-5314
Telephone: 619.685.0077
Facsimile: 619.685.0011

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARRYL MURRAY and DEBRA MURRAY,<br><br>Plaintiffs,<br><br>v.<br><br>HOST INTERNATIONAL, INC., and DOES 1-100, Inclusive,<br><br>Defendants. | CASE NO.:07CV2056-H (BLM)<br><br>DECLARATION OF CHRISTINA M. FORD IN SUPPORT OF PLAINTIFF'S REPLY RE MOTION TO COMPEL DEPOSITIONS, ANSWERS TO DEPOSITION QUESTIONS AND PRODUCTION OF DOCUMENTS |

I, Christina M. Ford, declare:

1. I am a paralegal with the law firm Miller, King & James, LLP, counsel of record for Plaintiffs Darryl Murray and Debra Murray. All facts set forth herein are based upon my personal knowledge and, if called upon as a witness, I could testify competently hereto.

2. A timely notice of deposition was sent to opposing counsel, Ms. Serafina Raskin, via U.S. Mail on June 4, 2008 for deponents Idalia Castro and Thomas Stein set for June 24, 2008, well before the discovery cut-off of July 18, 2008. A true and correct copy of the notices of deposition are attached to this declaration as Exhibit A.

3. In Defendant's Initial Disclosures to Plaintiffs dated January 9, 2008, Ms Castro is listed as a Senior Regional Human Resources Director, an employee of Host International, Inc. and "can be contacted only through Defendants' counsel of record, Serafina Raskin...". A true

and correct copy of pg 2 of Defendants Initial Disclosures is attached to this declaration as Exhibit B.

4. Plaintiff Darryl Murray informed me that Thomas Stein was the Director of Loss Prevention for Host International, Inc., as this was his understanding of Mr. Stein's position. I believed Mr. Stein to be an employee of Host International, Inc. and therefore I would need to contact him through their counsel of record, Ms. Raskin.

5. Correspondence dated June 4, 2008 was sent along with the notices of deposition for Ms. Castro and Mr. Stein, among others, specifically asking if any of the deponents were no longer employees of Host International, Inc. so that they could be properly served with a subpoena if necessary. A true and correct copy of correspondence dated June 4, 2008 is attached to this declaration as Exhibit C.

6. I sent an email to Ms. Raskin on June 12, 2008 - 8 days after the deposition notices were sent via U.S. Mail. I asked Ms. Raskin to confirm whether the depositions of Ms. Castro and Mr. Stein, set for June 24, would be going forward. A true and correct copy of my email dated June 12, 2008 is attached to this declaration as Exhibit D.

7. She replied on June 12, 2008 that she was still following up with the deponents regarding their availability and would give me an update on June 13, 2008. She did not indicate at that time that a subpoena was required for Ms. Castro or Mr. Stein or that I would need to contact either deponent personally regarding their availability, rather than through Ms. Raskin.

8. On July 3, 2008, a federal subpoena and notice of deposition for Ms. Castro, set for July 17, 2008, before the discovery cutoff, was sent via U.S. Mail. The subpoena was deemed "deficient" by Ms. Raskin, as it was submitted under the Southern District of California, rather than the Western District of Washington. Ms. Castro is physically located in Seattle, Washington. A true and correct copy of the Proof of Service dated July 3, 2008 is contained in Exhibit 6 of Defendants Opposition to Plaintiffs Motion to Compel.

9. On July 3, 2008, a federal subpoena and notice of deposition for Mr. Stein, set for

July 14, 2008, before the discovery cutoff, was sent via U.S. Mail. The subpoena was deemed "deficient" by Ms. Raskin, as it was submitted under the Southern District of California, rather than the Southern Division District of Maryland. Mr. Stein is physically located in Bethesda, Maryland.

10. Correspondence was received from Ms. Raskin on July 9, 2008 (erroneously dated January 9, 2008) as a follow up to a telephone conversation she had earlier in the day with Plaintiff's counsel Patricia I. James regarding the scheduling of various depositions. In this correspondence, we received the contact information for Ms. Castro and Mr. Stein, among others, and I confirmed with Ms. Raskin via telephone that I had permission to contact both deponents directly in order to coordinate the scheduling of their depositions. A true and correct copy of this correspondence dated erroneously January 9 and fax cover sheet accurately dated July 9, 2008 is attached to this declaration as Exhibit E.

9. I received this contact information for Ms. Castro and Mr. Stein 35 days after the original notices of deposition were sent to Ms. Raskin on June 4.

10. Idalia Castro's deposition was taken on Friday, July 18, 2008.

11. Thomas Stein's deposition was taken on Wednesday, July 23, 2008.

12. On July 14, I emailed Ms. Raskin informing her that we would also like to depose Elie Maalouf. At this time, she had already agreed to an extension of the discovery cutoff date to July 25 "to facilitate the numerous depositions to be completed in this case." as stated in her correspondence labeled as Exhibit E. Because Mr. Maalouf is HOST'S President and CEO, I had to coordinate the scheduling of his deposition through HOST's counsel of record, Ms. Raskin. Rather than send a unilateral deposition notice for Mr. Maalouf for a time when he was unavailable, I asked her to assist in the scheduling of his deposition, and she agreed to check his availability.

13. Elie Maalouf's deposition was taken on Friday, July 25, 2008.

14. I provided Ms. Raskin with a time estimate for the duration of all the depositions via email on July 14. Once I realized that Ms. Castro's deposition was lasting the majority of

the day, I specifically told her in a phone conversation on July 18 that she would need to speak directly with Todd Tappe, the attorney taking the depositions, regarding the duration of the depositions. He would provide more accurate time estimates for the other depositions set in the upcoming week. She replied, "Oh no, the other depositions will not be lasting this long, as those are higher level people." I made a note in the file and told attorney Todd Tappe exactly what she had said so that he could address the issue further.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 28th day of August, 2008.

Christina M. Ford