David D. Miller (State Bar No. 66863)
Nicholas S. King (State Bar No. 179605)
Patricia I. James (State Bar No. 90633)
MILLER, KING & JAMES, LLP
ATTORNEYS AT LAW
707 Broadway, Suite 1800
San Diego, CA 92101-5314
Telephone: 619.685.0077
Facsimile: 619.685.0011

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARRYL MURRAY and DEBRA MURRAY,<br><br>Plaintiffs,<br><br>v.<br><br>HOST INTERNATIONAL, INC., and DOES 1-100, Inclusive,<br><br>Defendants. | CASE NO.:07CV2056-H (BLM)<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANT HOST INTERNATIONAL, INC.'S MOTION FOR SUMMARY JUDGMENT<br><br>Date: September 22, 2008<br>Time: 10:30 a.m.<br>Place.: Room 13<br>Honorable Marilyn Huff |

///

///

///

///

///

///

///

///

///

///

///

## TABLE OF CONTENTS


I. DEFENDANT HAS THE BURDEN OF PROOF TO SHOW THAT IT IS ENTITLED TO SUMMARY JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II. INTRODUCTION & STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . .

III. PLAINTIFFS' AGE DISCRIMINATION CLAIM IS SUPPORTED BY EVIDENCE GIVING RISE TO MATERIAL ISSUES OF FACT . . . . . . . .

A. Whether or not the employer's stated reason for termination was pretext is material to all of Plaintiffs' discrimination claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

B. Mr. Murray can establish a prima facie case of Age Discrimination . . . . . .

C. HOST's claim to a legitimate non-discriminatory reason is a pretext . . . . .

IV. PLAINTIFFS' CLAIM FOR VIOLATION OF PUBLIC POLICY DOES NOT FAIL AS A MATTER OF LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

V. DARRYL MURRAY DID HAVE AN IMPLIED CONTRACT WITH HOST . . .

VI. DEFENDANTS DID VIOLATE THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING WHEN THEY TERMINATED DARRYL MURRAY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

VII. MS. MURRAY'S LOSS OF CONSORTIUM CLAIM DOES NOT FAIL FOR LACK OF AN ABILITY TO PROVE WRONGFUL TERMINATION . . .

VIII. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

# TABLE OF AUTHORITIES

## UNITED STATES SUPREME COURT CASES

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505 (1986) . . . . . . . . . . . .

*Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S.Ct. 2148 (2003) . . . . . . . . . . . . . . .

*McDonnell Douglass Corp. v. Green*, 411 U.S. 792 (1973) . . . . . . . . . . . . . . . . . . . . .

*O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308 (1996) . . . . . . . . . . . . . . .

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000) . . . . . . . . . . . . .

*St. Mary's Honor Center v. Hicks* 509 U.S. 502 (1993) . . . . . . . . . . . . . . . . . . . . . .

*Tex. Dept. of Community Affairs v. Burdine*, 450 U.S 248 (1981) . . . . . . . . . . . . .

## FEDERAL CASES

*British Airways Board v. Boeing Co.*, 585 F.2d 946 (9th Cir. 1978) . . . . . . . . . . . . .

*Calderone v. United States*, 799 F.2d 254 (6th Cir. 1986) . . . . . . . . . . . . . . . . . . . . .

*Cancellier v. Federated Dept. Stores*, 672 F.2d 1312, *cert. denied* 459 U.S. 859 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Carter v. DecisionOne Corp. ex rel. C.T. Corp. Sys.*, 122 F.3d 997 (11th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Chuang v. Univ. of Ca. Davis*, 225 F.3d 1115 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . .

*Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Davis v. TEC*, 520 F.3d 1080 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Fontenot v. Upjohn Co.*, 780 F.2d 1190 (5th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . .

*Fremont Indem. Co. v. California National Physician's Ins. Co.*, 954 F.Supp.1399 (CD CA 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*McGinest v. GTE Serv. Corp.*, 360 F.3d 1103 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . .

*Nidds v. Schindler Elevator Corp.*, 113 F.3d 912 (9th Cir. 1996) . . . . . . . . . . . . . . . . . .

*Warren v. City of Carlsbad*, 58 F3d 439 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . .

## STATE CASES

*Anderson v. Northrop Corp.*, 230 Cal. App. 3d 772 (1988) . . . . . . . . . . . . . . . . . . . . . .

*Foley v. Interactive Data Corp.*, 47 Cal.3d 654 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . .

*Hejmadi v. AMFAC, Inc.*, 202 Cal.App.3d 525 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Jennings v. Marralle*, 8 Cal.4th 121 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Kovatch v. California Casualty Management Co., Inc.*, 65 Cal.App.4th 1256 (1998) . . . . .

*Stevenson v. Superior Ct.*, 16 Cal. 4th 880 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**FEDERAL RULES OF CIVIL PROCEDURE**

FRCP 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## I.

## DEFENDANTS HAVE THE BURDEN OF PROOF TO SHOW THAT THEY ARE ENTITLED TO SUMMARY JUDGMENT

It is the moving party's burden to establish that there is "no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FRCP 56(c); *British Airways Board v. Boeing Co.*, 585 F.2d 946, 951 (9th Cir. 1978); *Fremont Indem. Co. v. California National Physician's Ins. Co.*, 954 F.Supp. 1399 (CD CA 1997). "Summary judgment is not appropriate if a reasonable jury viewing the summary judgment record could find by a preponderance of the evidence that the plaintiff is entitled to a verdict in his favor. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027-1029 (9th Cir. 2006). A plaintiff alleging employment discrimination "need produce very little evidence in order to overcome an employer's motion for summary judgment. This is because the ultimate question is one that can only be resolved through a searching inquiry — one that is most appropriately conducted by a factfinder, upon a full record." *Chuang v. Univ. of Ca. Davis*, 225 F.3d 1115, 1024 (9th Cir. 2000) (internal quotation marks omitted).

The burden of proof at trial is generally determined by the pleadings. Therefore, on a summary judgment motion, the moving party must generally demonstrate there is no triable issue as to the matters alleged in its own pleadings. *Calderone v. United States*, 799 F.2d 254 (6th Cir. 1986). This requires the moving party to establish beyond controversy every essential element of its claim or defense: "If the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

"In evaluating Motions for summary judgment in the context of employment discrimination, we have emphasized the importance of zealously guarding an employee's right to a full trial, since discrimination claims are frequently difficult to prove without a full airing of the evidence and an opportunity to evaluate the credibility of the witnesses." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1112 (9th Cir. 2004); see also *Davis v. TEC*, 520 F.3d 1080,

1089 (9th Cir. 2008).

## II.

## INTRODUCTION & STATEMENT OF FACTS

HOST fired Darryl Murray so they could replace him with a younger management team (including managers Joe Niknam and Carlos Barrantes). HOST employees are not confessing to the true reasons for termination. Instead they present a sexual harassment investigation that is blatantly flawed and pretextual. This scenario is contemplated and addressed by controlling law:

> "An employee" may offer evidence, direct or circumstantial, "that a discriminatory reason more likely motivated the employer to make the challenged employment decision." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006) [quoting *Tex. Dept. of Community Affairs v. Burdine*, 450 US 248, 256 (1981)]. Alternatively, an employee may offer evidence "that the employer's proffered explanation is unworthy of credence." *Id.* Employees may rely on both circumstantial and direct evidence because "[d]efendants who articulate a nondiscriminatory explanation for a challenged employment decision may have been careful to construct an explanation that is not contradicted by known direct evidence." *Id.* at 1029; *See also Desert Palace, Inc. v. Costa*, 539 U.S. 90, 99-100, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003)." *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1091

Darryl Murray was employed by HOST for approximately 18 years. Exhibit 1, (Darryl Murray Dep., 17:05 to 18:09); See Def. Stmt. of Material Facts 1&2. He was told that he could stay at San Diego until a year before his retirement. Exhibit 2: (Darryl Murray's Dep., 39:9-10.) Instead he was terminated and replaced by a younger manager. Mr. Murray determined that the stated reason for termination (sexual harassment) was false, and he determined that he was actually fired because of age discrimination.

HOST claims they terminated Darryl Murray for a sexual harassment complaint. See

e.g. Exhibit 3 (Lakin Dep., 19-21); See generally, Exhibit 4 (MSJ 2:19-27).[1] However, there are numerous reasons to believe that the stated reason for termination was pretext. The question of pretext is a triable issue of fact. The complaint itself was suspect because the alleged victim is not the one who made the complaint. Exhibit 5:(Pltf's Sep. Stmt. of Controverted Facts #2).

The employer's investigation was flawed in serious ways. Plaintiffs' human resources expert, Amy Oppenheimer will be one of Plaintiffs' witnesses to explain the suspicious improprieties in the sexual harassment investigation and following decision to terminate. Defendants are informed of the expected substance of Ms. Oppenheimer's expected testimony from her Expert Designation, Plaintiffs' Rule 26 production, and Amy Oppenheimer's expert witness report. [Exhibit 6 (Expert Designation); Exhibit 7 (Plaintiffs' Rule 26 production); and Exhibit 8 (Amy Oppenheimer's Expert Report).]

Essentially, Defendants' reason for termination is not credibly proved. Defendants have not provided one piece of written documentation stating their alleged reason for termination. Exhibit 9 [Def. MSJ Ps&As., 2: 6-7 (stating that Darryl Murray was fired for sexual harassment).] Initially the Los Angeles regional human resources manager described a termination notice allegedly received, read, identified, and produced to Mr. Murray. Exhibit 10 (Castro Dep., 52:9 to 53:24). In conjunction with Plaintiffs' motion to compel production of the Termination Notice and other documents on September 5, 2008, Ms. Castro submitted a declaration, stating that the termination notice does not exist. Exhibit 11 (Castro Decl.) She claims that what she once identified, under oath, as a termination notice was now a check. Exhibit 10, lines 15-16. Ms. Castro's incredible change of story about the missing termination notice tends to prove at once both of the glaring credibility issues that HOST confronts: 1) HOST has refused to produce a writing that stated the reasons for termination to Darryl Murray; and 2) HOST improperly withheld human resources documents from Plaintiffs. On

---

[1] Although documents filed with the Court, such as points and authorities and separate statements, are not usually included as exhibits, Plaintiffs have attached the same in this case as a convenience to the Court so that the referenced pages can be easily accessed.

September 5, 2008 this Court ordered Defendants to produce all documents it identified in the depositions which have not yet been provided (these are for the most part human resources documents). When the circumstances are taken as a whole, the stated reasons for termination appear to be pretext.

## III.

## PLAINTIFFS' AGE DISCRIMINATION CLAIM IS SUPPORTED BY EVIDENCE GIVING RISE TO MATERIAL ISSUES OF FACT

### A. Whether or not the employer's stated reason for termination was pretext is material to all of Plaintiffs' discrimination claims.

Categorically, Plaintiff can present substantial evidence that the stated reason for termination was pretext. Several of the reasons a fact finder can find pretext have already been stated, above: 1) The suspicious origination of the sexual harassment investigation; 2) Human resources anomalies; and 3) Lack of Defendant's credibility, centering around conflicting witness testimony and failure to produce documents.[2] Plaintiffs took seven depositions, and there are two additional depositions taken by Defendants for a total of nine. Plaintiffs have properly designated a human resources expert witness. Defendants produced some probative documentation during the discovery process. Finally, Plaintiffs have conducted their own investigation into the circumstances of the case. Given the evidence available and expert witness, Plaintiffs are ready and able to show pretext of Defendant's stated reason for termination at trial.

The well-known *McDonnell Douglas/Burdine* line of cases set the framework for

---

[2] On September 5, 2008, Magistrate Judge Majors ordered Defendants to produce documents identified in any of the seven defendant depositions and not already produced. On September 8, 2008, Plaintiffs sent to Defendants a list of eight documents, each clearly identified by their own defendant deponents and not yet produced. The letter is Exhibit 12. Deposition excerpts describing each document not yet produced by Defendants are compiled into Exhibit 13. These documents will provide even more proof of wrongful termination and related claims. If the Court is inclined to find that Plaintiffs have not met their burden of proof for any of the causes of action challenged in Defendants' Motion for Summary Judgment, Plaintiffs ask that the Court postpone its decision until all documents are produced according to the Court's own order of September 5, 2008. Plaintiffs do not believe the non-produced documents are required to successfully oppose the motion for summary judgment, but their production is an option.

Plaintiffs ability to prove employment discrimination cases based on inferences, particularly inferences drawn from a showing that a stated reason for termination was pretextual. See *McDonnell Douglass Corp. v. Green*, 411 US 792 (1973); *Tex. Dept. of Community Affairs v. Burdine*, 450 US 248 (1981). Another of the *McDonnell Douglas* line further specifies that credibility of an employer's reason is a question for the fact finder. *St. Mary's Honor Center v. Hicks* 509 US 502, 511 (1993) (stating that where unlawful discrimination is charged it is up to the fact finder to decide the credibility of the employer's reasons for its discriminatory conduct).

Very little evidence of discriminatory motive is necessary to raise a genuine issue of fact as to pretext. The employee need simply to point to facts showing the employer's explanation for his/her rejection is not credible, from which a fact finder could *infer* a retaliatory or discriminatory motive despite the employer's denial thereof. *Warren v. City of Carlsbad*, 58 F3d 439, 443 (9th Cir. 1995); *Clements v. Airport Auth. of Washoe County*, 69 F3d 321-334-335 (1995). If a factfinder believes that management is lying about the "legitimate, nondiscriminatory reason" for its action, it is free to infer that the real reason was age discrimination. See *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 US 133, 147-48 (2000). Given the legal authority, proof of the pretextual termination is material to the case, because the evidence could prove dispositive. *Anderson v. Liberty Lobby, Inc.*, 477 US 242, 106 S.Ct. 2505, 2510 (1986) (explaining that a "material fact" is one that might affect the outcome of a case).

Plaintiffs hotly contest Defendants stated reason for termination, and each party has presented evidence to support their side of the argument.

**B. <u>Mr. Murray can establish a prima facie case of Age Discrimination</u>.**

Plaintiff can prove that he was performing his job duties in a satisfactory manner at time of his termination. The Defendant alleges that Plaintiffs cannot prove satisfactory job performance. Exhibit 14, (MSJ, 5:24 to 6:1). Nowhere in their papers does the Defendant provide a shred of evidence that Darryl Murray was not performing his job in a satisfactory manner, notwithstanding the hotly contested sexual harassment allegation. To the contrary,

testimony from Defendants' own employees provide some of the most compelling evidence that Darryl Murray was performing his job duties in a satisfactory manner. For example, at deposition Darryl Murray's direct supervisor, Joe Lutz, showered praises about Darryl Murray's job performance. See e.g., Exhibit 15 (Lutz Dep., 11:8-19).

The Defendant claims that Plaintiffs cannot prove that Darryl Murray was replaced by a substantially younger person who had inferior qualifications. Exhibit 16, (MSJ, 6:1-2). First, the argument is not precisely correct, because Plaintiffs do not have to prove Joe Niknam had inferior qualifications. The standard sets forth "equal or inferior" qualifications. Included in the citation provided by the Defendant, *Nidds v. Schindler* provides that the "substantially younger with equal or inferior qualifications" element is flexible and not strictly construed. *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912 (9th Cir. 1996). In the instant case, the qualifications element should be even less strictly construed, because Defendants do not allege that Mr. Murray's termination was in any way related to lack of qualifications or comparative qualifications. See e.g. Exhibit 17 (Lakin Dep., 19-21); See generally, Exhibit 18 (MSJ, 2:19-27).

The Defendant also claims that Plaintiffs cannot prove Darryl Murray's replacement was substantially younger in accordance with applicable legal standards. Exhibit 19 (MSJ, 6:1). The Defendant claims Joe Niknam is 48 years old. Exhibit 20 (Def. Stmt. of Facts, #16), referencing Exhibit 21 (Niknam Decl., ¶ 2). Defendants claim that Darryl Murray was 52 at the time of the complaint. Exhibit 22 (Def. Stmt. of Facts, #17), referencing Exhibit 23 (Pltf's Compl. ¶¶ 9-10. Without stipulating to the veracity of the facts presented by Defendants, *arguendo* the age differential was no less than four years. Four years meets the applicable legal standard of "substantially younger" for purposes of proving an age discrimination prima facie case.

The replacement, Joe Niknam, was sufficiently younger (about four years) to meet the prima facie standard, requiring replacement by a younger employee. In the instant case, younger employees (Joe Niknam and his replacement, Carlos Barrantes) were favored over the older employee (Darryl Murray). In such cases, the younger employee(s) can also be over 40

but must be "substantially younger" than the plaintiff. *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996). "Substantially," can be as little as three years. *See e.g., Carter v. DecisionOne Corp. ex rel. C.T. Corp. Sys.*, 122 F.3d 997, 1003 (11th Cir. 1997) (per curiam).

Given that the Defendant does not contest Darryl Murray's membership in the protected class or the fact of negative employment action, Plaintiffs have explained and presented proof for all at issue elements of the prima facie case.

**C. <u>HOST's claim to a legitimate non-discriminatory reason is a pretext</u>.**

HOST claims that the legitimate non-discriminatory reason for terminating Darryl Murray was a complaint by Sandra Rosales. Exhibit 24 (MSJ, 7:22-23). First, this allegation misidentifies the person who made the complaint and the timing of the investigation. In fact, it was Darin Chadwick who came forward to an HR assistant to Jennifer Lakin, named Jennifer Bagayan (later her name changed to Jennifer Nann). See Exhibit 25 (Lakin Dep., 15: 14-24). Sandra Rosales's statement was merely a witness statement. Even more to the point, Ms. Rosales discussed the alleged incidents with Darin Chadwick and opted <u>not</u> to file a complaint. See Exhibit 26 (Rosales Dep., 113:10-23).

Second, HOST claims its investigation results substantiate a sexual harassment finding. This cannot be true, because the alleged victim admits and explains that the kiss was not sexual in nature. See Exhibit 27 (Rosales Dep. at 90:2-10 and 100:4-12.)

Plaintiffs designated a Human Resources Expert, Amy Oppenheimer, who can further explain to the factfinder why the HOST investigation and claims constitute pretext. In her initial report on page six, Ms. Oppenheimer explains that the HOST discipline was premature, because it was not properly based on substantiated conclusions. Exhibit 8 (Oppenheimer ex. Rpt., pgs., 5 & 6). Ms. Oppenheimer explains other problems that also tend to demonstrate pretext, including the following: 1) Unauthenticated evidence (page 5); 2) Inadequate opportunity for accused to respond to accusations (page 5); 3) Investigation was not thorough (page 4); and 4) Inappropriate conduct of the investigation (page 3). See generally Exhibit 8 (Oppenheimer Ex. Rpt.). Further detail is not available to the Defendant now because they

failed to depose Plaintiffs' expert witness.

Defendants invite the Court to find that Plaintiffs cannot show pretext. Exhibit 28 (MSJ, page 8). The Defendant asks the Court to infer Elie Maalouf's good will toward Darryl Murray from a passing statement Darryl Murray made at deposition about a transfer offer. Elie Maalouf did not recall such an "offer of transfer" or "offer of promotion" at his deposition. See Exhibit 29 (Maalouf Dep., 11:6-13). In any event, the benefit of all reasonable inferences must be in favor of the party opposing a Motion for Summary Judgment. See e.g., *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1034 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255) ("As the Supreme Court has said: 'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict"). To infer Elie Maalouf's state of mind based on a passing statement by Darryl Murray in a deposition invites speculation, and, in any event, any number of inferences could reasonably be drawn.

The Defendant repeats its argument about the alleged four-year difference in age between Darryl Murray and Joe Niknam. Exhibit 30 (MSJ, 6:25 to 7:9) (first time Defendant argues that four-years difference in age defeats Plaintiffs' claims); and Exhibit 31 (MSJ, 8:19-27) (second time Defendant argues that four-years difference in age defeats Plaintiffs' claims). Plaintiffs remind the Court of the applicable authority. In such cases, the younger employee(s) can also be over 40 but must be "substantially younger" than the plaintiff. *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996). "Substantially," can be as little as three years. *See e.g., Carter v. DecisionOne Corp. ex rel. C.T. Corp. Sys.*, 122 F.3d 997, 1003 (11th Cir. 1997) (per curiam). In any event, the replacement of Joe Niknam was a person in his 30's. Exhibit 32 (Castro Dep., 208:23 to 209: 2; and 209:20-22).

**IV.**

**PLAINTIFFS' CLAIM FOR VIOLATION OF PUBLIC POLICY DOES NOT FAIL AS A MATTER OF LAW**

The Defendant cites *Jennings v. Marralle*, 8 Cal.4th 121, 132 (1994) for the proposition "no law of this state other than the FEHA which proscribes discrimination on the basis of age." *Jennings v. Marralle*, 8 Cal. 4 121, 132 (1994) (distinguished on other grounds by *Stevenson v. Superior Ct.*, 16 Cal. 4th 880(1997)). Exhibit 33 (MSJ, 9:7-12).

A close reading of the cases cited by the Defendant demonstrates that *Stevenson* distinguishes *Jennings* on precisely the grounds of whether the pendant claim public policy violation applies:

> "For all these reasons, we are persuaded that the FEHA's policy against age discrimination in employment is sufficiently substantial and fundamental to support a tort claim for wrongful discharge. <u>We therefore conclude that the FEHA's policy against age discrimination satisfies each of the four requirements that this court has established as essential to support a common law tort claim for wrongful discharge in violation of public policy</u>." *Stevenson v. Superior Ct.*, 16 Cal. 4th 880 at 897.

Pendant claims have been specifically contemplated and authorized for age discrimination cases in Federal Court. *Cancellier v. Federated Dept. Stores*, 672 F.2d 1312, 1318, *cert. denied* 459 U.S. 859 (1982).

The Defendant'ss final argument against Plaintiffs claim to violation of public policy is simply that "Mr. Murray has not established that HOST violated the FEHA." Exhibit 34 (MSJ, 9:12-13). Plaintiffs will present proof of violation of the FEHA proscribed acts pursuant to the facts and arguments already set forth in this brief (expert testimony, showing of pretext, admission of documents, etc.).

**V.**

**DARRYL MURRAY DID HAVE AN IMPLIED CONTRACT WITH HOST**

Defendants are correct, the most applicable law applying to proof of implied contract in the instant case is *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 680 (1988)

"factors apart from consideration and express terms may be used to ascertain the existence and content of an employment agreement, including 'the personnel policies or practices of the employer, the employee's longevity of service, actions or communications by the employer reflecting assurances of continued employment, and the practices of the industry in which the employee is engaged." *Id.* at 680

Plaintiffs can prove an implied in fact contract. Darryl Murray's deposition generally describes a relationship that gives rise to an implied employment contract. This is contrary to the Defendant's assertion that "he has no evidence to show that the totality of the circumstances created an implied contract . . ." Exhibit 35 (MSJ, 10: 4-5). The Defendant argument of "no evidence" is obviously false on its face. For instance, the Defendant concedes that Darryl Murray had longevity of employment at HOST (18 years); this is clearly evidence relevant to the "longevity factor" of *Foley*. *Foley v. Interactive Data Corp.*, 47 Cal.3d at 680. In addition to lengthy employment, Darryl Murray was promoted and had positive reviews. See generally, positive performance description given by Joe Lutz at his deposition. Exhibit 15 (Lutz Dep., 11:8-19).

The better defense argument relies upon a line of cases that stand for the proposition that "Lengthy employment, promotions and positive reviews [] by themselves, do not create an implied contract to terminate only for good cause." *Kovatch v. California Casualty Management Co., Inc.*, 65 Cal.App.4th 1256, 1276 (1998). This defense argument must fail, because Darryl Murray's proof is not limited to lengthy employment, promotions, and positive reviews. He was told that he could stay at San Diego until a year before his retirement. Exhibit 2: (Darryl Murray's Dep., 39:9-10).

Defendants allege that some language in two of Darryl Murray's job/promotion offers included language that the offer was not a contract. Exhibit 36 (MSJ, 10:3-15). The language makes it clear that the letter itself is not a contract or guarantee. Plainly the letter is just an offer. The letter is plainly an *invitation to form* an employment agreement. The letter was

actually written *before the employment arrangement was finalized.* Based on the timing, context, and reasonable inferences, the letter and cited language cannot control the subsequent employment agreement, formed between Darryl Murray and HOST *after receipt of the letter.* The Defendant has produced no document signed by Darryl Murray to show that he explicitly agreed to an at will employment agreement. To the contrary, there is evidence that he made explicit arrangements to work at HOST until retirement. See Exhibit 2 (Pltf's Dep., 39:9-10).

The Defendant repeats its argument that the sexual harassment investigation provided good cause for discharge. Exhibit 37 (MSJ, 11:8 to 12:10). Already in this brief, Plaintiffs have vigorously argued that the investigation was a pretext (evidentiary exhibits attached). Plaintiffs explicitly incorporate those arguments here in response to Defendants' summary judgment on the matter of implied in fact contract. (Particularly see Plaintiffs' Opposition to MSJ, Part III, sub-parts A and C.) As such, a triable question of fact has been raised as to whether the sexual harassment investigation was a pretext for age discrimination. This factual weighing is a determination for the factfinder to make at trial. See e.g., *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1034 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255) ("As the Supreme Court has said: 'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict").

In short, Darryl Murray had high level manager conversations that led him to believe that he would be able to work at HOST until retirement (notwithstanding termination for good cause). Exhibit 2 (Pltf's Dep., 39:9-10). Just like in *Foley*, the instant case is one where the Court should approve Plaintiffs' claim for breach of contract based on a course of conduct, *including oral representations. Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 675-682. The key is that Defendants failed to mention evidence of their oral representations to Mr. Murray in the defense argument.

## VI.

## DEFENDANTS DID VIOLATE THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING WHEN THEY TERMINATED DARRYL MURRAY

The Defendant argues that the Implied Covenant claim is duplicative of his breach of contract claim. Exhibit 38 (MSJ, 12:14-15). Regardless, it is proper, as a matter of law, to bring an implied covenant claim to enforce the alleged promise of continuous employment. See *Hejmadi v. AMFAC, Inc.*, 202 Cal.App.3d 525, 547, 549 (1988) (case excerpt attached as Exhibit 39). Further, pendant claims are particularly authorized in the age discrimination setting. *Cancellier v. Federated Dept. Stores*, 672 F.2d 1312, 1318, *cert. denied* 459 U.S. 859 (case excerpt attached as Exhibit 40).

In the instant case, an implied contract can be found from the totality of circumstances. (Argued at length in Section VI and incorporated here.) The distinction between contract and fair dealing turns on the *question of how the contract was carried out*. If the employer is fired the employee for pretextual reasons, this is not fair and good dealing within the confines of the agreement. As Plaintiffs explained at length already, they intend to prove that the alleged reason for termination (sexual harassment investigation) was pretext for age discrimination. (Argued at length in Section III, Parts A and C and incorporated here.)

Lastly, Plaintiffs emphasize again that the employment relationship was not a purely at-will agreement. Plaintiffs object to and oppose Defendants Facts 22 to 24 that were attached to their Motion for Summary Judgment. (Statements that improperly allege that Darryl Murray does not contest HOST's at-will characterization of the employment relationship.)

**VII.**

**MS. MURRAY'S LOSS OF CONSORTIUM CLAIM DOES NOT FAIL FOR LACK OF AN ABILITY TO PROVE WRONGFUL TERMINATION**

If any of the other causes of action survives the summary judgment motion, then the loss of consortium claim must survive as well. The legal authority cited by the Defendant is inapplicable if any of Plaintiffs' underlying wrongful termination causes of action survive the Court's summary judgment determination.

In general, loss of consortium claims are permitted pendant claims to wrongful termination actions. See *Anderson v. Northrop Corp.*, 230 Cal. App. 3d 772, 776-780 (1988)

(setting forth standards of loss of consortium claims pendant to underlying wrongful termination).

## VIII.

## CONCLUSION

Plaintiffs ask the Court to be allowed to resolve factual disputes at trial. Plaintiffs ask for an impartial factfinder to determine such critical facts such as whether or not the sexual harassment investigation was a pretext. If the Court is inclined to find that Plaintiffs have not met their burden of proof for any of the causes of action challenged in Defendants' Motion for Summary Judgment, Plaintiffs ask that the Court postpone its decision until all documents are produced according to the Court's own order of September 5, 2008. Plaintiffs do not believe the non-produced documents are required to successfully oppose the motion for summary judgment, but it is unknown at this time whether information contained within those documents will be pertinent to their opposition to this motion.

Plaintiffs ask that Defendants' Motion for Summary Judgment be denied in its entirety.

Dated: September 8, 2008

MILLER, KING & JAMES, LLP

s/ Patricia I. James
Patricia I. James
Attorneys for Plaintiffs