BAILEY LAW GROUP, PC
KATHY DIANE BAILEY (*admitted pro hac vice*)
SERAFINA RASKIN (California Bar No. 244960)
8105 Irvine Center Drive
Suite 900
Irvine, CA 92618
Telephone: (949) 453-1755
Facsimile: (949) 453-1757

Attorney for Defendant
HOST INTERNATIONAL, INC.

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARRYL MURRAY and DEBRA MURRAY,<br><br>Plaintiffs,<br><br>vs.<br><br>HOST INTERNATIONAL, INC.,<br><br>Defendant. | CASE NO.: 3:07-CV-02056-H (BLM)<br><br>**DEFENDANT HOST INTERNATIONAL, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE AMY OPPENHEIMER'S EXPERT REPORT AND TRIAL TESTIMONY** |

## INTRODUCTION

Defendant Host International, Inc. ("HOST") hereby replies to Plaintiffs' Opposition to Defendant's Motion in Limine to Exclude Amy Oppenheimer's Expert Report ("Report") and Trial Testimony. The Court should exclude the Report and any related trial testimony according Fed. R. Civ. P. 37 because the submitted Report does not comply with Rule 26(a)(2)(B) and any supplementation at this point in the proceedings would unfairly prejudice Defendant. In addition, the Report fails to meet the standards of reliability and relevancy required for expert evidence to be admissible. For the reasons set forth below, the Court should grant Defendant's Motion in Limine and exclude the expert report and any trial testimony of Amy Oppenheimer from evidence in this case.

## ARGUMENT

**A. Plaintiffs' Report Is Incomplete Under Rule 26(a)(2)(B) And Plaintiffs Violated Both The Requirements And The Intent Of Rule 26 By Offering A Report Lacking Basis.**

The Report violates the requirements of Rule 26(a)(2)(B) because it is only preliminary and does not provide a complete statement of all opinions to be expressed by Ms. Oppenheimer at trial. The Report continues to be incomplete since the Plaintiffs have yet to supplement it despite the close of discovery more than seven weeks ago. In their opposition, Plaintiffs provide no genuine assurance that the Report will be supplemented by stating, "[p]laintiffs also expect that their expert's supplemental report, *if any*, will be compliant with FRCP 26(a)(2)(B)." (emphasis added) (Pl's Opp. Def's Mot. Limine 3: 8-10.) Even if Plaintiffs do supplement the Report, the initial Report as presented is so lacking in substance that any supplementation would in fact be the majority of the expert's opinion. Plaintiffs should not be permitted to use the initial version of the Report as a stand-in for a completed version of their expert's opinion because discovery has now closed, foreclosing Defendant's opportunity to depose the expert or conduct additional discovery. This result would undermine the intention of Rule 26 and unfairly prejudice Defendant's preparation for trial.

**1. The Report Is Deficient Pursuant To FRCP 26(A)(2)(B) Because It Does Not Include A Complete Statement Of The Expert's Opinions.**

The Report provided by Plaintiffs does not comply with Rule 26(a)(2)(B) because it does not present a complete statement of the expert's opinions and the basis and reasons for those opinions. The expert rendered her entire opinion on Darryl Murray's personnel file and deposition transcript, but the majority of discovery in this case was conducted after the filing of the Report on May 30, 2008. In the Report, the expert recognized that she was relying on the limited amount of information available to her at that point and wrote that she could not provide a complete opinion without reviewing the testimony of the investigators. In Ms. Oppenheimer's own words, the expert report as

it was issued was incomplete. (Expert Report of Amy Oppenheimer at 2.) Therefore, it clearly did not comply with the requirements of Rule 26(a)(2)(b).

Plaintiffs argue that Ms. Oppenheimer's report did satisfy the Rule 26 requirements of completeness because it was based on sufficient evidence, namely Mr. Murray's personnel file and his deposition. Plaintiffs appear to be of two minds when it comes to the sufficiency of Mr. Murray's personnel file as a source of reliable information, however. In their recent Motion to Compel, Plaintiffs argued that they were disadvantaged when taking additional depositions in this case because Mr. Murray's personnel file was incomplete. (Pl's Mem. Supp. Mot. Compel 6:15-17.) However, in their Opposition to Defendant's Motion in Limine, the Plaintiffs now argue that the expert's reliance on the same personnel file provided a "stable foundation for the expert opinions rendered." (Pl's Opp. to Def's Mot. Limine 5:17-18.)

According to the Court's scheduling order, Plaintiffs are entitled to supplement the Report up to the date of pretrial conference, which in this case is September 29, 2008. (Case Management Conference Order 7:24-27, Jan. 11, 2008.) However, this Court's deadline presumes that the Report will have already met the criteria of Rule 26(a)(2)(B) and will have adhered to those requirements. Fed. R. Civ. P. 26(a)(2)(B). In this case, the Report offered by the Plaintiffs does not adhere to the requirements of Rule 26(a)(2)(B) and is not complete.

Plaintiffs argue that Defendant should have taken the deposition of the expert prior to the close of discovery to attempt to gain additional information that was not in the Report. Defendant has no obligation to depose anyone in this case. Moreover, the Report offered by Plaintiffs contained so few facts and opinions that an effective deposition of Ms. Oppenheimer would not have been possible if Defendant had chosen to depose her. Part of the intent of the Rule 26(a)(2)(B) reporting requirement was to reduce the need to depose expert witnesses and to cut the time and costs of the discovery process. Fed. R. Civ. P. 26 advisory committee's notes (1993). Under the current

circumstances, Defendant could not have taken an effective deposition of Ms. Oppenheimer. The failure of Defendant to take a deposition of Ms. Oppenheimer based on her deficient and preliminary Report does not justify allowing the Plaintiffs to supplement and present Ms. Oppenheimer's Report and testimony into evidence.

Finally, Plaintiffs argue that the expert report was generally compliant with Rule 26(a)(2)(B), but admit that it did not provide any of the exhibits used to summarize or support the expert's opinion, as required by Rule 26(a)(2)(B)(iii). Plaintiffs attempt to justify the deficiencies in the Report by stating that exhibit-sharing is not due at the initial disclosure stage. (Pl's Opp. to Def's Mot. Limine 5:6-8.) Plaintiffs are patently incorrect, however, when they suggest that this deficiency is permissible and the rules do not mean what they say. It is not for the Plaintiffs to pick and choose which sections of Rule 26(a)(2)(B) or any of the other federal rules they will follow and when they will comply. Plaintiffs further reveal their misunderstanding of Rule 26 and its raison d'être by stating at the commencement of their argument that if the Court finds that the preliminary report fails to meet any of the Rule 26(a)(2)(B) criteria, Plaintiffs expect that any shortfalls will be corrected with supplemental reporting. (Pl's Opp. Def's Mot. Limine 3:8-10.) The failure to comply with the criteria in 26(a)(2)(B) cannot be corrected with mere supplementation. *Elgas v. Colorado Belle Corp.*, 179 FRD 296, 300 (D. Nev. 1998)("To allow the Plaintiff to violate the requirements of Rule 26(a)(2)(B) and then to provide supplemental disclosure after the close of discovery is prejudicial to the Defendant."). Because Plaintiffs have failed to comply with the requirements of Rule 26(a)(2)(B), the Report and any related trial testimony offered by Ms. Oppenheimer should be excluded.

**2. The Deficient Nature Of The Report Violates The Goal Of Rule 26(a)(2)(B) By Obstructing The Parties From Efficiently Preparing For Trial.**

Plaintiffs' Report should be excluded according to Rule 37(c) because it fails to meet the requirements of Rule 26(a)(2)(B) and this failure undermines the underlying principle for the rule. The goal of Rule 26 is to promote efficient preparation for trial and settlement by curtailing unfair surprise and delay and by streamlining the discovery process to conserve resources. *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995). In 1993, Rule 26 was amended to impose more stringent requirements to accomplish these goals and the notes of the 1993 Advisory Committee provide guidance on how Rule 26 was intended to operate in practice. Fed. R. Civ. P. 26 advisory committee's notes (1993). In describing its rationale for changing the rule, the Committee stated that "[T]he information disclosed under the former rule in answering interrogatories about the 'substance' of expert testimony was frequently so sketchy and vague that it rarely dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness." *Id.* According to the Committee, the expert report is meant to set forth the substance of the expert's direct examination at trial, it should be written in a manner that reflects the testimony to be given by the witness and it must be signed by the witness. *Id.* Generally, the purpose of amending Rule 26(a)(2) was to limit the amount of time and money spent preparing a case for trial, and to provide an opposing party enough detail about an expert's opinion so as to substitute for a costly deposition of the expert witness prior to trial. *Id.*

In this instance, Plaintiffs have not provided a report with adequate detail that would limit preparation time or substitute for a deposition of the expert. Plaintiffs argue that Defendant should have taken the deposition of the expert to attempt to gain additional information that was not in the Report, but the Report offered by Plaintiffs contained so few opinions that an effective deposition would not have been possible.

**3. Defendant Is Not Required To Exchange Meet And Confer Letters or File Motion To Compel Before Filing A Motion In Limine.**

Plaintiffs argue that the Defendant should have utilized traditional discovery dispute tools, such as exchanging a meet and confer letter and filing motion to compel before pursuing a motion in limine to exclude the report. However, there is no obligation to use the meet and confer letter or a motion to compel to respond to an expert report that does not meet the parameters of Rule 26(a)(2)(b) because those tools are ineffective at rectifying the automatic obligations of disclosure of the expert reports.

While the Plaintiffs argue that the facts in the *Sierra Club* opinion can be distinguished from this case, the principle that it articulates cannot be as easily dismissed. In *Sierra Club*, the court pointed to the 1993 Amendments Advisory Committee Notes to support its finding that the appropriate remedy to cure Rule 26(a)(2) deficiencies is a motion to exclude, not a motion to compel. *Sierra Club v. Cedar Point Oil Co.*, 73 F.3d 546, 572 (5th Cir. 1996). The 1993 Advisory Committee suggested that a motion to compel might be an appropriate penalty where the information to be disclosed would assist the party receiving the information, but if the disclosing party seeks to use the information it failed to disclose to support its own argument, the more effective enforcement device would be to exclude the undisclosed information from evidence. Fed. R. Civ. P. 26 advisory committee's notes (1993). As the *Sierra Club* court stated, a motion to compel is not the most efficient way to enforce compliance with Rule 26(a)(2) because the obligation to produce such a compliant report already exists. *Sierra Club* at 572. In this case, Plaintiffs were already compelled to produce Ms. Oppenheimer's report in accordance with Fed. R. Civ. P. 26(a)(2)(B). Therefore, filing a motion to compel would have been a redundant and ineffective way to address the deficiencies of the Report.

**B. The Report Offered By The Plaintiffs Must Be Excluded Because It Fails To Meet The Evidentiary Standards Of Reliability And Relevancy Under Federal Rules Of Evidence 401 And 702.**

As Defendant has previously stated, all expert evidence must meet the threshold standards of Federal Rules of Evidence 401 and 702 before it may be admitted as evidence. Rule 401 requires that all evidence presented to the Court be relevant. Rule 702 requires that the expert's opinion help the fact-finder understand the evidence or determine a fact in issue, but also that the opinion is based on sufficient facts and data, is the product of reliable methods, and that the expert must have applied the methods to the facts in a reliable manner. The Report offered by the Plaintiffs fails to meet these standards because the expert's opinion was not based on sufficient facts or data. It is indisputable that Ms. Oppenheimer did not have enough information about the facts of this case at the time she wrote her report to render her opinion reliable and relevant.

**1. Ms. Oppenheimer's Report and Proposed Trial Testimony Continue To Be Unreliable.**

The Report does not meet the three criteria for assessing reliability set forth in Rule 702 and should be excluded on this ground as well. According to the rule, expert testimony must be (1) based on sufficient facts and data; (2) the product of reliable principles and methods; and (3) the witness must have applied the principles and methods to the facts and data in a reliable manner. Fed. R. Evid. 702. In their opposition, Plaintiffs argue that Defendant has offered no reason why reliance on Mr. Murray's deposition and personnel file would not be adequate bases for an expert report. (Pl's Opp.to Def's Mot. Limine 7:13-15.) Plaintiffs then argue that Ms. Oppenheimer's methods have been tested and accepted in numerous prior cases and finally argue that Defendant should have deposed Ms. Oppenheimer in order to understand her methods and principles and go as far as to allege, without any basis, that Defendant has not even read Ms. Oppenheimer's book. (Pl's Opp. To Def's Mot. Limine 8:19-22.)

Plaintiffs have overlooked the first reliability criterion under Rule 702, which requires that the opinion be based on "sufficient facts and data." Defendant does not doubt that Ms. Oppenheimer's methods and principles may have potential to meet the second reliability criterion of Rule 702 and that in many previous instances, she has been allowed to offer her expert opinion. Plaintiffs themselves offered the reasons to distrust the sufficiency of the personnel file evaluated by Ms. Oppenheimer in this case in their recent Motion to Compel. (Pl's Mem. Supp. Mot. Compel 5:11-12.) In this case, half of the reliability equation is missing. The facts and data used to formulate her opinion were limited. The Report fails to meet the three criteria for assessing reliability and is inadmissible under Rule 702.

**2. Ms. Oppenheimer's Report And Proposed Trial Testimony Is Not Relevant Despite Plaintiffs Arguments To The Contrary.**

The Report offered by Plaintiffs in this case would not assist a fact-finder to better understand the evidence or determine a fact in issue because is not based on a full review of the facts in this case. As Ms. Oppenheimer admits in her report, her opinion was based on just two pieces of evidence and neither were the depositions of the investigators whose investigation she was evaluating. She wrote, "[w]ithout reviewing the testimony of the investigator(s) and decision maker(s) I cannot provide a complete opinion." (Expert Report of Amy Oppenheimer at 2.) In support of their argument that the Report is relevant to the issues in this case, Plaintiffs cite to case law that discusses the acceptable methods of proof and permissible inferences a fact-finder may make in evaluating the facts in an age discrimination case. (Pl's Opp. Def's Mot. Limine 5:24–6:5.) Again, Plaintiffs appear to have missed the point. The framework for determining whether age discrimination is the reason for adverse employment action does not affect whether an expert's opinion is or is not based on sufficient facts to make it relevant.

While Ms. Oppenheimer may be qualified to provide an expert opinion on the sufficiency of the human resources practices used in this case, she can do so only if she has sufficient facts and data to which to apply her methods. Without reviewing relevant information gathered from the bulk of discovery, Ms. Oppenheimer cannot come to a conclusion as to the adequacy of the pre-termination investigation conducted by HOST employees that would be helpful to the fact-finder. In fact, Plaintiffs seem to agree that the Report is not based on adequate facts by arguing that "[g]iven the sometimes conflicting human resources testimony provided in seven Defendant depositions, it is reasonable to expect Ms. Oppenheimer to consider and comment on the human resources significance of certain witness testimony discrepancies." (Pl's Opp. Def's Mot. Limine 7:4-6.) But, in this case, Ms. Oppenheimer couldn't consider the testimony of the seven deponents because it did not yet exist when she wrote her report. As of this date, no additional report with Ms. Oppenheimer's consideration of that evidence has been provided to Defendants. The Report remains irrelevant because whether HOST's investigation followed common human resources standards isn't germane to determining whether Mr. Murray was terminated for violating a known company policy.

**CONCLUSION**

The Report offered by the Plaintiffs falls short of the strict requirements of Rule 26(a)(2)(B) and fails to meet the standards of reliability and relevancy for admissibility under Evidence Rule 702. Because of these deficiencies, the Report and any related trial testimony offered by Ms. Oppenheimer must be excluded. If Plaintiffs now attempt to supplement the Report they initially produced on May 30, 2008 so long after the close of discovery on July 18, 2008, Defendant would be deprived of the opportunity to depose the expert or conduct further inquiry. In fact, any supplement to the Report by Plaintiffs would not be an enhancement or clarification of the Report, but would really be the entire report required by Rule 26(a)(2)(B). Defendant would incur substantial costs if required to depose Ms. Oppenheimer this far outside the discovery period in this case on opinions that have yet to be

shared. This Court should sanction the Plaintiffs for their failure to follow the requirements of this Court by excluding their expert's Report and related trial testimony.

Dated: September 15, 2008

Respectfully submitted,

Bailey Law Group, P.C.

By: /s/Kathy Bailey
Kathy Bailey (No. 427407)
1615 L Street, N.W., Suite 1350
Washington, D.C. 20036
kbailey@baileylawgroup.com
(202) 887-8040 (Telephone)
(202) 887-8044 (Facsimile)