BAILEY LAW GROUP, P.C.
KATHY BAILEY (*admitted pro hac vice*)
SERAFINA RASKIN (California Bar No. 244960)
8105 Irvine Center Drive
Suite 900
Irvine, CA 92618
Telephone: (949) 453-1755
Facsimile: (949) 453-1757

Attorneys for Defendant
HOST INTERNATIONAL, INC.

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARRYL MURRAY and DEBRA MURRAY,<br>Plaintiffs,<br>vs.<br>HOST INTERNATIONAL, INC.,<br>Defendant. | CASE NO.: 3:07-CV-02056-H (BLM)<br><br>REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT HOST INTERNATIONAL, INC.<br><br>**Date: September 22, 2008**<br>**Time: 10:30 a.m.**<br>**Place: Room 13**<br>**Pre-Trial Conf: October 20, 2008** |

Defendant HOST INTERNATIONAL, INC. ("HOST"), hereby submits its response to Plaintiffs' Opposition to HOST's Motion for Summary Judgment.

## I. BRIEF SUMMARY OF ISSUES

HOST's Motion for Summary Judgment is straightforward — it asks the Court to confirm that Plaintiff Darryl Murray was not terminated based on his age.

None of Plaintiffs' claims can overcome Plaintiff Darryl Murray's sworn deposition testimony and uncontradicted evidence, which unequivocally establishes that:

- Mr. Murray kissed Sandra Rosales, a subordinate, without her permission. (UF 12).
- Following the kiss, Ms. Rosales filed a sexual harassment complaint. (UF 9.)
- HOST's human resources team, comprised of disinterested individuals, conducted a thorough investigation into Ms. Rosales' allegations. (UF 9-13.)

- The evidence gathered during the investigation, including Mr. Murray's own admission and a corroborating witness statement from Claudia Gallegos, substantiated Ms. Rosales' complaint.
- Based on the outcome of the investigation, HOST, determined that Mr. Murray had indeed violated HOST's Policy Against Sexual Harassment and made the decision to terminate Mr. Murray's employment.
- After Mr. Murray was terminated, Mr. Joe Niknam was offered the position of general manager at the San Diego International Airport. (UF 15.) At the time that Mr. Niknam took over as the general manager, he was 49 years old, only 4 years younger than Mr. Murray, and had over 16 years of service with HOST, including serving as general manager at two other airports. (UF 15-18.)

Plaintiffs cannot point to a single piece of admissible evidence to show that HOST's stated reason for terminating Mr. Murray was a pretext for age discrimination. The facts unequivocally establish that HOST is entitled to summary judgment on every one of the Plaintiffs' claims.

## II. PLAINITFFS CONTINUE TO MAKE BLATANT MISREPRESENTATIONS TO THE COURT

Rather than present specific facts or law to support their case, as they are required to do in opposing HOST's summary judgment motion, Plaintiffs attempt to oppose the motion solely on conclusions set forth by Plaintiffs' counsel that have no support in law or fact and misleading assertions that "HOST improperly withheld human resources documents from Plaintiffs." (Ptf's Opposition, p. 4). In fact, Magistrate Major found that HOST complied in every way with Plaintiffs' sparse and delayed discovery requests and issued sanctions against Plaintiffs.[1]

---

[1] Attached hereto as Exhibit 1, is a portions of the transcript from the September 5, 2008 hearing on Plaintiffs' Motion to Compel, heard before Magistrate Major, in which Magistrate Major expressed disappointment in the way Plaintiffs' conducted discovery: "The Plaintiffs' motion is asking the

[Footnote continued on next page]

## III. HOST MET ITS SUMMARY JUDGMENT BURDEN BY PRESENTING COMPETENT, COMPELLING AND UNREBUTTED EVIDENCE

HOST has met its burden to show that it is entitled to summary judgment because it has presented ample, unrebutted evidence that the basis for Mr. Murray's termination was the violation of company policy, not age discrimination. Plaintiffs have not come forward with any specific facts to support their claims that Mr. Murray suffered any discrimination or that he did not kiss Ms. Rosales. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1103 (9th Cir. 2000) (explaining that once the moving party carries its burden under Rule 56(c), the non-moving party must come forward with specific facts to support its claims:

> [T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Id.* (emphasis in original).) Plaintiffs have not refuted HOST's evidence of a legitimate and objectively supportable reason for its decision to terminate Mr. Murray's employment. Speculation and conjecture are utterly insufficient to defeat HOST's Motion. *Id.* Indeed, the story told by Plaintiffs' in their Opposition could easily be characterized as one that "is blatantly contradicted by the record, so that no reasonable jury could believe it." *Scott v. Harris*, 127 S.Ct. 1769, 1776 (2007). Accordingly, this Court should not adopt Plaintiffs' distorted version of the facts and, thus, the underlying Motion should be granted in its entirety.

---

[Footnote continued from previous page]

Defendant company to produce specific documents, yet they never served a discovery request on the Defendant company for documents. They produced very late requests. … [Defendants] provided additional documents despite the fact that Plaintiffs' requests appear to be untimely. … And once again, I appreciate the accommodation that Defendants are making in this respect." (Hearing Transcript, 38:8-23.)

## IV. MR. MURRAY HAS NO *PRIMA FACIE* EVIDENCE OF AGE DISCRIMINATION

As set forth in HOST's moving papers, Mr. Murray's claim for age discrimination fails because he has no admissible evidence to establish a *prima facie* case of age discrimination and cannot show that HOST's stated reason for his termination — violation of HOST's Policy Against Sexual Harassment.

In the opposition papers, Mr. Murray states that he has asserted a *prima facie* case of age discrimination because he was performing his job satisfactorily. (Pl. Opp., p.6-7). He points to positive performance evaluations, a lack of formal disciplinary records, and the opinions of HOST supervisors, arguing that they create a disputed fact as to his job performance. *Id.* HOST, however, does not dispute that Mr. Murray was performing his job satisfactorily <u>prior to the incident where he decided to inappropriately kiss a subordinate employee</u>. After the undisputed kiss occurred, Mr. Murray was no longer performing his job duties satisfactorily because his behavior violated HOST's Policy Against Sexual Harassment. Poor performance is a legitimate non-discriminatory basis for an employment action. *Evers v. Affiant Tech-systems, Inc.*, 241 F.3d 948, 958 (8th Cir. 2001) (even where the employee's past performance has been satisfactory and the most recent performance is relied on by the employer, no inference of age discrimination is created. "[T]here is nothing inherently discriminatory in an employer choosing to rely on recent performance more heavily than past performance in deciding which employees to terminate . . ."' (citations omitted)). Because Plaintiffs cannot show that Mr. Murray was performing his job duties satisfactorily, Plaintiffs' cannot show a *prima facie* case of age discrimination.

## V. MR. MURRAY STILL HAS NO EVIDENCE OF PRETEXT

Mr. Murray offers no evidence to prove "both that the reason [that he was discharged] was false, and that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993). The only prudent option HOST had, in light of Mr. Murray's conduct and the legal ramifications of tolerating sexual harassment, was to terminate his employment.

### A. HOST Has a Duty to Investigate All Instances of Sexual Harassment—No Matter What Its Source of Knowledge

First, Plaintiffs argue that HOST's reason for Mr. Murray's discharge is pretextual because Ms. Rosales did not file a complaint of sexual harassment against Mr. Murray, and that rather than being a complainant against Mr. Murray, she only acted as a witness. (Pl's Opp., p. 8). This assertion is false — Plaintiffs do not have any evidence to dispute the fact that Ms. Rosales filled out an "incident report" on September 6, 2006, in which she accused Mr. Murray of kissing her at the home of Ms. Gallegos. Notwithstanding the fact that Ms. Rosales did, in fact, make a formal complaint against Mr. Murray, Plaintiffs' argument is irrelevant because it does not create an issue of material fact.

Whether or not Ms. Rosales' complaint of sexual harassment came before or after Mr. Chadwick's complaint, is immaterial. Notwithstanding the source, once HOST learns of an allegation of sexual harassment, it has a duty to investigate the allegation. *See Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001) (an employee's failure to complain about sexual harassment is not a bar to a finding that the employer was negligent in remedying the harassing conduct, where the employer "knew or had reason to know" of the harassment from a third-party)(citations ommitted); *see also Varner v. National Super Mkts., Inc.*, 94 F.3d 1209, 1213 (8th Cir. 1996)(holding that an employer was on notice of harassment where the plaintiff's fiancée, rather than plaintiff, reported the harassment to company); *Hollis v. Fleetguard*, 668 F. Supp. 631, 637 n. 14 (M.D. Tenn. 1987)(finding that an employer "has a duty to investigate reported instances of sexual harassment, with or without an employee's consent"), aff'd 848 F.2d 191 (6th Cir. 1988). In fact, even if Ms. Rosales specifically told Mr. Chadwick that she did not want to file a complaint against Mr. Murray, HOST would have had a duty to investigate if it believed that Mr. Murray's conduct could have been sexually harassing.

**B. Mr. Murray Committed Sexual Harassment When He Kissed A Subordinate Without Her Permission — His Intent In Kissing A Subordinate Associate Is Irrelevant**

Although Mr. Murray admits to kissing Ms. Rosales, he argues that HOST's decision to terminate his employment on this basis was pretextual because the kiss was "not sexual in nature." (Pltf's Opposition, p. 8). Whether or not Mr. Murray was motivated by sexual desire is immaterial as a matter of law.

In *Oncale v. Sundowner Offshore Services, Inc.*, the Supreme Court held that "harassing conduct need not be motivated by sexual desire to support an inference of discrimination on the basis of sex" under Title VII. 523 U.S. 75, 80 (1998). The California Supreme Court has similarly held that a sexual harassment claim under the FEHA focuses on "whether the victim has been the subject of harassment, not what motivated the harasser." *See Mogilefsky v. Superior Court*, 20 Cal.App.4th 1409, 1418 (1993). Similarly, the relevant inquiry here is what information HOST knew and relied upon in making the decision to terminate Mr. Murray's employment — those reasons could not be more straightforward — the most senior manager of the San Diego International Airport kissed a subordinate employee without her permission in violation of company policy. (UF 12).

Even if Mr. Murray's motive in kissing Ms. Rosales is relevant, Plaintiffs' offer no basis for their argument that the kiss was "not sexual in nature." Plaintiffs only evidence is Ms. Rosales' unrelated testimony where Ms. Rosales says that Mr. Murray had never asked her on a date. (*See* Exh. 27 to Pltf's Opp.). Whether or not Mr. Murray had asked Ms. Rosales on a date prior to the kiss does not determine whether or not the kiss was sexual in nature and whether or not HOST's investigation and decision to terminate Mr. Murray were pretextual. Therefore, Mr. Murray's subjective intent when he kissed Ms. Rosales is irrelevant because his conduct was subjectively unreasonable, inappropriate and harassing.

**C. The Expert Report Does Not Create A Disputed Issue of Material Fact-- Plaintiffs' Expert Witness Opinions Second Guessing HOST's Business Decision Do Not Create Pretext**

Plaintiffs seem to argue, to no avail, that Ms. Oppenheimer's report and expected trial testimony somehow will create a triable issue of fact by "explain[ing] to the fact finder why the HOST investigation

and claims constitute pretext." Plaintiffs', however, offer no admissible evidence to refute any of HOST's material facts gathered during the course of the investigation. (Pltf's Opposition, p. 8; UFs 10-13.) Particularly, material fact number 12 which Plaintiffs' admit is undisputed:

> On September 19, 2006, Mr. Stein met with Mr. Murray to discuss Ms. Rosales' allegations. During the meeting, Mr. Murray confirmed that he attended the party and admitted to kissing Ms. Rosales. (Stein Decl. ¶ 3; Ex. A to Stein Decl.; Ex. 10 to Pl 's Dep.)

Mr. Murray's admission, in and of itself, is fatal to his showing of pretext on the part of HOST.[2]

Plaintiffs attempt to distort HOST's obligation under the *McDonnell Douglas* burden shifting paradigm and turn this case into a case about HOST's human resources practices. *See McDonnell Douglas v. Green*, 411 U.S. 792(1973). Under *McDonnell Douglas*, however, Plaintiffs carry the burden to show HOST's stated reason is pretext and that the real reason for his termination is his age. *Id.* at 802. Plaintiffs have not even come close to meeting its burden. Nothing in Ms. Oppenheimer's report creates an issue of material fact to dispute material facts 10-14 relating to HOST's investigation. Based on Mr. Murray's own admission and the statements of Ms. Gallegos and Ms. Rosales, HOST came to an entirely reasonable conclusion that Mr. Murray had indeed violated HOST's Policy Against Sexual Harassment.

Moreover, as fully explained in HOST's moving papers, even if HOST came to the mistaken decision as to Mr. Murray's culpability, as long as its decision was made in good faith and not based on a discriminatory animus, a fact finder is not to second-guess HOST's legitimate business judgment. *See Coltran v. Rolling Hudig Hall Int'l Inc.*, 17 Cal. 4th 93, 107 ("an employer's honest but mistaken belief that misconduct has occurred is sufficient to show just cause for termination"); *see also Pugh v. See's Candies, Inc.*, 116 Cal.App.3d 311, 330 (1981) (" *Pugh I*") (employers entitled to "substantial scope for the exercise of subjective judgment"); *Pugh II*, 203 Cal.App.3d at 769 (fact finder should not second-guess employer's

---

[2] Similarly, Plaintiffs' offer no evidence to show that facts numbers 10 , 11 and 13, which are related to the investigation, are disputed.

business judgment). *Cotran* and *Pugh I* and *II*, thus, *shield employers* from liability if they reach a good faith but ultimately flawed conclusion about whether an employee's alleged misconduct actually occurred.

Finally, Plaintiffs' own subjective beliefs, and the unfounded beliefs of its expert witness, regarding the appropriateness of the investigation and discipline decision are simply irrelevant to the instant motion and must be disregarded. *See Horn v. Cushman & Wakefield Western, Inc.* 72 Cal. App. 4th 798, 807 (1999)(plaintiff cannot avoid summary judgment merely by presenting her own "speculation or conjecture"); *Ostrowski v. Atlantic Mut. Ins. Cos.* 968 F.2d 171, 182 (2nd Cir. 1992)(plaintiff's "feelings" do not constitute evidence sufficient to withstand summary judgment); *Bradley v. Harcourt Brace & Co.* 104 F.3d 267, 270 (9th Cir. 1996) ("[A]n employee's subjective personal judgments," without more, "do not raise a genuine issue of material fact."). In sum, Plaintiffs' expert report does not take issue with any of the uncontroverted facts and can, therefore, be disregarded.

**D. Plaintiffs Cannot Show Pretext Because Mr. Murray's Replacement, Mr. Niknam, is Not "Substantially Younger" As Defined by Relevant Ninth Circuit Case Law**

Plaintiffs attempt to support their case by arguing that Mr. Murray's replacement, Joe Niknam, is "substantially younger" than Mr. Murray. (Pltf's Opposition, p. 7-8). Plaintiffs, however, do not cite any Ninth Circuit case law for the proposition that a 4 year difference in age between employees over 40 constitutes "substantially younger". The Supreme Court case cited by Plaintiffs, *O'Connor v. Consolidated Coin Caterers Corp.,* also confirms that an inference of age discrimination "can not be drawn from the replacement of one worker with another worker insignificantly younger." 517 U.S. 308, 313 (1996). Plaintiffs also cite to inapplicable Eleventh Circuit case law in an effort to show that the person who replaced Mr. Murray was substantially younger, when the California Supreme Court has held otherwise.

California case law, which is controlling, is clear as to the definition of substantially younger: "any gap less than 10 years younger is presumptively insignificant putting the burden on plaintiff to demonstrate that the defendant believed the age gap to be significant." *Guz v. Bechtel International*, 24 Cal.4th 317, 367 (2000). Absent evidence that the employer believed a ten year age difference to be significant, Plaintiffs'

argument fails. *Id.* There are no such facts here showing that HOST believed a less than four year difference in age to be significant.

Moreover, Plaintiffs make a blatant misstatement when they say that Mr. Niknam's replacement at HOST was Carlos Barrantes, a person in his 30's. (Pltf's Opposition, p. 9). Although Carlos Barrantes temporarily acted as an interim manager after Mr. Murray's sudden discharge for sexual harassment, Mr. Murray's replacement as General Manager was Mr. Niknam and, to date, Mr. Niknam holds the position of general manager at San Diego International Airport. Declaration of Joe Niknam, ¶ 1.

**VI. MR. MURRAY'S CLAIM FOR VIOLATION OF PUBLIC POLICY STILL FAILS BECAUSE HOST HAS A LEGITIMATE REASON FOR HIS DISCHARGE AND PLAINTIFFS CANNOT SHOW OTHERWISE**

Mr. Murray's claim for violation of public policy[3] fails because, as described above, Mr. Murray has not established that HOST's decision to terminate his employment violated the FEHA. Plaintiffs have no evidence to present that HOST's reason for Mr. Murray's termination is a pretext for age discrimination, thus summary judgment is wholly appropriate on this cause of action.

**VII. PLAINTIFFS STILL HAVE NO ADMISSIBLE EVIDENCE THAT MR. MURRAY ENTERED INTO AN IMPLIED CONTRACT WITH HOST—THUS, THEIR CLAIMS FOR VIOLATION OF IMPLIED CONTRACT AND VIOLATION OF THE COVENANT OF GOOD FAITH AND FAIR DEALING FAIL**

This Court should summarily dismiss any implied contract claim because HOST has an express agreement with Mr. Murray providing that his employment is at-will and the at-will agreement precludes the existence of an implied contract. *See, e.g., Camp v. Jeffer, Mangels, Butler & Marmaro*, 35 Cal. App. 4th 620, 629-31 (1995) (affirming summary judgment for the employer because the purported implied contract requiring good cause for termination conflicted with an express at-will statement on a handbook acknowledgment form.) In fact, the California Supreme Court has recently observed that most California cases "have held that an at-will provision in *an express-written agreement*, signed by the employee, *cannot*

---

[3] After reviewing the applicable case law and Plaintiffs' Opposition, HOST withdraws its argument that a violation of public policy cannot be predicated on a FEHA violation.

be overcome by proof of an implied contrary understanding." *Guz, supra*, 24 Cal. 4th at 340, fn. 10 (original italics)(citations omitted). The reason for these holdings is well articulated in *Shapiro v. Wells Fargo Realty Advisors.* "There cannot be a valid express contract and an implied contract, each embracing the same subject, but requiring different results. Therefore, [plaintiffs] allegations of an implied-in-fact contract for continuing employment . . . cannot rebut his status as an at-will employee." 152 Cal. App. 3d 467, 481-82 (1984)(affirming dismissal of the plaintiffs contract claim where the express agreement defined the relationship as employment-at-will).

The only evidence that Mr. Murray presents to support his position that an implied contract existed is his self-serving statements in which he was supposedly told that "if [he] went back into operations, that [he] wouldn't have to move around so much" and that he "was [told that he] didn't have to move at all until the last year of [his] employment." (Pl. Dep. 39:9-10; 38:24-25). These statements cannot rebut the valid, express at-will agreement Mr. Murray signed with HOST.

Moreover, even if an implied contract existed, HOST has more than sufficient evidence showing that it had good cause for Mr. Murray's discharge. Under the circumstances, HOST's determination that Mr. Murray committed a dischargeable act, based in part on Mr. Murray's own admission, was certainly within the bounds of HOST's business discretion and therefore reasonable as a matter of law under *Cotran.* For these reasons, summary adjudication as to Mr. Murray's implied contract claim and violation of the covenant of good faith and fair deal is now warranted.

**VIII. CONCLUSION**

HOST respectfully requests that its Motion for Summary Judgment be granted in its entirety.

DATED: September 15, 2008

BAILEY LAW GROUP, PC
SERAFINA RASKIN
BY:
s/Serafina Raskin
SERAFINA RASKIN

Attorney for Defendant

HOST INTERNATIONAL, INC.