David D. Miller (State Bar No. 66863)
Nicholas S. King (State Bar No. 179605)
Patricia I. James (State Bar No. 90633)
MILLER, KING & JAMES, LLP
ATTORNEYS AT LAW
707 Broadway, Suite 1800
San Diego, CA 92101-5314
Telephone: 619.685.0077
Facsimile: 619.685.0011

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DARRYL MURRAY and DEBRA MURRAY,<br><br>Plaintiffs,<br><br>v.<br><br>HOST INTERNATIONAL, INC., and DOES 1-100, Inclusive,<br><br>Defendants. | ) | CASE NO.:07CV2056-H (BLM)<br><br>PLAINTIFFS OPPOSITION TO THE AMOUNT OF SANCTIONS AWARDED REGARDING PLAINTIFFS MOTION TO COMPEL DEPOSITIONS, ANSWERS TO DEPOSITION QUESTIONS AND PRODUCTION OF DOCUMENTS<br><br>Courtroom: 5, Third Floor<br>Magistrate Barbara L. Major |

**I.**

**INTRODUCTION**

On September 5, 2008, this court imposed sanctions against Plaintiffs counsel under Rule 37 based on Plaintiffs DARRYL MURRAY and DEBRA MURRAY s unsuccessful Motion to Compel Deposition, Answers to Deposition Questions and Production of Documents. The court ordered that Plaintiffs counsel file any opposition to the amount of the sanctions by September 19, 2008.

**II.**

**THE AMOUNT OF THE STATEMENT OF COSTS SUBMITTED BY DEFENDANT IS UNREASONABLE**

Rule 37 pertains to the failure to make disclosure or cooperate in discovery and sanctions. Subpart (a)(4)(B) indicates that, if a motion to compel discovery is denied, the court shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the *reasonable* expenses incurred in opposing the motion, including attorney s fees, unless the court find that the making of the motion was substantially justified or that other circumstances make an award of expense unjust. [Emphasis added].

Reasonableness is the benchmark for sanctions based on attorneys' fees. *See Brown v. Baden (In re Yagman)* 796 F.2d 1165, 1184-85 (9th Cir. 1986); 28 U.S.C. §1927 (authorizing fees "reasonably incurred"). Reasonable attorneys' fees are determined by following a two-part "lodestar" approach. *Intel Corp. v. Terabyte Int'l*, 6 F.3d 614, 622 (9th Cir. 1993) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). First, the court calculates the presumptively-reasonable lodestar figure by multiplying the hours reasonably spent on the litigation by a reasonable hourly rate. *Hensley*, 461 U.S. at 433-34; *Jordan v. Multnomah County*, 815 F.2d 1258, 1262-63 (9th Cir. 1987). Second, the court considers whether to adjust the lodestar figure based on factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975); *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1212 (9th Cir. 1986).

The *Kerr* factors are (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

With regard to the present case, Plaintiffs take issue with the time and labor required.

As set forth in the Declaration of Todd Tappe that was filed with Plaintiff s motion to compel, it was that, in preparing the initial motion, Attorney Tappe spent five hours at $150 per hour and Attorney Patricia I. James spent two hours at $250 per hour. (Tappe Decl. at ¶27).

The motion consisted of a notice of motion, a nine-page points and authorities, a two-page declaration of Patricia I. James, a four-page declaration of Todd Tappe and a notice of lodgment with three exhibits consisting of pages from the depositions of Idalia Castro, Joseph Lutz and Elie Maalouf.

It was anticipated that three hours would be spent in preparing a reply brief and that Attorney James would spend one hour on the reply brief.. (Tappe Decl. at ¶28). The reply papers consisted of a six-page points and authorities, a two-page declaration of Todd Tappe, a four-page declaration by Christina M. Ford, and a notice of lodgment with six exhibits.

It was also anticipated that Attorney David D. Miller would spend two hours preparing for and attending the motion to compel at $350 per hour. . (Tappe Decl. at ¶29).

Thus, the total past and anticipated cost of this motion was calculated to be $2,650.00. . (Tappe Decl. at ¶30).

In contrast, HOST INTERNATIONAL, INC. s Statement of Costs indicate that Attorney Serafina Raskin spent 16.4 hours at $220 per hour in preparing HOST s opposition; Attorney Nicole E. Reyes spent 2.0 hours at $325 per hour reviewing and editing the opposition; and Attorney Raskin spent an additional 4.4 hours at $220 per hour preparing for and attending the hearing. Thus, the total fees claimed are $5,226.00.

The opposition consisted of a 10-page points and authorities, a four-page declaration by Attorney Raskin and 20 exhibits.

Plaintiffs contest the fees claimed by HOST s counsel since, in contrast to the time spent by their counsel, the time spent by HOST s counsel was unreasonable. They contend

////

that, based on the documentation, 16.4 hours spent on the opposition was excessive. Plaintiffs submit that 8 hours would be a reasonable amount of time in preparing the opposition.

**III.**

**THE STATEMENT OF COSTS IS NOT VERIFIED**

According to 28 §1924, [b]efore any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

Although a Statement of Costs was filed with the Court by HOST s counsel, no affidavit in support of the costs was filed. Thus, the Statement of Costs is deficient in that it has not been verified.

**IV.**

**CONCLUSION**

Based on the foregoing arguments, it is respectfully requested that (i) costs not be awarded since they have not be properly verified; and (ii) should the Court allow HOST s counsel to verify the costs, that HOST s attorneys fees be reduced to $3,378, i.e., 8 hours opposing the motion and 4.4 hours in preparing for and attending the hearing (12.4 x $220 = $2,728) + 2 hours in reviewing and revising the opposition (2 x $325 = $650) = $3,378 ($2,728 + $650 = $3,378.)

Dated: September 19, 2008 MILLER, KING & JAMES, LLP

s/Patricia I. James
Patricia I. James
Attorneys for Plaintiffs