1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

11

DARRYL MURRAY and DEBRA
MURRAY,

                                    Plaintiffs,

          vs.

HMSHOST CORPORATION,

                                    Defendant.

CASE NO. 07-CV-2056 H (BLM)

**ORDER DENYING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

12
13
14
15
16
17

          On August 29, 2007, Plaintiffs filed a complaint in the Superior Court of the State of
California in the County of San Diego alleging a violation of the Fair Employment and
Housing Act, wrongful discharge in violation of public policy, breach of contract, breach of
the implied covenant of good faith and fair dealing, and loss of consortium.  On October 29,
2007, Defendant HOST International, Inc. removed this case to the District Court for the
Southern District of California pursuant to 28 U.S.C. § 1441.  On August 22, 2008, Defendant
moved for summary judgment.  (Doc. No. 20.)  Plaintiffs filed their opposition to that motion
on September 9, 2008.  (Doc. No. 25.)  Defendant's filed their reply in support of its motion
on September 15, 2008.  (Doc. No. 33.)  On September 22, 2008, the Court held a hearing on
Defendant's motion for summary judgment.  David Miller and Patricia James appeared for the
Plaintiffs.   Kathy Bailey and Serafina Raskin appeared for the Defendant.   After due
consideration, the Court denies Defendant's Motion for Summary Judgment.

**Background**

Plaintiff Darryl Murray began working for Defendant HOST International ("HOST") in December 1988. (Pltf's Opp. to Def's Stmt. of Uncontroverted Material Facts ISO Mot for Summ. Jdgmt. ¶ 1.) ("Pl.'s Facts") Throughout his 18 year employment with HOST, Mr. Murray held a management level position. (Id. ¶ 2.) On September 6, 2006, HOST human resources personnel received an incident report from HOST employee Sandra Rosales claiming that Mr. Murray kissed Ms. Rosales at a party. (Castro Decl. ISO Mot. for Summ. J. ¶ 3; Decl. Ex. A.) Mr. Murray has confirmed that he attended the private party and kissed Ms. Rosales but denies any sexual harassment. (Pl.'s Facts ¶¶ 12, 14.) Mr. Murray's employment with HOST was terminated on September 21, 2006. (Id. ¶ 1.) In October or November 2006, Joe Niknam took over Mr. Murray's previous position as HOST's general manager at the San Diego International Airport. (Id. ¶ 15.) At the time of Mr. Murray's termination, he was 52 years old. (Id. ¶ 17.) Mr. Niknam was 47 years old. (Niknam Decl. ISO Mot. for Summ. Jdgmt. ¶ 2.)

Plaintiff asserts that Mr. Murray never engaged in sexual misconduct, that HOST never informed Mr. Murray of the specifics of the allegations against him, and that HOST never conducted a proper investigation. Plaintiff claims that Ms. Rosales opted not to file a complaint after discussing the incident with HOST human resources personnel and that she admitted in her deposition that the kiss was not sexual in nature. (Opp. to Mot. for Summ. J. Ex. 26, 27.) Plaintiff contends that HOST used this incident as a pretext for termination. Plaintiff further asserts that Mr. Murray was told that he could stay at San Diego until a year before his retirement. (Opp. to Mot. for Summ. J. Ex. 2.)

After discovery, on August 22, 2008, Defendant HOST International, Inc. moved for summary judgment. (Doc. No. 20.)

**Discussion**

**I.     Summary Judgment - Legal Standard**

Federal Rule of Civil Procedure 56 governs summary judgment. Section (b) provides that "a party against whom relief is sought may move at any time, with or without supporting

1   affidavits, for summary judgment on all or part of the claim." Fed. R. Civ. P. 56(b).  A motion

2   for summary judgment should not be granted unless the pleadings, affidavits and evidence on

3   file present "no genuine issue as to any material fact and that the movant is entitled to

4   judgment as a matter of law." Fed. R. Civ. P. 56(c).

5        The Supreme Court interprets Rule 56 as permitting summary judgment against any

6   party who, after sufficient time for discovery, "fails to make a showing sufficient to establish

7   the existence of an element essential to that party's case, and on which that party will bear the

8   burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  In the Ninth

9   Circuit, "[t]he plaintiff in an employment discrimination action need produce very little

10  evidence in order to overcome am employer's motion for summary judgment." Chuang v.

11  Univ. of Cal. Davis, 225 F.3d 1115, 1124 (9th Cir. 2000).  The ultimate question is "one that

12  can only be resolved through a searching inquiry – one that is most appropriately conducted

13  by a factfinder, upon a full record." Schnidrig v. Columbia Mach., Inc., 80 F.3d 1406, 1410

14  (9th Cir. 1996).

15  **II.     Plaintiff's Age Discrimination Claim Under FEHA**

16       The age discrimination section of the California Fair Employment and Housing Act

17  ("FEHA") is closely related to its federal counterpart, the Age Discrimination in Employment

18  Act ("ADEA"). "California courts interpreting FEHA often look to federal cases interpreting

19  [the ADEA]." Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1996).

20  Following Nidds, this Court will similarly rely on such cases when instructive.  Id.

21       FEHA itself provides that it is unlawful employment practice for an employer to dismiss

22  any individual over 40 on the ground of age, except in cases where the law compels or

23  provides for such action. Cal. Gov't Code § 12941.  In the Ninth Circuit, age discrimination

24  cases involve shifting burdens of proof. Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.

25  1994).  As described in Wallis:

26       [A] plaintiff must first establish a prima facie case of discrimination.  If the

27       plaintiff established a prima facie case, the burden then shifts to the defendant

28       to articulate a legitimate nondiscriminatory reason for its employment decision.

1    Then, in order to prevail, the plaintiff must demonstrate that the employer's

2    alleged reason for the adverse employment decision is a pretext for another

3    motive which is discriminatory.

4  Id.  "The burden of persuasion remains at all times with the plaintiff."  Id. at 916-17.

5          **A.      Plaintiff's Prima Facie Case**

6          In order to establish a prima facie case of age discrimination, a plaintiff may rely on

7  direct or circumstantial evidence.  Id. at 917.  Here, Plaintiff may make out a prima facie case

8  through evidence showing: (1) that he was a member of a protected class [age 40-70]; (2) that

9  he was performing his job in a satisfactory manner; (3) that he was discharged; and (4) that he

10 was replaced by a substantially younger employee with equal or inferior qualifications.  Wallis,

11 26 F.3d at 891.

12         In this case, there is no dispute that Mr. Murray was 52 years old at the time of his

13 discharge from HOST.  (Pl.'s Facts ¶ 17.).  However, the parties disagree as to whether Mr.

14 Murray was performing his job in a satisfactory manner.  Plaintiff points to testimony from

15 HOST employees commending his job performance.  (Opp. to Mot. for Summ. J. Ex. 15.)

16 Defendant HOST asserts that Mr. Murray was accused of harassment policy violations twice

17 before the incident in question, but admits in the pleadings that these investigations were

18 inconclusive.  (Mot. for Summ. Jdgmt. 3; Ex. 1 at 73)  Nonetheless, HOST concedes that Mr.

19 Murray's job performance was adequate up until the incident involving Ms. Rosales.  (Def.'s

20 Reply ISO Mot. 4.)  Because the nature of that incident is factually disputed, the Court

21 concludes that Mr. Murray has made out a prima facie case under the FEHA.

22         The parties also dispute whether Joe Niknam, Plaintiff's replacement at HOST, was

23 "substantially younger" under Wallis.  Mr. Niknam is approximately five years younger than

24 Mr. Murray.  Plaintiff cites an Eleventh Circuit case, Carter v. DecisionOne Corp. ex rel. C.T.

25 Corp. Sys., 122 F.3d 997, 1003 (11th Cir. 1997), holding that a mere three year difference may

26 be sufficient.  On the other hand, the Seventh Circuit has held that a gap less than ten years is

27 presumptively insubstantial.  Hartley v. Wisconsin Bell, Inc., 124 F.3d 887, 893 (7th Cir.

28 1997).  In the Ninth Circuit, this element of the prima facie case is "treated with some

1  flexibility." Nidds v. Schindler Elevator Corp., 113 F.3d 912, 917 (9th Cir. 1996).  The Court

2  concludes that, for purposes of establishing a prima facie case, Plaintiff has shown that his

3  replacement was substantially younger and no more qualified.

**B.      Plaintiff's Burden at Summary Judgment**

5  Once a plaintiff makes a prima facie case of discrimination, the employer defendant

6  may rebut a presumption of discrimination.  Nidds, 113 F.3d at 917.  To rebut such a

7  presumption, an employer must "articulate a legitimate, nondiscriminatory reason for the

8  action."  Id.  Here, the Defendant has articulated such a reason – Mr. Murray's alleged

9  violation of HOST's sexual harassment policy.  Therefore, the burden returns to Plaintiff to

10 show that HOST's articulated reason was a pretext for discrimination. Id. In order to survive

11 summary judgment, a plaintiff must "produce enough evidence to allow a reasonable factfinder

12 to conclude either: (a) that the alleged reason for [plaintiff's] discharge was false, or (b) that

13 the true reason for his discharge was a discriminatory one." Id.

14 To meet that burden, Plaintiff raises material issues of fact concerning the

15 circumstances surrounding his termination.  Plaintiff submits evidence that he worked for

16 HOST for 18 years, that his last performance review was satisfactory, and that the alleged

17 incident occurred at a private party.  Plaintiff further argues that he should not have been fired

18 because Ms. Rosales "opted *not* to file a complaint" and admitted "that the kiss was not sexual

19 in nature." (Opp. to Mot. for Summ. Jdgmt. 8.)  Plaintiff also criticizes HOST's investigation

20 as inadequate. (Compl. ¶ 13.)  These allegations present genuine issues of material fact under

21 Rule 56 and involve an evaluation of witness credibility.  If Plaintiff proves these assertions

22 at trial, a reasonable jury could infer that the alleged reason for Plaintiff's termination was

23 pretextual.  The Ninth Circuit recognizes the importance of an employee's right to a full trial,

24 "since discrimination claims are frequently difficult to prove without a full airing of the

25 evidence and an opportunity to evaluate the credibility of the witnesses." McGinest v. GTE

26 Serv. Corp., 360 F.3d 1103, 1112 (9th Cir. 2004).

27 Accordingly, the Court denies Defendant's motion for summary judgment with respect

28 to Mr. Murray's claim under FEHA.

07cv2056

1    **III.    Wrongful Termination in Violation of Public Policy**

2         Plaintiff next asserts a common law tort claim for wrongful discharge in violation of

3    public policy. (Compl. ¶¶ 20,21.) This claim is wholly based on Defendant's alleged violation

4    of FEHA.  Under California state case law, such claims are proper.  <u>See, Stevenson v. Superior</u>

5    <u>Ct.</u>, 16 Cal.4th 880, 897 (Cal. 1997) ("FEHA's policy against age discrimination in

6    employment is sufficiently substantial and fundamental to support a tort claim for wrongful

7    discharge.") The Court has determined that Plaintiff's FEHA claim presents genuine issues of

8    material fact for trial.   Accordingly, the Court denies Defendant's motion for summary

9    judgment with respect to the wrongful termination claim.

10   **IV.    Breach of Implied Contract and Implied Covenant of Good Faith and Fair Dealing**

11        Plaintiff further asserts that there were "policies, guidelines and practices and individual

12   performance warnings, evaluations and instruction giving rise to an implied-in-fact contract

13   that Mr. Murray would not be discharged unless there was good cause to do so." (Compl. ¶

14   23.) In determining whether an implied employment contract exists, California courts examine

15   "the totality of the circumstances" considering several factors. <u>Foley v. Interactive Data Corp.</u>,

16   47 Cal.3d 654, 675 (1988).  These factors include: (1) the personnel policies or practices of the

17   employer; (2) the employee's longevity of service; (3) actions or communications by the

18   employer reflecting assurances of continued employment; and (4) the practices of the industry

19   in which the employee is engaged.  <u>Id.</u> at 680.

20        HOST employed Mr. Murray for nearly eighteen years.  (Pl.'s Facts ¶ 1.)  This

21   longevity of service is a favorable fact for Mr. Murray and is directly relevant to the second

22   factor in <u>Foley</u>.  Plaintiff states that he consistently received favorable performance reviews

23   and commendations. (Opp. to Mot. for Summ. Jdgmt. 11.)  Plaintiff further asserts that he was

24   told "that he could stay at San Diego until a year before his retirement." (Opp. to Mot. for

25   Summ. Jdgmt. 11.)  If true, these facts might suggest the existence of an implied contract.

26   However, their veracity and significance are questions of fact appropriate for consideration by

27   a jury.

28        If an implied employment contract existed between Mr. Murray and HOST, the question

1  of breach turns on the reason for Mr. Murray's termination.  As discussed, this issue is best left

2  for trial.

3       As a result, the Court denies without prejudice Defendant's motion for summary

4  judgment as to Plaintiff's implied contract claim.  Because Plaintiff's claim for breach of the

5  implied covenant of good faith and fair dealing is duplicative of the implied contract claim, it

6  must survive summary judgment as well.

7  **V.**    **Loss of Consortium**

8       Plaintiff Debra Murray asserts a claim against HOST for loss of consortium.  (Compl.

9  ¶¶ 33-35.)  In requesting summary judgment on this claim, Defendant HOST argues that the

10  success of the claim depends on the existence of a tortious injury to the spouse.  (Mot. for

11  Summ. J. 14.) The Court agrees.  However, because the existence of that tortious injury is still

12  an open question, the loss of consortium claim cannot be dismissed.

13  **Conclusion**

14       To survive summary judgment, Plaintiff had to produce evidence sufficient to create a

15  genuine issue of material fact for trial.  Fed. R. Civ. P. 56(e).  The material facts in this case

16  involve the reason for Mr. Murray's termination and the nature of his relationship with his

17  former employer, HOST.  An issue is "genuine" if the plaintiff has produced enough evidence

18  to allow a reasonable jury to find in his favor.  Nidds v. Schindler Elevator Corp., 113 F.3d

19  912, 916 (9th Cir. 1996).  Mr. Murray has met this standard.  Accordingly, the Court denies

20  Defendant's motion for summary judgment with respect to all claims.

21  IT IS SO ORDERED.

22  DATED: September 30, 2008

23

24                           MARILYN L. HUFF, District Judge
                         UNITED STATES DISTRICT COURT

25

26

27

28