UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL MURRAY and DEBRA MURRAY,<br><br>  Plaintiffs,<br><br>v.<br><br>HOST INTERNATIONAL, INC.,<br><br>  Defendant. | Civil No. 07cv2056-H(BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING DEFENDANT'S RENEWED MOTION IN LIMINE TO EXCLUDE AMY OPPENHEIMER'S EXPERT REPORT AND TRIAL TESTIMONY** |

The instant motion was referred to this Court by United States District Marilyn L. Huff pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1(c). Having considered the briefing submitted and for the reasons set forth below, the Court hereby **RECOMMENDS** that Defendant's renewed Motion in Limine to Exclude Amy Oppenheimer's Expert Report and Trial Testimony ("Mot. to Exclude") [Doc. No. 22] be **GRANTED**.

## BACKGROUND

Plaintiffs served the Preliminary Expert Witness Report of Amy Oppenheimer ("the Report") on Defendant on May 30, 2008. Mot. to Exclude, Ex. 1. In the Report, Ms. Oppenheimer explains that she was retained to "render an opinion of the defendants' investigation

1  and response to a complaint of workplace harassment and retaliation
2  [made against Plaintiff Darryl Murray], and to testify as to what is
3  considered typical and acceptable human resource practice in regard
4  to investigation of complaints of harassment and retaliation in the
5  workplace." Id. at 1.  Ms. Oppenheimer states that she reviewed
6  only Mr. Murray's deposition and personnel file in forming her
7  opinion because, as of the date of the Report, there had not been
8  "significant discovery." Id. at 2.  Plaintiffs had not deposed the
9  investigators or decisionmakers and Ms. Oppenheimer asserted that
10 she could not provide a complete opinion without reviewing testimony
11 from these individuals. Id.  Accordingly, she described her report
12 as "preliminary" and expressed an intention to amend it after
13 discovery was complete. Id.
14    The discovery period closed in this case on July 18, 2008.
15 Doc. No. 11 (hereinafter "Scheduling Order").  On August 22, 2008,
16 Defendant filed the instant motion, arguing that the Report and
17 accompanying testimony should be excluded at trial as incomplete
18 under Federal Rule of Civil Procedure 26(a)(2)(B) and irrelevant and
19 unreliable under Federal Rules of Evidence 401 and 702.  Mot. to
20 Exclude at 2.  Plaintiffs opposed the motion on September 9, 2008
21 [Doc. No. 26], Defendant filed a reply on September 15, 2008 [Doc.
22 No. 32], and the District Judge took the matter under submission
23 [Doc. No. 35].
24    On October 1, 2008, the District Judge denied Defendant's
25 motion without prejudice, finding that the Report did not fail to
26 satisfy Rule 26(a)(2)(B) and was relevant under Federal Rule of
27 Evidence 401. Doc. No. 45 at 3-4.  However, because Ms. Oppenheimer
28 indicated her intent to supplement her report, and because the

District Judge presumed she did so by the September 29, 2008 deadline established by the Scheduling Order, the District Judge declined to evaluate the Report under Federal Rule of Evidence 702. Id.

During a status conference with the District Judge on January 15, 2009, Defendant renewed its objection to the Report and Ms. Oppenheimer's anticipated testimony in light of the fact that Plaintiffs did not serve a supplemental report. See Doc. No. 64 (scheduling order following January 15, 2009 status conference). The District Judge referred the matter to this Court and declined to allow supplemental briefing on the motion. Id.

## DISCUSSION

Because the District Judge already has determined that Ms. Oppenheimer's testimony would be relevant under Federal Rule of Evidence 401 (Doc. No. 45 at 4), this Court will examine only Plaintiffs' compliance with Rule 26(a)(2)(B) and Federal Rule of Evidence 702.

**A.   Exclusion for Failing to Satisfy Federal Rule of Civil Procedure 26(a)(2)(B)**

Defendant seeks exclusion of the Report and Ms. Oppenheimer's testimony under Rule 37(c), arguing that Plaintiffs failed to comply with Rule 26(a)(2)(B). Mot. to Exclude at 2.

**1.   Completeness Under Federal Rule of Civil Procedure 26(a)(2)(B)**

Rule 26(a)(2) requires each party to disclose to the opposing party the identity of any expert witness it may use at trial along with a written report containing, among other things, "a complete statement of all opinions the witness will express and the basis and

reasons for them," "the data or other information considered by the witness in forming them," and "any exhibits that will be used to summarize or support them." Fed. R. Civ. P. 26(a)(2)(A)-(B). The Advisory Committee Notes following the rule indicate that the expert disclosure requirements were intended to facilitate preparation for trial without the need for formal discovery requests and were added to improve upon the existing rules, under which answers to interrogatories about the substance of expert testimony frequently provided such "sketchy and vague" information that they "rarely dispensed with the need to depose the expert and often [were] even of little help in preparing for a deposition of the witness." Fed. R. Civ. P. 26(a) advisory committee notes (1993 Amendments).

Because Plaintiffs never supplemented the Report, the analysis of whether or not the Report satisfies Rule 26 has changed dramatically since the District Judge's October ruling. In their briefing, Plaintiffs repeatedly stated that Ms. Oppenheimer's report was preliminary, that there was substantial relevant evidence she had not yet reviewed and considered, and that she was going to supplement her report after doing so. See, e.g., Pls.' Opp'n. at 2, 3, 5, 7, 9-10 ("Plaintiffs do expect to supplement their expert's report soon. The new report is expected to reflect review of new evidence from discovery produced near the end of the Court's discovery period."). Even Ms. Oppenheimer admitted that her report was "preliminary," that she could not render a "complete opinion" without having reviewed the testimony of the "investigator(s) and decisionmaker(s)," and that she intended to amend her report after the completion of discovery. Mot. to Exclude, Ex. 1 at 2. As such, neither Plaintiffs nor Ms. Oppenheimer considered her report

1  complete and final. Despite this joint opinion and the fact that
2  the Court provided Plaintiffs with an opportunity to amend the
3  expert report, Plaintiffs chose not to do. This Court, therefore,
4  must consider Ms. Oppenheimer's report as if it was a final report.
5       The first required element of an expert report is that it
6  contain "a complete statement of all opinions the witness will
7  express and the basis and reasons for them." Fed. R. Civ. P.
8  26(a)(2). As discussed above, both Plaintiffs and Ms. Oppenheimer
9  concede that this element is not satisfied. Moreover, a review of
10 Ms. Oppenheimer's report reveals its inadequacies. Ms. Oppenheimer
11 explained that she looks at three different components when
12 evaluating an investigation of a complaint of
13 harassment/retaliation. Mot. to Exclude, Ex. 1 at 2. As to the
14 first component, the appropriateness of the investigator, Ms.
15 Oppenheimer stated that she could not render an opinion at all
16 because she had not reviewed the investigator(s)' deposition(s).
17 Id., Ex. 1 at 3. As to the second element, the thoroughness of the
18 investigation, Ms. Oppenheimer states that it "appears" that the
19 "investigator [improperly] spoke to witnesses before interviewing
20 the respondent," that plaintiff was not informed about the
21 investigation and was not given an opportunity to respond, and that
22 the investigator's notes may be deficient. Id. at 4-5. However,
23 Ms. Oppenheimer makes these statements relying on Plaintiff's
24 statements and without considering the testimony of any of the
25 individuals involved in the investigation. Id. at 2, 4-5. As to
26 the third and final element, the consistency of the findings, Ms.
27 Oppenheimer again states that there "appears" to be a problem. Id.
28 at 5-6. However, her conclusion is short and lacks specific facts.

Id.

The second required element of an expert report is that it detail "the data or other information considered by the witness in forming [the opinions.]"  Fed. R. Civ. P. 26(a)(2).  The Report properly states that Ms. Oppenheimer reviewed Plaintiff's deposition and personnel file.  Mot. to Exclude, Ex. 1 at 2.  The Report also discusses additional types of discovery Ms. Oppenheimer wants to review because she believes such information would be critical to her conclusions.  Id. at 2-6.  However, the Report does not identify the additional information, if any, that Ms. Oppenheimer actually reviewed, considered and relied on, nor how the new inforamtion affected her opinions.  Mot. to Exclude, Ex. 1.  Similarly, while she describes deficiencies that "appear" to exist in the investigation, she does not delineate the actual facts establishing or supporting specific deficiencies.  Id.  As such, the Report does not sufficiently provide the factual bases for the resulting opinions.

There is little question that Ms. Oppenheimer's opinions would be expanded, if not altered, by a review of the discovery subsequently obtained from the investigators.  For instance, Ms. Oppenheimer speculated based on the information available to her at the time that the investigation did not follow the "usual practice" because, instead of having one person interview all parties and witnesses, the task seems to have been divided among several people. Id. at 3.  Defendant rebuts this assumption, attaching the deposition transcript of Idalia Castro, which suggests that Ms. Castro conducted the initial investigation before calling upon others to help with a second round of interviews.  Id. at 4 & Ex. 2.

Similarly, Plaintiffs state in their opposition, "[g]iven the sometimes conflicting human resources testimony provided in seven Defendant depositions, it is reasonable to expect Ms. Oppenheimer to consider and comment on the human resources significance of certain witness testimony discrepancies." Pls.' Opp'n at 7.

As such, Plaintiffs and Ms. Oppenheimer tacitly admit, and the evidence clearly shows, that the Report does not include either a complete statement of all of the opinions Plaintiffs intend to solicit from Ms. Oppenheimer and the basis therefor or all of the data considered by Ms. Oppenheimer in reaching those unstated opinions. A report that does not contain details about expected trial testimony is not sufficient to satisfy Rule 26(a)(2)(B)'s report requirement. City of Grass Valley v. Newmont Min. Corp., 2007 WL 210516, *1-*2 (E.D. Cal. Jan. 26, 2007) (striking expert report as incomplete under Rule 26(a)(2)(B) and noting that allowing the party to proceed with this expert would encourage parties to evade the expert disclosure rules).

Finally, the third requirement of an expert report is the inclusion or attachment of "any exhibits that will be used to summarize or support [the opinions.]" Fed. R. Civ. P. 26(a)(2). Defendant is correct that the Report fails to attach any such exhibits. While Plaintiffs may not intent to use any exhibits, they do not so indicate and, in their opposition, argue that they can provide the exhibits at a later date (Pls.' Opp'n at 5). Contrary to Plaintiffs' unsupported supposition, Rule 26(a)(2)(B)(iii) requires the parties to serve such exhibits with their expert reports. Plaintiffs' failure to do so violates Rule 26.

///

For the foregoing reasons, and based upon the fact that the Plaintiffs failed to supplement Ms. Oppenheimer's report, the Court finds that the Report does not satisfy Rule 26(a)(2)(B) because it does not contain (1) a complete statement of all of the opinions Ms. Oppenheimer is expected to express at trial and the bases and reasons for them, (2) a complete statement of all of the data and information she has considered (or will consider) in forming her unstated opinions, or (3) any exhibits (or any statement confirming that no exhibits will be used).  Fed. R. Civ. P. 26(a)(2)(B).

**2.   Exclusion Under Rule 37(c)**

Defendant moves to exclude the Report and Ms. Oppenheimer's testimony pursuant to Rule 37 of the Federal Rules of Civil Procedure.  Rule 37(c) provides:

> (c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.
>
> > (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), ***the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless***. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> >
> > > (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> > >
> > > (B) may inform the jury of the party's failure; and
> > >
> > > (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1) (emphasis added).  The Advisory Committee

Notes describe Rule 37(c) as providing a "self-executing," "automatic" sanction, which "provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." Fed. R. Civ. P. 37 advisory committee note (1993 Amendment). As the District Judge correctly stated, the issue of expert testimony admissibility is left to the trial judge and reversed only for abuse of discretion. See Gen. Elec. Co. v. Joiner, 522 U.S. 136, 141 (1997). In fact, courts have even upheld the use of the exclusion sanction "when a litigant's entire cause of action or defense has been precluded." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).

As an initial matter, Plaintiffs object that Defendant did not meet and confer with Plaintiffs or move to compel a supplemental report before seeking to exclude the Report. Pls.' Opp'n at 2-3, 10. Plaintiffs did not, however, provide law supporting their argument that Defendant was required to move to compel first (and the meet and confer argument, even if it had merit, is a moot point since Plaintiffs had notice of the motion to exclude prior to the deadline for supplementing the Report and still failed to supplement). Moreover, because sanctions under Rule 37(c)(1) are "self-executing" and "automatic," they are appropriate even where the offending party "never violated an explicit court order." Yeti by Molly, 259 F.3d at 1106. Thus, Defendant was not required to file a motion to compel an adequate expert disclosure before seeking to exclude Ms. Oppenheimer's expert testimony.

Defendant argues that Plaintiffs have no substantial justification for failing to supplement the incomplete Report and that allowing Ms. Oppenheimer to testify at trial would be

prejudicial to Defendant. Mot. to Exclude at 5. As to the first prong, Plaintiffs have not offered any justification for their failure to supplement the Report. At the time the parties briefed this motion, Plaintiffs emphasized repeatedly their intent to supplement the Report after completing discovery. Pls.' Opp'n at 2, 3, 5, 9; see also Mot. to Exclude, Ex. 1 at 2. Plaintiffs also admit or imply in their Opposition that the Report needs to be supplemented in order to be comprehensive. Pls.' Opp'n at 5, 7, 9-10. Further, Plaintiffs cannot argue now that they were unaware of the asserted deficiencies nor of the deadline for supplementing because the parties briefed the alleged deficiencies and the District Judge addressed both issues in her October 1, 2008 Order. Doc. No. 45. The Court, therefore, finds no substantial justification for Plaintiffs' failure to supplement the Report.

With regard to the second prong under Rule 37, the burden of proving harmlessness falls on the party facing sanctions - in this case, Plaintiffs. Yeti by Molly, 259 F.3d at 1107. Plaintiffs have not argued that their failure to supplement the Report is harmless and their statements in their briefs and Ms. Oppenheimer's statements in her Report belie any harmlessness argument Plaintiffs could present. For example, Plaintiffs repeatedly stated that they intend(ed) to supplement the Report, Ms. Oppenheimer stated that she needed to review additional discovery, including the depositions of the investigators, before she could opine on various aspects of the investigation, and Plaintiffs stated that while they "expected [Ms. Oppenheimer's opinions] to remain essentially unchanged" by the new discovery, Ms. Oppenheimer would want to consider the "sometimes conflicting human resources testimony provided in seven Defendant

depositions" and the Host Human Resource Manual before "reasonably supplementing her report." Pls.' Opp'n at 2, 5, 7-10. Plaintiffs' statements clearly establish that there is a significant amount of relevant information Ms. Oppenheimer had not reviewed when she issued her Report, that she needed to review the new information and it may change her opinions and definitely would be incorporated into her conclusions, and that Plaintiffs expected her to present all of the new evidence, opinions, and conclusions during her trial testimony. Id. at 2-10. If Defendant is required to learn Ms. Oppenheimer's opinions and conclusions, and the bases for them, for the first time on direct examination and cross-examine her blind, Defendant will be subjected to the very type of ambush that Rule 26(a)(2)(B) is designed to prevent. Defendant should not be subjected to such prejudice, nor should Plaintiffs' counsel be rewarded for failing to comply with the clear requirements of the Federal Rules and the Court's Scheduling Order and for failing to take advantage of the additional opportunity to supplement afforded by the District Judge.

Finally, to the extent Plaintiffs claim that any harm to Defendant was self-imposed because Defendant never attempted to depose Ms. Oppenheimer, Pls.' Opp'n at 7-9, Plaintiffs' argument is unavailing. As an initial matter, the Court agrees with Defendant that the 1993 amendments to Rules 26 and 37 were intended to lessen the need for formal discovery, like depositions, decrease discovery costs, and provide harsher, automatic sanctions for failure to comply. See Fed. R. Civ. P. 26(a) & 37 advisory committee notes (1993 Amendments). Plaintiffs' argument thus runs contrary to the spirit of the rules. Furthermore, Rule 26(b)(4)(A) provides that

while a party may depose any person identified as an expert whose opinions may be presented at trial, "[i]f a report from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is provided." It would be contrary to reason and the Federal Rules' policy of reducing discovery time and expense, see generally Fed. R. Civ. P. 26 advisory committee notes (1993 Amendments), to expect Defendant to depose Ms. Oppenheimer after being served with her initial bare-bones report and then again after a supplemental report. Moreover, as this Court recognized during its September 5, 2008 hearing on Plaintiffs' motion to compel, Plaintiffs waited until just days before the July 18, 2008 discovery cutoff date to conduct any deposition discovery (including the depositions of the investigators and decisionmakers) and, in fact, conducted several depositions after the close of discovery without first obtaining the Court's approval to extend the discovery cutoff. See Doc. Nos. 27 & 52; Doc. No. 70 ("Hearing Transcript") at 12. Under these circumstances, Defendant did not have a reasonable opportunity to depose Ms. Oppenheimer within the discovery period regarding how her opinions may have been altered by this new information and did not contribute to the resulting harm by declining to do so.

In sum, the Court finds that Plaintiffs have not demonstrated any justification for their failure to supplement and further concludes that to require Defendant to explore Ms. Oppenheimer's current views for the first time at trial would be highly prejudicial to Defendant. See Fed. R. Civ. P. 37(c)(1).

The question, then, is the appropriate sanction. Plaintiffs ask that the Court impose a less harsh sanction than exclusion of

the Report and Ms. Oppenheimer's testimony. Pls.' Opp'n at 10. As discussed above, Rule 37 authorizes the Court to exclude the evidence or impose any other appropriate sanction, including payment of Defendant's reasonable expenses, informing the jury of Plaintiffs' failure, or staying further proceedings until the Scheduling Order is obeyed. Fed. R. Civ. P. 37(c)(1).[1] In this case, requiring Plaintiffs to pay Defendant's expenses or informing the jury that Plaintiffs failed to supplement the Report will do little to redress Defendant's inability to anticipate and prepare for Ms. Oppenheimer's trial testimony. Likewise, staying further proceedings until Plaintiffs provide a supplemental report and Defendant has an opportunity to depose Ms. Oppenheimer is not a viable solution. Plaintiffs knowingly delayed conducting any discovery in this case until just before (and shortly after) the deadline. See Hearing Transcript at 1-13, 47-51. Plaintiffs then provided the bare-bones Report, which even Ms. Oppenheimer acknowledged was "preliminary," and repeatedly told the District Judge that they intended to supplement. The District Judge accepted their representations and afforded Plaintiffs yet another opportunity to produce a comprehensive expert report (see Order Denying Without Prejudice Motion to Exclude at 4), but Plaintiffs chose not to utilize that opportunity. Allowing Plaintiffs another delay at this late stage in the case would reward Plaintiffs' continued dilatory behavior while also resulting in undue expense to

---

[1] To the extent Plaintiffs argue that exclusion is only appropriate in extreme circumstances, see Pls.' Opp'n at 3 (citing David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003)), Plaintiffs are incorrect. Nowhere in David does the court establish this holding and this conclusion is contrary to Rule 37 and the Ninth Circuit authority explained above.

Defendant and interference with the District Judge's calendar. Therefore, this Court finds that exclusion of the Report and Ms. Oppenheimer's testimony is the most appropriate sanction under the circumstances.[2]

For these reasons, this Court concludes that Plaintiffs' failure to supplement the Report was not substantially justified, Defendant will suffer harm as a result, and sanctions short of exclusion will not ameliorate the harm. The Court, therefore, **RECOMMENDS** that the Report and Ms. Oppenheimer's testimony be excluded at trial pursuant to Rule 37(c).

B.  **Reliability Under Federal Rule of Evidence 702**

As the District Judge correctly stated, expert testimony also must meet the standards of Federal Rule of Evidence 702. Evidence is admissible under Rule 702 if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. "Rule 702 requires that expert testimony relate to scientific, technical, or other specialized knowledge, which does not include unsupported speculation and subjective beliefs." Guidroz-Brault v. Missouri Pac. R. Co., 254 F.3d 825, 829 (9th Cir.

---

[2] On a final note, based on the current record, this Court does not believe Ms. Oppenheimer's testimony is amenable to a limiting instruction. Even with an appropriate instruction, it would be misleading to the jury and prejudicial to Defendant for Ms. Oppenheimer to testify as to her opinions on "the defendants' investigation and response to a complaint [against Mr. Murray] of workplace harassment and retaliation" (Mot. to Exclude, Ex. 1 at 1) based solely on her review of Plaintiffs' deposition and personnel file. Similarly, permitting Ms. Oppenheimer to testify as "to what is considered typical and acceptable human resource practice in regard to investigation of complaints of harassment and retaliation in the work place" without tying it to the facts of this case provides little, if any, assistance to the trier of fact and Plaintiffs have not presented contrary evidence or argument. See discussion in Section B.

2001).  In applying Rule 702, the trial judge must act as a gatekeeper to ensure that the expert's testimony "rests on a reliable foundation and is relevant to the task at hand." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 597 (1993); Stilwell v. Smith & Nephew, Inc., 482 F.3d 1187, 1192 (9th Cir. 2007) (under Rule 702, a court may exclude testimony if it is not reliable or relevant); see also Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147 (1999) (clarifying that this gatekeeper function applies to all expert testimony, not just testimony based in science).

Defendant argues that the primary shortcoming of the Report is that it is *not* "based upon sufficient facts or data."  Mot. to Exclude at 8.  As discussed in Section A, *supra*, Ms. Oppenheimer herself acknowledges that her opinion is based solely on her review of Mr. Murray's deposition and personnel file.  Id., Ex. 1 at 2. She further explains that she cannot render "a complete opinion" without also reviewing "the testimony of the investigator(s) and decision maker(s)."  Id.  Further, both Plaintiffs' and Defendant's briefs make clear that at least seven other key witnesses have been deposed and other fact discovery has been exchanged (see Mot. to Exclude at 4-5 and Pls.' Opp'n at 7, 9-10), so it is clear that a substantial body of relevant discovery exists, which the Report does not take into account.  Thus, the Court finds that the Report itself fails to satisfy the first prong of Rule 702 because the proffered opinions are not "based upon sufficient facts or data."  Similarly, the third prong requires that principles and methods be applied "reliably" to the facts of the case.  The Report does not satisfy the third prong by reliably applying the principles to the facts because there are not sufficient facts in the Report to do so.

1    While Plaintiffs may have provided the Manual and additional
2 depositions and documents to Ms. Oppenheimer and Ms. Oppenheimer may
3 have reviewed and considered them, no such evidence has been
4 presented to this Court. In fact, as discussed above, Plaintiffs
5 knowingly and voluntarily chose not to supplement Ms. Oppenheimer's
6 Report to provide such information. Plaintiffs' decision leaves
7 this Court with no basis for determining whether Ms. Oppenheimer's
8 new opinions, whatever they may be, are sufficiently grounded in
9 fact. Likewise, even presuming Ms. Oppenheimer employs reliable
10 principles and methods, without knowing what discovery she has
11 reviewed, the Court has no way of discerning whether Ms. Oppenheimer
12 will "appl[y] the principles and methods reliably to the facts of
13 the case." Fed. R. Evid. 702(3). The Report offers no hint on this
14 front as it addressed so few facts and instead provides only Ms.
15 Oppenheimer's anticipated opinions if the facts turned out to be
16 exactly what Mr. Murray said they were. Such unsupported
17 speculation is insufficient to satisfy the rigors of Rule 702,
18 Guidroz-Brault, 254 F.3d at 829, and does not convince this Court
19 that the Report and Ms. Oppenheimer's anticipated testimony rest
20 upon "a reliable foundation," Daubert, 509 U.S. at 597.

21    For these reasons, this Court **RECOMMENDS** that the Report and
22 Ms. Oppenheimer's testimony be excluded as inadmissible under
23 Federal Rule of Evidence 702. See Jackson v. U.S., 2007 WL 4532223,
24 *5 (N.D. Cal. Dec. 19, 2007) (finding it appropriate to exclude
25 expert testimony even though plaintiff was left with no expert
26 witness where, despite being given repeated chances to cure
27 deficiencies, the plaintiff failed to procure "expert whose
28 testimony would be sufficient to satisfy the Daubert standards").

**CONCLUSION AND RECOMMENDATION**

For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order approving and adopting this Report and Recommendation and granting Defendant's renewed motion in limine to exclude Amy Oppenheimer's expert report and trial testimony.

Any objections to the Report and Recommendation shall be filed no later than fourteen days after the date of this Report and Recommendation, per the District Judge's Order dated January 15, 2009 [Doc. No. 64].

DATED: February 13, 2009

BARBARA L. MAJOR
United States Magistrate Judge