1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   DARRYL MURRAY and DEBRA                    CASE NO. 07-CV-2056 H (BLM)
     MURRAY,
12                                              **ORDER**
                                Plaintiffs,
13         vs.                                  **(1) ADOPTING REPORT AND
                                                RECOMMENDATION**
14
15   HMSHOST CORPORATION,                       **(2) GRANTING DEFENDANT'S
                                                MOTION TO EXCLUDE
16                                              EXPERT TESTIMONY AND
                                Defendant.      REPORT OF AMY
                                                OPPENHEIMER**
17

18       On August 22, 2008, Defendant filed a motion to exclude from trial the report and

19   testimony of Plaintiffs' expert Amy Oppenheimer. (Doc. No. 22.)  On August 25, 2008,

20   Plaintiffs filed their response in opposition to the motion to exclude.  (Doc. No. 23.)

21   Defendant filed its reply in support of the motion on August, 29, 2008. (Doc. No. 24.)  The

22   Court subsequently submitted and denied Plaintiff's motion without prejudice. (Doc. Nos. 35,

23   45.) Defendant subsequently renewed its motion to exclude and the Court referred the matter

24   to the Magistrate Judge for Report and Recommendation. (Doc. No. 64.)  The Magistrate

25   Judge issued a Report and Recommendation on February 13, 2009. (Doc. No. 73.) On March

26   16, 2009, this motion came before the Court.  David Miller, Patricia James and Todd Tappe

27   appeared for the Plaintiffs.  Kathy Bailey and Mohammed K. Ghods appeared for the

28   Defendant. For the following reasons, the Court ADOPTS the Report and Recommendation

                                            - 1 -                                    07cv2056

1   and GRANTS Defendant's motion to exclude from trial the expert report and testimony of

2   Amy Oppenheimer.

3                                   **Background and Discussion**

4          On August 29, 2007, Plaintiffs Darryl and Debra Murray filed several claims against

5   Mr. Murray's former employer, HMSHOST Corporation ("HOST"), in connection with the

6   termination of Mr. Murray's employment. (Doc. No. 1.)  On May 30, 2008, Plaintiffs served

7   the Initial Expert Witness Report of Amy Oppenheimer ("the Report") on Defendant HOST.

8   (Mot to Exclude Ex. 1 ["Report"].)  The Report indicates that Ms. Oppenheimer is to "render

9   an opinion of the defendants' investigation and response" to the sexual harassment complaint

10   against Mr. Murray and "testify as to what is considered typical and acceptable human

11   resource practice" in such situations.  (Report at 1.)

12          At the time Ms. Oppenheimer prepared the Report, Plaintiffs had not conducted

13   "significant discovery." (Report at 2.)  The Report states that it is based on only the deposition

14   of Plaintiff Darryl Murray and Plaintiff's personnel file which contains documentation of the

15   investigation at issue.  (Id.)  Ms. Oppenheimer advises that she cannot provide a complete

16   opinion without reviewing the testimony of the investigators and decision makes involved in

17   Mr. Murray's termination.  (Id.)  Ms. Oppenheimer planned to amend the Report after

18   discovery.  (Id.)

19          Absent court order to the contrary, parties are required to supplement expert testimony

20   disclosures, if necessary, at least 30 days before trial. Fed. R. Civ. P. 26(a)(2)(D); 26(e)(2);

21   26(a)(3)(B).  In this case, the Case Management Conference Order allowed the parties until

22   September 29, 2008 to comply with the requirements of Rule 26(a)(3).  (Doc. No. 11 ¶ 7.)

23   Both the Report and Plaintiffs' opposition to Defendant's motion to exclude indicated

24   Plaintiffs' intention to supplement the Report.  (Report at 2; Pl.'s Opp. at 2, 3, 5, 7, 9-10.)

25   When the deadline to supplement passed and Plaintiffs had not submitted an amended expert

26   report of Ms. Oppenheimer, Defendant renewed its motion to exclude her testimony.

27          Defendant argues that the Report and accompanying testimony should be excluded at

28   trial as incomplete under Federal Rule of Civil Procedure 26(a)(2)(B) and as irrelevant and

1  unreliable under Federal Rules of Evidence 401 and 702.  (Mot. to Exclude 2.)

2  **I.      Completeness Under Federal Rule of Civil Procedure 26(a)(2)(B)**

3          Federal Rule of Civil Procedure 26 governs discovery and the duty to disclose.

4  Subsection (a)(2) governs disclosure of expert testimony.  It states that each party must

5  disclose to the opposition the identity of any expert witness.  Fed R. Civ. P. 26(a)(2)(A).  That

6  disclosure must be accompanied by a written report containing, among other things, "a

7  complete statement of all opinions the witness will express and the basis and reasons for them"

8  as well as "the data considered by the witness in forming [those opinions]."  Fed. R. Civ. P.

9  26(a)(2)(B).

10          Here, the Court concludes that Ms. Oppenheimer's Report does not satisfy Rule

11  26(a)(2)(B).  The Report indicates that Ms. Oppenheimer is to "render an opinion of the

12  defendants' investigation and response" to the sexual harassment complaint against Mr.

13  Murray. (Report at 1.)  However, the Report is based only on the deposition of Plaintiff Darryl

14  Murray and Plaintiff's personnel file and  Ms. Oppenheimer advises that she cannot provide

15  a complete opinion without reviewing the testimony of the investigators and decision makes

16  involved in Mr. Murray's termination.  (Report at 2.)

17          Under Federal Rule of Civil Procedure 37(c), a party who fails to provide information

18  required by Rule 26(a) "is not allowed to use that information or witness to supply evidence

19  on a motion, at a hearing, or at a trial, unless the failure was substantially justified."  Fed. R.

20  Civ. P. 37(c).  Plaintiffs have provided no substantial justification for their failure to provide

21  an expert report for Ms. Oppenheimer that complies with Rule 26.  Accordingly, Plaintiffs may

22  not rely on Ms Oppenheimer at trial.

23  **I.      Reliability Under Federal Rule of Evidence 702**

24          Expert testimony must also meet the standards of Federal Rule of Evidence 702, which

25  requires: (1) that the testimony is based on sufficient facts or data; (2) that the testimony is the

26  product of reliable principles and methods; and (3) that the witness applied the principles and

27  methods reliably to the facts of the case.  Fed. R. Evid. 702.

28  / / /

Case 3:07-cv-02056-H-BLM   Document 82   Filed 03/16/09   PageID.1079   Page 4 of 4

1        The issue of expert testimony admissibility is left to the trial judge and reversed only

2    for abuse of discretion.  See Gen. Elec. Co. v. Joiner, 522 U.S. 136, 141 (1997).  Exercising

3    that discretion, the Court concludes that Ms. Oppenheimer's testimony could not satisfy the

4    requirements of Rule 702.  By Ms. Oppenheimer's own estimation, her opinion as expressed

5    in the report is incomplete because it is based on insufficient facts.  (Report at 2.)  The Court

6    agrees.  Additionally, because the Ms. Oppenheimer did not have all the relevant information,

7    she could not have applied appropriate principles and methods reliably to the facts of this case.

8    Accordingly, Ms. Oppenheimer's opinions are inadmissible under Federal Rule of Evidence

9    702.

10                                             **Conclusion**

11       For the foregoing reasons, the Court ADOPTS the Magistrate Judge's Report and

12   Recommendation and GRANTS Defendant's motion in limine to exclude the Report and

13   testimony of Amy Oppenheimer.

14   IT IS SO ORDERED.

15   DATED: March 16, 2009

16

17   MARILYN L. HUFF, District Judge
     UNITED STATES DISTRICT COURT

18

19

20

21

22

23

24

25

26

27

28